1   FINKELSTEIN & KRINSK LLP
2   JEFFREY R. KRINSK (109234)
    jrk@classactionlaw.com
3   MARK L. KNUTSON (131770)
4   mlk@classactionlaw.com
    C. MICHAEL PLAVI II (217153)
5   cmp@classactionlaw.com
    501 West Broadway, Suite 1250
6   San Diego, CA 92101
    Telephone: 619/238-1333
7   Facsimile: 619/238-5425

8
    *Attorneys for Proposed*
9   *Lead Plaintiff Kathryn A. Squires*

10
11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

14

15  HARRY STACKHOUSE, Individually      )   Case No. 10-cv-0922-DSF-AJW
16  and on Behalf of All Others Similarly )
    Situated,                           )   Related Case Nos.: 10-cv-01429, 10-cv-
17                                       )   01452, 10-cv-01911, 10-cv-02253, 10-
                          Plaintiff,     )   cv-02196
18                                       )
              vs.                        )   **MEMORANDUM OF LAW IN**
19                                       )   **SUPPORT OF MOTION OF**
    TOYOTA MOTOR CORPORATION,            )   **KATHRYN A. SQUIRES FOR**
20  et al.,                             )   **APPOINTMENT AS LEAD**
                                         )   **PLAINTIFF; APPROVAL OF LEAD**
21                        Defendants.    )   **COUNSEL AND CONSOLIDATION**
22                                       )   **OF ACTIONS**
                                         )
23                                       )
                                         )   Date:  N/A
24                                       )   Time:  N/A
25                                       )   Place:  Courtroom 840
                                         )   Before: Honorable Dale S. Fischer
26                                       )

27
28

1

# TABLE OF CONTENTS

2

I.      INTRODUCTION..................................................................................1

II.     STATEMENT OF FACTS.....................................................................1

III.    ARGUMENT.......................................................................................4

A.  THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES...4

B.  PSLRA STANDARDS FOR APPOINTING LEAD PLAINTIFF...............5

C.  MOVANT KATHRYN SQUIRES SHOULD BE APPOINTED LEAD
    PLAINTIFF FOR THE CLASS...............................................................6

    1.    Movant Satisfies the PSLRA's Procedural Requirements...............7

    2.    Movant Possesses the Largest Known Financial Interest in the Relief
          Sought by the Class.................................................................8

    3.    Movant Meets Rule 23's Typicality and Adequacy Requirements.......9

D.  THE COURT SHOULD APPROVE SELECTION OF COUNSEL.............11

IV.     CONCLUSION...................................................................................11

1

## TABLE OF AUTHORITIES

2

Cases

3

4
*Constance Sczesny Trust v. KPMG LLP*,
223 F.R.D. 319, 324 (S.D.N.Y. 2004)......................................................................10

5

6
*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184, 187 (S.D.N.Y. 2006)……………………………………….. 6

7

8
*In Re Cavanaugh*,
306 F.3d 726, 730 (9th Cir. 2002)……………………………………………. 5

9

10
*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432, 435 (S.D.N.Y. 2008)……………………………………….. 4

11

12
*In re Initial Pub. Offering Sec. Litig.*,
214 F.R.D. 117, 121 (S.D.N.Y. 2002)………………………………………. 10

13

14
*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998)…………………………………….. 4

15

16
*In Re Ribozyme Pharmaceuticals, Inc. Sec. Litig.*,
192 F.R.D. 656, 659 (D. Colo. 2000)……………………………………….... 6

17

18
*Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*,
__ S.Ct. __, 2010 WL 1222272 (March 31, 2010)………………………………1

19

20
*Strougo v. Brantley Capital Corp.*,
243 F.R.D. 100, 105 (S.D.N.Y. 2007)……………………………………….9

21

22
*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
216, F.R.D. 248, 252 (S.D.N.Y. 2003)……………………………………….9

23

Federal Rules and Statutes

24

25
Fed. R. Civ. P. 42(a)…………………………………………………………..4

26
15 U.S.C. § 77z-1(a)(3)……………………………………………………passim

27
15 U.S.C. §78u-4(a)(3)(B)(i)……………………………………………… 6, 8

28

1

## I. INTRODUCTION

2

3

Toyota Motor Corporation ("Toyota" or the "Company"), shareholder Kathryn

4

A. Squires ("Movant"), on behalf of herself and the class defined herein, hereby

5

respectfully submits this memorandum of law pursuant to Section 27(a)(3)(B) of the

