DOYLE LOWTHER LLP
William J. Doyle II (188069)
bill@doylelowther.com
John Lowther (207000)
john@doylelowther.com
9466 Black Mountain Rd., Suite 210
San Diego, CA 92126
Tel:  (619) 573-1700
Fax:  (619) 573-1701

KENDALL LAW GROUP, LLP
Joe Kendall
Hamilton P. Lindley
Karl Rupp
3232 McKinney, Suite 700
Dallas, TX 75204
Tel:  (214) 744-3000
Fax:  (214) 744-3015

*Attorneys for movants William P. Condon
and Judith W. Weinstein*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| HARRY STACKHOUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORP., et al.,<br><br>Defendants. | Case No. 10-CV-922 DSF (AJWx)<br><br>CLASS ACTION<br><br>MOVANTS CONDON'S AND WEINSTEIN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF COUNSEL |

Before the Court is a securities class action lawsuit brought on behalf of all purchasers of securities of Toyota Motor Corp. ("Toyota" or the "Company"), including the American Depository Shares ("ADS") of Toyota, between August 4, 2009 and February 2, 2010 (the "Class Period"). The lawsuit alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and Rule 10b-5 promulgated by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5.

William P. Condon and Judith W. Weinstein ("Movants") file this memorandum of law in support of their motion for appointment as lead plaintiffs and approval of their selection of counsel, seeking an order (1) appointing them as Lead Plaintiffs in the action under 15 U.S.C. 78u-4(a)(3)(B) and (2) approving the their selection of the Kendall Law Group to serve as Lead Counsel, and respectfully show the Court as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND[1]

Toyota designs, manufactures, assembles, and sells passenger cars, minivans, and trucks and related parts and accessories worldwide. Toyota's principal executive offices are located in Toyota City, Japan, with branch offices in the United States and around the globe.

The complaint alleges during the Class Period, defendants made materially false and misleading statements regarding Toyota's operations and its business and financial results and outlook. Specifically, the defendants misled investors by failing to disclose there was a major design defect in Toyota's acceleration system, which could cause unintended acceleration. The defects giving rise to the recalls and production stoppages were the result of manufacturing issues in the United States. As a result of the defendants' false statements, Toyota's securities traded at artificially inflated prices during the Class Period, reaching a high of $91.78 on January 19, 2010.

On January 21, 2010, Toyota announced it would be recalling 2.3 million Toyota brand vehicles in North America due to accelerator pedal sticking problems. On February 2, 2010, after the market close, Toyota

---

[1] These facts are drawn from the allegations of the Complaint filed with this Court on February 8, 2010.

2

Movants Condon's and Weinstein's Memorandum of Law in Support of Motion
For Appointment as Lead Plaintiffs and Approval of their Selection of Counsel

reported its U.S. sales for January 2010 had dropped by 16 percent from the prior year due to the recall and subsequent suspension of sales of its most popular models. On February 3, 2010, before the market open, Toyota announced it had received reports of brake problems in its 2010 model year Prius hybrid. On this news Toyota's shares dropped to $73.49 per share at closing on February 3, 2010, on high volume. Toyota's common stock also dropped by approximately 6 percent.

Movants William P. Condon and Judith W. Weinstein seek appointment as Lead Plaintiffs to represent all purchasers of Toyota's publicly traded securities during the Class Period (the "Class"). Movants have a substantial financial interest in the vigorous prosecution of this action, having collectively purchased 10,050 shares of Toyota stock for a collective cost of $798,278.32 during the Class Period. *See* Doyle Decl., Ex. 1.

## II.  LEGAL ARGUMENT

Movants are the most adequate plaintiffs, as defined by the PSLRA, as they timely sought to be appointed as lead plaintiffs through the instant motion, have the largest financial interest of any other proposed lead plaintiff in the case, and otherwise satisfy the requirements of Federal Rule of Civil Procedure 23.

