ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
darrenr@rgrdlaw.com
MICHAEL J. DOWD (135628)
miked@rgrdlaw.com
DAVID C. WALTON (167268)
davew@rgrdlaw.com
BRIAN O. O'MARA (229737)
bomara@rgrdlaw.com
MAUREEN E. MUELLER (253431)
mmueller@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
       – and –
SHAWN A. WILLIAMS (213113)
shawnw@rgrdlaw.com
CHRISTOPHER M. WOOD (254908)
cwood@rgrdlaw.com
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HARRY STACKHOUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>     vs.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>              Defendants. | No. 10-cv-0922-DSF(AJWx)<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF THE PENSION AND RETIREMENT FUNDS' MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE:     May 10, 2010<br>TIME:     1:30 p.m.<br>CTRM:    840<br>JUDGE:   Hon. Dale S. Fischer |

516134_1

**TABLE OF CONTENTS**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................. 3

III. ARGUMENT ....................................................................................................... 5

    A. The Related Actions Should Be Consolidated ........................................ 5

    B. The Pension and Retirement Funds Are the Most Adequate Plaintiff and Should Be Appointed Lead Plaintiff ................................. 6

        1. This Motion Is Timely ................................................................. 6

        2. The Pension and Retirement Funds Have the Largest Financial Interest in the Relief Sought by the Class .................. 7

        3. The Pension and Retirement Funds Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure ......................... 7

    C. The Court Should Approve the Pension and Retirement Funds' Selection of Counsel ................................................................................ 8

IV. CONCLUSION .................................................................................................. 10

Class members Central States, Southeast and Southwest Areas Pension Fund ("Central States") and OMERS Administration Corporation, the administrator of the pension plans of the Ontario Municipal Employees Retirement System ("OMERS") (collectively, "Movant" or the "Pension and Retirement Funds") respectfully submit this memorandum of law in support of their Motion for: (i) consolidation of the related actions; (ii) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); and (iii) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.[1]

## I.  INTRODUCTION

Presently pending in this district are seven related class action lawsuits (the "Related Actions") brought on behalf of persons who purchased or otherwise acquired the securities of Toyota Motor Corporation ("Toyota Motor Corp." or the "Company"), including Toyota Motor Corp. common stock and American Depositary Shares ("ADSs"), between May 10, 2005 and February 9, 2010, inclusive (the "Class Period"). The Related Actions allege violations of §§10(b) and 20(a) of the Exchange Act as amended by the PSLRA, 15 U.S.C. §§78j(b) and 78t, and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, against Toyota Motor North America, Inc. ("Toyota NA"), Toyota Motor Sales, U.S.A., Inc. ("Toyota USA"), Toyota Motor

---

[1]   Local Rule 7-3 requires a conference of counsel previous to filing motions. The Pension and Retirement Funds, however, will not know which other entities or persons, if any, plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. In addition, the Pension and Retirement Funds respectfully submit that Local Rule 7-3 may be inapplicable to motions for selection of lead plaintiff and approval of lead counsel because such motions are mandated by federal statute. Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the PSLRA, sets forth the procedure that must be followed for the selection of lead plaintiff and approval of lead counsel. *See* 15 U.S.C. §§78u-4, *et seq*. Under these circumstances, the Pension and Retirement Funds respectfully request that the conferral requirement of Local Rule 7-3 be waived.