6

7

Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77-

8

1(a)(3)(B), in support of his motion (the "Motion") for the entry of an order: (i)

9

appointing Kathryn A. Squires as lead plaintiff for a class consisting of all purchasers

10

11

of securities of Toyota, including American Depositary Shares ("ADSs") traded on the

12

New York Stock Exchange, during the period December 22, 2006 through February 2,

13

2010, inclusive (the "Class Period"), inclusive, and who were damaged thereby (the

14

15

"Class"); (ii) approval of his selection of Finkelstein & Krinsk LLP as lead counsel

16

for the class; and (iii) consolidation of actions.[1]

17

## II. STATEMENT OF FACTS

18

19

Before the Court are the following six related securities class actions:

20

[1] Given the inability to identify all lead plaintiff movants and the nature of these

21

proceedings, compliance with L.R. 7-3 pre-motion meet and confer requirement is

22

impracticable at the time of filing this motion. Once timely lead plaintiff motions have

been filed pursuant to the PSLRA, the parties will be in a better position to evaluate

23

and meaningfully discuss the substance and potential resolution of lead plaintiff

24

motions. In addition, this motion is brought by Movant Squires in the interim to

comply with PSLRA deadlines and in anticipation of substituting in a significant

25

Toyota shareholder during the lead plaintiff briefing and appointment process

26

pursuant to P.R.C.P. 24(b). cf. *Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, __

S.Ct. __, 2010 WL 1222272 (March 31, 2010).

27

28

- *Stackhouse v. Toyota Motor Corp.,* No. 10-cv-0922 (C.D. Cal. Feb. 8, 2010)
- *Mustric v. Toyota Motor Corp.,* No. 10-cv-1429 (C.D. Cal. Feb. 25, 2010)
- *Squires v. Toyota Motor Corp.,* No. 10-cv-1452 (C.D. Cal. Feb. 26, 2010)
- *Moss v. Toyota Motor Corp., No.* 10-cv-1911 (C.D. Cal. Mar. 16, 2010)
- *Gelenberg v. Toyota Motor Corp., No.* 10-cv-2196 (C.D. Cal. Mar. 25, 2010)
- *Sampoli v. Toyota Motor Corp., No.* 10-cv-2253 (C.D. Cal. Mar. 26, 2010)[2]

The Complaint(s) in each of these actions generally allege, *inter alia*, that defendants made false and/or misleading statements and/or failed to disclose material information concerning Toyota vehicles and business operations to the investing public. Toyota's reputation as a manufacturer that produces automobiles of superior quality and safety has driven Toyota to be the largest automobile manufacturer in the world. However, unbeknownst to investors, Toyota began to have serious safety and quality control problems as early as 2004 while Toyota continued to tout superior quality and safety as integral to its success, causing the prices of its securities to be artificially inflated.

Despite growing pressure from both the media and government regulators during the class period(s), Toyota continued to deny any significant safety or quality issues with its vehicles. In truth, Toyota was experiencing an unusually high volume of consumer complaints and accidents relating to unintended acceleration, *i.e.,* that vehicle continued to accelerate despite the driver's attempts to brake. Toyota

---

[2] Class Periods in the various actions range from August 4 2009 – February 2, 2010, December 22, 2006 – February 2, 2010 and May 10, 2005 – February 2, 2010.

1
2
3

continuously engaged in public relations campaigns to deny that there were any problems with its vehicles.

4
5
6
7
8
9
10
11
12
13
14
15
16

In November of 2009, the NHTSA publicly reprimanded Toyota for inaccurate statements issued to the public in Toyota's aggressive campaign to deny that there were any safety or quality issues with its vehicles. On January 10, 2010, Toyota was forced to announce a massive recall of eight different vehicle models. In a complete reversal of its prior denials, Toyota finally admitted that the problem of unintended acceleration in Toyota car goes beyond driver error and improper floor mat placement, and that the cars affected by the recall had defective accelerator pedals. Significant additional admissions are still coming to light to date. On January 26, 2010, Toyota announced that it was halting the sale of eight Toyota models, representing more than 57% of Toyota's 2009 sales, as a result of the accelerator pedal defect.

17
18
19
20
21
22
23

In addition to the sales halt, the Company also announced that it was shutting down its North American assembly lines for one week beginning February 1, 2010 to fix the problems. Toyota's ADSs plunged $7.01 per share to close at $79.77 per share on January 27, 2010, on high volume. Toyota common stock also fell, dropping ¥165 to close at ¥3705 on January 27, 2010.