3

**A.   Movants Are the Most Adequate Plaintiffs Under 15 U.S.C. § 78u-4(a)(3)(B) and Should Therefore Be Appointed Lead Plaintiff**

**1.   Procedure for Appointing Lead Plaintiff Under the PSLRA**

The PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a securities fraud case. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the existence of the pending action, including the claims made and alleged Class period, must be publicized. *Id.* Second, the Court considers "the losses allegedly suffered by the various plaintiffs" and selects the plaintiff who has the largest financial interest in the relief sought by the Class and who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 as the "presumptively most adequate plaintiff." *Id.* at 729-30. Third, the other plaintiffs must have an opportunity to rebut the presumptive lead plaintiff's showing of Rule 23's typicality and adequacy requirements. *Id.* at 730.

In selecting a lead plaintiff, the Court must adopt a presumption the most adequate plaintiff in any private action is the person or group of persons who

4

    (aa)  has either filed the complaint or made a motion [for designation as lead plaintiff];

    (bb)  in the determination of the court, has the largest financial interest in the relief sought by the Class; and

    (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 2.    Movants Make this Motion Within 60 Days of Publication of Notice

The plaintiffs must publish, "in a widely circulated national business-oriented publication or wire service," a notice advising (1) pendency of the action, the claims, and the Class period and (2) any Class member may move to become lead plaintiff within 60 days of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On February 8, 2010, Coughlin Stoia published its notice advising (1) pendency of the action, the claims, and the Class period and (2) any Class member can move to become lead plaintiff within 60 days of the notice. *See* Doyle Decl., Ex. 2. Movants bring their motion for appointment as lead plaintiffs and approval of their selection of counsel within 60 days of such publication pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i).

### 3. Movants Have the Requisite Financial Interest

The second PSLRA factor requires the Court to choose the plaintiff "who has the greatest financial stake in the outcome of the case," thus imposing a rebuttable presumption the most capable plaintiff is the Class member with the largest financial interest in the relief sought by the Class. *In re Cavanaugh*, 306 F.3d at 729; *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999). This determination is made by comparing the financial stakes of the various plaintiffs through "accounting methods that are both rationally and consistently applied" to establish which one has the most to gain from the lawsuit. *In re Cavanaugh*, 306 F.3d at 730. Movants William P. Condon and Judith W. Weinstein purchased shares during the Class Period, and, upon information and belief, have the largest financial interest.

### 4. Movants Satisfy the Requirements of Federal Rule of Civil Procedure 23

Section 21(D)(A)(3)(B)(iii)(cc) of the Exchange Act further provides the lead plaintiff or plaintiffs must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides a party may serve as

a Class representative if the following four requirements are satisfied: (1) the Class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the Class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Class, and (4) the representative parties will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a). Movants have met their *prima facie* showing the Rule 23 requirements of numerosity, commonality, typicality, adequacy of representation, and superiority of a Class action are satisfied. *Id.* At the lead plaintiff stage, the inquiry focuses on typicality and adequacy. *In re Cavanaugh*, 306 F.3d 726, 730 n.5 (9th Cir. 2002).

### a.   Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other Class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). Movants satisfy this requirement because, like the other Class members, they purchased Toyota securities during the Class Period; were adversely affected by the

7

defendants' false and misleading statements; and, as a result, suffered damages. Thus, Movants' claims are typical of the other Class members since their claims and the claims of the other Class members arise from the same course of events.

### b. Adequacy of Representation

Under Rule 23(a)(4), the Class representative must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). A Class representative is "adequate" if there are no conflicts between the representative and Class interests; the representative's attorneys are qualified, experienced, and generally able to conduct the litigation; and it is unlikely the action is collusive. *Id. See also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982). Here, Movants are adequate Class representatives. Given the damages suffered by both Movants and the Class, the interests of Movants are aligned with the members of the Class, and there is no evidence of any antagonism between Movants and the other Class members. In addition, Movants have embraced their willingness to advocate on behalf of the Class, having stated in their certifications they are willing to serve as representative parties on behalf of the Class, including

8

providing deposition and trial testimony. Doyle Decl., Ex. 1. Furthermore, and as addressed more fully below, Movants have retained competent and experienced counsel from a firm led by former state and federal judge Joe Kendall to prosecute this lawsuit.

Movants satisfy the commonality, typicality, and adequacy requirements of Rule 23, and thus should be appointed lead plaintiff.