- 1 -

516134_1

1  Corp., and certain other individuals, including senior insiders at Toyota, Toyota NA,
2  and Toyota USA (collectively, "Toyota"), for violations of the federal securities laws.
3       Pursuant to the PSLRA, the Court must decide whether to consolidate the
4  Related Actions prior to selecting a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).
5  Here, the Related Actions should be consolidated because each involves substantially
6  similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).
7       As soon as practicable after the Court's ruling on consolidation, the Court is to
8  appoint as lead plaintiff the movant with the largest financial interest in the relief
9  sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23. *See*
10 *id*. The Pension and Retirement Funds, with losses approaching $50 million, should
11 be appointed as lead plaintiff because they: (1) timely filed their motion for
12 appointment as lead plaintiff; (2) have the largest financial interest in the outcome of
13 this litigation of any plaintiff or lead plaintiff movant of which Movant is aware; and
14 (3) satisfy the requirements of Rule 23 because their claims are typical and they will
15 adequately represent the interests of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii). *See*
16 Declaration of Michael J. Dowd in Support of the Pension and Retirement Funds'
17 Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead
18 Plaintiff's Selection of Counsel ("Dowd Decl."), Exs. A-C.
19      Finally, pursuant to the PSLRA, the Pension and Retirement Funds' selection of
20 Robbins Geller to serve as lead counsel should be approved because Robbins Geller
21 possesses extensive experience in the prosecution of securities class actions and will
22 adequately represent the interests of all class members. 15 U.S.C. §78u-4(a)(3)(B)(v).
23 *See* Dowd Decl., Ex. G.
24
25
26
27
28

516134_1

## II.     STATEMENT OF FACTS[2]

Toyota engages in the design, manufacture, assembly, and sale of passenger cars, minivans, and trucks and related parts and accessories. Its shares trade in an efficient market on the NYSE and its common stock trades in an efficient market on the Tokyo Stock Exchange.[3]

During the Class Period, defendants issued materially false and misleading statements regarding the Company's operations, its business and its financial results and outlook. Defendants misled investors by failing to disclose that there was a major design defect in Toyota's acceleration system, which could cause unintended acceleration. As a result of defendants' false and misleading statements, Toyota's securities traded at artificially inflated prices during the Class Period, reaching a high of $91.78 per ADS on January 19, 2010.

On January 21, 2010, Toyota announced it would be recalling 2.3 million Toyota brand vehicles in North America because of problems with the accelerator pedal sticking. This recall was expanded on January 27, 2010, when Toyota USA announced that it was suspending sales of eight models of vehicles for accelerator pedal issues and Toyota extended the recall to include floor mat interference issues.

On February 1, 2010, defendant James E. Lentz, III, President and COO of Toyota USA, appeared on NBC's Today show and was interviewed by host Matt

---

[2]     The factual allegations are derived from the complaints filed in the Related Actions. While many of these actions allege differing class periods, such differences can be remedied upon the filing of a consolidated complaint.

[3]     Defendant Toyota USA is the U.S. sales, distribution, and marketing unit for Toyota's Toyota, Lexus, and Scion brands. About half of the more than 2 million Toyotas sold in the U.S. are made in North America. Toyota USA is in charge of sales, marketing, and service of its cars, light trucks, hybrids, and SUVs in 49 states. Defendant Toyota NA, is the holding company for all other Toyota companies and operations in North America, covering sales, engineering, and manufacturing subsidiaries from offices in New York, Miami, and Washington, DC. Toyota Motor Corp. is headquartered in Toyota City, Japan with executive offices in Torrance, California and a presence around the globe.

- 3 -

516134_1

Lauer. Contradicting Toyota USA's previous statements that there were "**no defects**" related to unintended acceleration in Toyota vehicles aside from the issues involving the floor mats, Lentz admitted that Toyota USA had known about sticky accelerator pedal problems since at least October 2009.

Then, on February 2, 2010, after the market closed, Toyota reported that its U.S. sales for January 2010 had dropped by 16% from a year ago due to the recall and subsequent sales suspension of its most popular models. And on February 3, 2010, before the market opened, Toyota announced that it had received reports of brake problems in its 2010 model year Prius hybrid. As a result of this news, Toyota's ADSs fell $4.69 per share, closing at $73.49 per share on February 3, 2010, on high volume. Toyota's common stock also dropped approximately 6%.

Confirming defendants' knowledge of Toyota's "sticky pedal" problems as early as September 2009, the United States Department of Transportation issued a press release, on April 5, 2010, announcing that it was seeking the maximum possible civil penalty from Toyota for failing to notify the agency of the dangerous "sticky pedal" defect announced by Toyota in January. Also on Monday, April 5, 2010, Transportation Secretary Ray LaHood said the U.S. plans to seek a $16.4 million fine against Toyota Motor Corp., saying the auto maker "knowingly hid" safety problems from regulators. *See* Dowd Decl., Ex. D.