24
25
26
27
28

On February 2, 2010, after the market closed, Toyota reported that its U.S. Sales for January 2010 were down 16% compared to a year earlier due to the recall and released sales suspensions. Toyota's ADSs fell$4.69 per share, closing at $73.49

per share on February 3, 2010, on high volume. Toyota's common stock also fell to ¥3280, down ¥120 from the previous day.

## III. ARGUMENT

### A. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

F.R.C.P 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(ii) (the PSLRA recommends courts to make the decision regarding the appointment of lead plaintiffs for the consolidated action "as soon as practicable after [the consolidation] decision is rendered").

The Actions at issue here clearly involve common questions of fact and law. All of the Actions assert claims under the federal securities laws on behalf of investors who allege that they were misled by common misrepresentations and omissions. The Actions allege substantially the same wrongdoing: the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Toyota securities during the Class Period(s) thereby damaging those purchasers when the truth emerged on February 2, 2010 and the price of Toyota securities declined precipitously. Therefore, it is appropriate for the Actions to be consolidated. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998).

4

1

## B. PSLRA STANDARDS FOR APPOINTING LEAD PLAINTIFF

2

3

4

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the federal securities laws. *See* 15

5

6

7

8

U.S.C. § 77z-1(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Within 60

9

10

11

12

days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

13

14

15

16

17

18

19

20

Under 15 U.S.C. § 77z-1(a)(3)(B)(i), the Court is to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "*most capable of adequately representing the interests of class members.*" *See id.* (emphasis added). As part of the Court's adequacy determination, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the one that:

21

22

> (i) has either filed the complaint or made a motion in response to the aforementioned notice;

23

24

> (ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

25

26

> (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

27

28

15 U.S.C. § 77z-1(a)(3)(B)(iii); *In Re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

5

The PSLRA further provides that this Court shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i).

Moreover, the statute requires this Court to adopt a rebuttable presumption that:

[T]he most adequate plaintiff in any private action arising under this title is the person or group of persons that -

\* \* \*

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Once the Court has identified the most adequate plaintiff, the presumption may only be rebutted by proof from a class member that the "most adequate plaintiff" (1) will not fairly and adequately protect the interests of the class or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 77-4(a)(3)(B)(iii); *In Re Ribozyme Pharmaceuticals, Inc. Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. 2000); *Fuwei Films*, 247 F.R.D. at 436; *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

## C.   MOVANT KATHRYN SQUIRES SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

Pursuant to the PSLRA, this Court is required to appoint the "most adequate plaintiff" to serve as lead plaintiff in the action. 15 U.S.C. § 77z-1(a)(3)(B)(i). The

6

most adequate plaintiff is the movant that demonstrates the largest financial interest in the litigation and that also meets the typicality and adequacy prerequisites of Federal Rule of Civil Procedure 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii). Movant Squires purchased 29 Toyota shares during the Class Period, suffering estimated losses of $497.40 and, to the best of her knowledge, has the largest known financial interest of any proposed Lead Plaintiff. *See* Declaration of Jeffrey R. Krinsk filed concurrently herewith ("Krinsk Decl."), Exs. A and B. In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is fully qualified to serve as lead plaintiff in this Action.

## 1.  Movant Satisfies the PSLRA's Procedural Requirements

Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions caused notice regarding the pending nature of this case to be published on a national, business-oriented news service, on February 8, 2010. Krinsk Decl., Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than sixty days from that date, which is April 9, 2010. Movant has filed this motion to serve as lead plaintiff in a timely manner.

In addition, pursuant to Section 27(a)(2)(A) of the Securities Act, movant has signed and submitted a certification identifying movant's transactions in Toyota securities during the Class Period, therein detailing her suitability to serve as class representative. Krinsk Decl., Ex. A.

7

1
2

## 2. Movant Possesses the Largest Known Financial Interest in the Relief Sought by the Class

3

4

5

6

7

8

9

10

11

12

13

14

15

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the entity or entities with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Movant Squires suffered damages of approximately $497.40 on purchases of 29 shares of Toyota common stock during the Class Period all of which were held through the end of the Class Period. Krinsk Decl., Exs. A and B.[3] Movant is presently unaware of any other Lead Plaintiff movant with a larger financial interest in the outcome of this litigation as it is unclear at this time whether any of the named plaintiffs in the presently filed actions (or any other Toyota shareholders) will move for appointment as lead plaintiff.