**B.     No Rebuttal of Presumption in Favor of Movants**

The presumption in favor of appointing Movants as lead plaintiffs may be rebutted only upon proof by a "member of the purported plaintiffs' Class" the presumptively most adequate plaintiff:

 (aa)  will not fairly and adequately protect the interests of the Class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the Class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There has been no showing the Movants will not adequately protect the interests of the Class or they are subject to unique defenses rendering them incapable of representing the Class. Thus, Movants should be appointed as Lead Plaintiffs in this lawsuit.

### C. The Court Should Approve Movants' Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and subject to Court approval, the proposed lead plaintiff shall select and retain counsel to represent the Class he seeks to represent. Movants have selected the Kendall Law Group to serve as Lead Counsel. The Kendall Law Group is well-qualified to conduct the litigation on behalf of all plaintiffs and the absent members of the Class, having substantial experience and success in the prosecution of shareholder and securities Class actions. Led by former state and federal judge Joe Kendall, the firm's lawyers include the former U.S. Attorney for the Northern District of Texas, former federal judicial law clerks, and highly skilled securities lawyers. *See* Doyle Decl., Exhibit 3. Courts have recognized, "Judge Kendall has extensive experience managing complex litigation, including securities litigation." *See Schwartz v. TXU Corp.*, Cause No. 3:02-CV-2243-K, in the United State District Court for the Northern District of Texas (Dallas Division) ($149 million recovery for shareholders). Accordingly, the Court should approve the Movants' selection of Lead Counsel.

## III. CONCLUSION

Based on the forgoing, Movants respectfully request the Court appoint Movants as lead plaintiffs in these actions and any subsequently filed related actions; approve their selection of the law firm of Kendall Law Group, L.L.P. as lead counsel for the Class; and grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: April 9, 2010 | DOYLE LOWTHER LLP |
| | **/s/ William J. Doyle II** |
| | William J. Doyle II<br>John Lowther<br>9466 Black Mountain Rd., Suite 210<br>San Diego, CA 92126<br>Tel:  (619) 573-1700<br>Fax: (619) 573-1701 |
| | KENDALL LAW GROUP LLP<br>Joe Kendall<br>Hamilton P. Lindley<br>Karl Rupp<br>3232 McKinney, Suite 700<br>Dallas, TX 75204<br>Tel:  (214) 744-3000<br>Fax: (214) 744-3015 |
| | *Counsel for movants William P. Condon and Judith W. Weinstein* |

11
Movants Condon's and Weinstein's Memorandum of Law in Support of Motion
For Appointment as Lead Plaintiffs and Approval of their Selection of Counsel

## III. CONCLUSION

Based on the forgoing, Movants respectfully request the Court appoint Movants as lead plaintiffs in these actions and any subsequently filed related actions; approve their selection of the law firm of Kendall Law Group, L.L.P. as lead counsel for the Class; and grant such other and further relief as the Court deems just and proper.

DATED: April 9, 2010

DOYLE LOWTHER LLP

**/s/ William J. Doyle II**

William J. Doyle II
John Lowther
9466 Black Mountain Rd., Suite 210
San Diego, CA 92126
Tel:  (619) 573-1700
Fax: (619) 573-1701

KENDALL LAW GROUP LLP
Joe Kendall
Hamilton P. Lindley
Karl Rupp
3232 McKinney, Suite 700
Dallas, TX 75204
Tel:  (214) 744-3000
Fax: (214) 744-3015

*Counsel for movants William P. Condon and Judith W. Weinstein*

11

Movants Condon's and Weinstein's Memorandum of Law in Support of Motion
For Appointment as Lead Plaintiffs and Approval of their Selection of Counsel

## CERTIFICATE OF SERVICE

I hereby certify on April 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached electronic mail notice list, and I certify I have caused the foregoing to be served via mail to the non-CM/ECF participants indicated on the attached manual notice list. I certify under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

DOYLE LOWTHER LLP

**/s/ William J. Doyle II**

William J. Doyle II
John Lowther
9466 Black Mountain Rd., Suite 210
San Diego, CA 92126
Tel: (619) 573-1700
Fax: (619) 573-1701