Compounding these problems, serious allegations have emerged regarding Toyota's widespread and willful destruction of evidence related to hundreds of product liability lawsuits in which Toyota was a party. *See* Dowd Decl., Ex. E. Such allegations have emerged from a former senior Toyota in-house attorney, Dimitrios Biller who directly oversaw Toyota's discovery efforts in product liability cases. *Id.* Similar related allegations have also been made by several members of Congress. For example, after having reviewed thousands of pages of documents provided by Toyota and Biller, Representative Edolphus "Ed" Towns, Chairman of the House of Representatives Committee on Oversight and Government Reform stated that the

- 4 -

1 documents reviewed by the Committee indicate "Toyota deliberately withheld
2 relevant electronic records that it was legally required to produce in response to
3 discovery orders in litigation." *Id.*, Ex. F. Toyota has refused to make public its
4 response to Towns' allegations. In response to these serious allegations, counsel to
5 the Pension and Retirement Funds filed a Motion for Partial Lift of the PSLRA
6 Discovery Stay and Entry of Interim Preservation Order. *See* 10-cv-00922, Docket
7 #20. That motion is currently pending before this Court.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims . . . has been filed," the court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Currently, there are at least seven related securities class actions pending in this District:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Stackhouse v. Toyota Motor Corp., et al.* | 2010-cv-00922 | 2/8/2010 |
| *Mustric v. Toyota Motor Corp., et al.* | 2010-cv-01429 | 2/25/2010 |
| *Squires v. Toyota Motor Corp., et al.* | 2010-cv-01452 | 2/26/2010 |
| *Moss v. Toyota Motor Corp., et al.* | 2010-cv-01911 | 3/16/2010 |
| *Gelenberg v. Toyota Motor Corp., et al.* | 2010-cv-02196 | 3/25/2010 |
| *Sampoli v. Toyota Motor Corp., et al.* | 2010-cv-02253 | 3/26/2010 |
| *Havel Pia Mutual Fund v. Toyota Motor Corp., et al.* | 2010-cv-02578 | 4/8/2010 |

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. Fed. R. Civ. P. 42(a). Here, the Related Actions present virtually identical legal and factual issues arising out of the same common

- 5 -

516134_1

course of alleged misconduct – each action alleges violations of §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, and each names the same or similar defendants. Accordingly, consolidation is proper.

### B. The Pension and Retirement Funds Are the Most Adequate Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA's lead plaintiff appointment procedure provides that the Court "shall adopt a presumption that the most adequate plaintiff is the person or group of persons" that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> 
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Here, the Pension and Retirement Funds meet each of these requirements and should therefore be appointed as lead plaintiff.

#### 1. This Motion Is Timely

The PSLRA permits any member or members of the putative class to move for appointment as lead plaintiff within 60 days of the publication of notice of the first filed action. *See* 15 U.S.C. §78u-4(a)(3)(A). The notice of the first action was published on February 8, 2010 and informed class members that the deadline to move for appointment as lead plaintiff in this action was within 60 days, or by April 9, 2010. *See* Dowd Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). The Pension and Retirement Funds' motion is therefore timely filed.

- 6 -

### 2. The Pension and Retirement Funds Have the Largest Financial Interest in the Relief Sought by the Class

With losses of $47.7 million, the Pension and Retirement Funds possess the largest financial interest in the relief sought by the class.[4] *See* Dowd Decl., Ex. B. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). To the Pension and Retirement Funds' knowledge, there are no other lead plaintiff applicants who are seeking appointment as lead plaintiff that have a larger financial interest.

### 3. The Pension and Retirement Funds Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, the Pension and Retirement Funds satisfy the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

---

[4] There is no prescribed method for determining which movant has the largest financial interest. The Ninth Circuit notes that "the court may select accounting methods that are both rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002).

- 7 -

516134_1

Here, the Pension and Retirement Funds meet the typicality and adequacy requirements because it purchased or acquired Toyota securities at artificial prices and suffered damages thereby. *See* Dowd Decl., Ex. B. The Pension and Retirement Funds are also not subject to unique defenses and there is no evidence of any conflicts between the Pension and Retirement Funds and the other class members.