16

17

18

19

20

21

Here, Movant Squires has suffered damages and has no impediment to serving as lead plaintiff which entitles him to the statutory presumption to be the most adequate Plaintiff under the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Movant also satisfies Rule 23's typicality and adequacy requirements.

22

23

24

25

26

27

[3] These loss calculations reflected in Krinsk Decl., Ex. B, are solely for purposes of this Motion.

28

8

## 3. Movant Meets Rule 23's Typicality and Adequacy Requirements

15 U.S.C. § 77z-1(a)(3)(B) requires that a Lead Plaintiff satisfy Rule 23(a) of the Federal Rules of Civil Procedure. *In Re Cavanaugh*, 306 F.3.d at 730. Rule 23(a) allows members of a class to sue as representative parties on behalf of the class provided that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative parties are typical of the claims of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Only Rule 23's typicality and adequacy requirements are relevant when determining class representatives. *See, e.g.*, *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658; *Fuwei Films*, 247 F.R.D. at 436; *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216, F.R.D. 248, 252 (S.D.N.Y. 2003). In addition, when ruling on a motion to serve as lead plaintiff, the Court need only determine whether the movants have made a preliminary showing that the typicality and adequacy requirements of Rule 23 have been met. *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658; *Fuwei Films*, 247 F.R.D. at 436.

Typicality is demonstrated where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Fuwei Films*, 247 F.R.D. at 436 (citing, *In re Drexel*

9

*Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)); *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658; *See also, In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (the movant's claims must "arise from the same conduct from which the other class members' claims and injuries arise."). The movant's claims do not, however, need to be identical to the other class members' claims. *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658; *Fuwei Films*, 247 F.R.D. at 436.

Movant's claims are typical of the claims of the Class. Movant purchased Toyota securities during the Class Period at prices inflated by Defendants' misrepresentations and omissions and suffered damages as the truth was publicly revealed. Because the factual and legal bases of Movant's claims are substantially the same – if not identical to – those of the Class, the Movant necessarily satisfies the typicality requirement.

Adequacy is demonstrated where the movant (1) selects class counsel that is qualified, experienced, and generally able to conduct the litigation; (2) does not have any interests that are antagonistic to the Class; and (3) possesses sufficient interest to pursue vigorous prosecution of the claims. *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658-659; *Fuwei Films*, 247 F.R.D. at 436; *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (citations omitted).

10

1
2
3
4
5

Movant will adequately represent the Class and has selected and retained highly competent counsel to litigate the claims on behalf of themselves and the Class. Lastly, Movant's interests are directly aligned with – and by no means antagonistic to – the Class and Movant has every incentive to maximize the Class's recovery.

6
7

## D.   THE COURT SHOULD APPROVE SELECTION OF COUNSEL

8
9
10
11
12
13
14
15
16
17

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), a Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. *Ribozyme Pharmaceuticals.,* 192 F.R.D. at 662. Movant has selected Finkelstein & Krinsk LLP to be Lead Counsel for the Class.  Finkelstein & Krinsk LLP possesses extensive experience in litigating securities class actions, having successfully prosecuted numerous securities class actions and other complex litigation matters.  Krinsk Decl., Ex. D (firm resume). Accordingly, the Court should approve the selection of Finkelstein & Krinsk LLP as Lead Counsel for the Class.

18
19

## IV.   CONCLUSION

20
21
22
23
24
25

For the foregoing reasons, the Movant respectfully requests that the Court: (1) appoint Kathryn A. Squires as Lead Plaintiff for the Class, (2) approve its selection of Finkelstein & Krinsk LLP as Lead Counsel for the Class, (3) consolidate related Actions identified herein, and (4) grant such other relief as the Court may deem just and proper.

26
27
28

11

1  Dated: April 9, 2010                        FINKELSTEIN & KRINSK LLP

2                                                    /s/ Jeffrey R. Krinsk

3

4                                              JEFFREY R. KRINSK (109234)
                                               MARK L. KNUTSON (131770)
5                                              C. MICHAEL PLAVI II (217153)
                                               501 West Broadway, Suite 1250
6                                              San Diego, CA 92101
                                               Telephone: 619/238-1333
7                                              619/238-5425 (fax)

8
                                               *Attorneys for Kathryn A. Squires*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          12