In addition, by virtue of the Pension and Retirement Funds' certifications and The Pension and Retirement Funds' Joint Declaration in Support of Their Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Their Selection of Lead Counsel ("Joint Declaration"), the Pension and Retirement Funds have demonstrated their ability, commitment and willingness to vigorously prosecute this action. Dowd Decl., Ex. C. Indeed, the Pension and Retirement Funds are sophisticated institutional investors with a significant stake in the outcome of this litigation, are the very sort of lead plaintiff envisioned by Congress in enacting the PSLRA.[5] *See* Dowd Decl., Exs. B, C.

Thus, the Pension and Retirement Funds have made a preliminary showing of typicality and adequacy for purposes of this Motion.

### C. The Court Should Approve the Pension and Retirement Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Unless it is

---

[5] Congress's purpose in enacting the PSLRA was to encourage institutional investors, like OMERS and Central States, to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995) *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors would be beneficial to the class because institutional investors with large financial stakes are better able to effectively manage complex litigation than individuals. *See id.* ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

516134_1

1  necessary to "protect the interests of the class," this Court should not disturb the lead
2  plaintiff's choice of counsel.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also*
3  *Cavanaugh*, 306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).  Here, the
4  Pension and Retirement Funds have selected Robbins Geller to serve as lead counsel.[6]
5  *See* Dowd Decl., Ex. C, ¶8.

6  Robbins Geller is the nation's largest plaintiff's law firm actively engaged in
7  complex litigation, emphasizing securities and shareholder derivative actions.  Dowd
8  Decl., Ex. G.  With two offices in California, Robbins Geller is "comprised of
9  probably the most prominent securities class action attorneys in the country."  *In re*
10 *Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex.
11 2006) (Harmon, J.).  Robbins Geller lawyers possess extensive experience prosecuting
12 complex shareholder actions, having successfully prosecuted numerous actions on
13 behalf of injured shareholders and have been appointed as lead or co-lead counsel in
14 landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D.
15 Tex. 2002) (recovering over $7 billion for a class of injured shareholders), and *In re*
16 *UnitedHealth Group Inc. PSLRA Litig.*, Civ. No. 06-cv-016910-JMR-FLN (D. Minn.)
17 (recovering $925.5 million on behalf of class of investors in backdating action; an
18 amount approximately four times larger than the next largest options backdating
19 recovery, an amount which exceeds all other backdated recoveries combined).

20 Importantly, the attorneys at Robbins Geller Rudman & Dowd LLP have
21 repeatedly demonstrated their willingness to undertake the painstaking process of
22 unraveling corporate fraud, consumer product misconduct, accounting irregularities
23 and improper transactions on behalf of injured shareholders.  *In re Enron Corp. Sec.*,
24 586 F. Supp. 2d 732, 789, 828 (S.D. Tex. 2008) (commenting that the litigation team
25 from Robbins Geller Rudman & Dowd LLP is an "extraordinary group of attorneys

---

[6] Prior to March 31, 2010, Robbins Geller Rudman & Dowd LLP was known as Coughlin Stoia Geller Rudman & Robbins LLP.  *See* 10-cv-00922, Docket #19.

- 9 -

516134_1

1  who achieved the largest settlement fund ever despite the great odds against them" as
2  a result of their "clearly superlative litigating and negotiating skills"); *Schriver v.*
3  *Impac Mortgage Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist.
4  LEXIS 40607, at *36 (C.D. Cal. May 1, 2006) (finding Robbins Geller attorneys
5  possess "extensive experience litigating securities class actions . . . [such that] [t]here
6  is no real dispute among the movants regarding [the firm's] qualifications to prosecute
7  this action").  As such, the Court may be assured that in the event this Motion is
8  granted, the members of the class will receive the highest caliber of legal
9  representation available from Robbins Geller Rudman & Dowd LLP.  Accordingly,
10 the Pension and Retirement Funds' selection of counsel should be approved.

## IV.  CONCLUSION

For all the above reasons, the Pension and Retirement Funds respectfully request that the Court: (1) consolidate the Related Actions, (2) appoint the Pension and Retirement Funds as lead plaintiff; and (3) approve their selection of Robbins Geller as lead counsel.

DATED: April 9, 2010                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MICHAEL J. DOWD
DAVID C. WALTON
BRIAN O. O'MARA
MAUREEN E. MUELLER


               s/ MICHAEL J. DOWD
                  MICHAEL J. DOWD

- 10 -

516134_1

| | |
|---|---|
| 1 | |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA 92101-3301<br>Telephone: 619/231-1058 |
| 3 | 619/231-7423 (fax) |
| 4 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 5 | SHAWN A. WILLIAMS<br>CHRISTOPHER M. WOOD |
| 6 | 100 Pine Street, Suite 2600<br>San Francisco, CA 94111 |
| 7 | Telephone: 415/288-4545<br>415/288-4534 (fax) |
| 8 | |
| 9 | [Proposed] Lead Counsel for Plaintiffs |

- 11 -

516134_1

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 9, 2010.

 s/ MICHAEL J. DOWD
MICHAEL J. DOWD

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  miked@rgrdlaw.com

516134_1

# Mailing Information for a Case 2:10-cv-00922-DSF-AJW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S Facter**
  jfacter@shearman.com,rcheatham@shearman.com

- **Deborah R Gross**
  debbie@bernardmgross.com

- **Catherine J Kowalewski**
  katek@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Sean T Strauss**
  sean.strauss@shearman.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Shawn A Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Patrick D Robbins
Shearman & Sterling
525 Market Street
San Francisco, CA 94104
```

TOYOTA 10

Service List - 4/9/2010    (10-0015)

Page 1 of 2

**Counsel For Defendant(s)**

Sean T. Strauss
Jeffrey S. Facter
Patrick D. Robbins
Shearman & Sterling LLP
525 Market Street, 15th Floor
San Francisco, CA  94105
   415/616-1100
   415/616-1199 (Fax)

**Counsel For Plaintiff(s)**

Peretz Bronstein
Bronstein Gerwitz & Grossman
60 East 42nd Street, Suite 4600
New York, NY  10165-0006
   212/697-6484
   212/661-7296 (Fax)

Vahn Alexander
Faruqi & Faruqi, LLP
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA  90067
   310/461-1426
   310/461-1427 (Fax)

Jeffrey R. Krinsk
Mark L. Knutson
Finkelstein & Krinsk LLP
501 West Broadway, Suite 1250
San Diego, CA  92101
   619/238-1333
   619/238-5425 (Fax)

Mark C. Gardy
Gardy & Notis, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ  07632
   201/567-7377
   201/567-7337 (Fax)

Lionel Z. Glancy
Michael Goldberg
Peter A. Binkow
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
   310/201-9150
   310/201-9160 (Fax)

Deborah R. Gross
Law Offices Bernard M. Gross, P.C.
100 Penn Square East, Suite 450
Wanamaker Bldg.
Philadelphia, PA  19107
   215/561-3600
   215/561-3000 (Fax)

TOYOTA 10

Service List - 4/9/2010     (10-0015)

Page 2 of 2

Mike Harris
Law Offices of Myron Harris
S106 Park Town Place Apts.
22nd & Benjamin Franklin Parkway
Philadelpia, PA  19130
   215/567-5333
   215/567-2499 (Fax)

Marvin L. Frank
Gregory A. Frank
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
   212/682-1818
   212/682-1892 (Fax)

Marc I. Gross
Murielle J. Steven Walsh
Jeremy A. Lieberman
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY  10017-5516
   212/661-1100
   212/661-8665 (Fax)

Michael J. Dowd
David C. Walton
Brian O. O'Mara
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
   619/231-1058
   619/231-7423 (Fax)

Richard A. Lockridge
Karen Hanson Riebel
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
   612/339-6900
   612/339-0981 (Fax)

Patrick V. Dahlstrom
Pomerantz Haudek Block Grossman & Gross LLP
10 South LaSalle Street, Suite 1000
Chicago, IL  60603
   312/377-1181
   312/377-1184 (Fax)

Shawn A. Williams
Christopher M. Wood
Robbins Geller Rudman & Dowd LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
   415/288-4545
   415/288-4534 (Fax)