DOYLE LOWTHER LLP
WILLIAM J. DOYLE II (CA Bar No. 188069)
bill@doylelowther.com
JOHN LOWTHER (CA Bar No. 207000)
john@doylelowther.com
9466 Black Mountain Road, Ste. 210
San Diego, CA 92126
(619) 573-1700 Telephone
(619) 573-1701 Facsimile

KENDALL LAW GROUP, LLP
JOE KENDALL
jkendall@kendalllawgroup.com
KARL RUPP (CA Bar No. 168930)
krupp@kendalllawgroup.com
JAMIE J. MCKEY
jmckey@kendalllawgroup.com
3232 McKinney, Suite. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Facsimile:  (214) 744-3015

Attorneys for Movants, William P. Condon
and Judith W. Weinstein

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| HARRY STACKHOUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>          Defendants. | Case No. CV 10-cv-922 DSF (AJWx)<br><br>CLASS ACTION<br><br>MOVANTS, CONDON AND WEINSTEIN'S, MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF COUNSEL FOLLOWING *MORRISON V. NATIONAL AUSTRALIA BANK LTD, ET AL.* |

Before this Court is a securities class action lawsuit brought on behalf of all purchasers of securities of Toyota Motor Corp. ("Toyota" or the "Company"), including the American Depository Shares ("ADSs") of Toyota, between August 4, 2009 and February 2, 2010 (the "Class Period"). This lawsuit alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act") [15 U.S.C. §§ 78j(b) and 78t(a)], as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") [15 U.S.C. § 78u-4], and Rule 10b-5 promulgated by the Securities and Exchange Commission ("SEC") (17 C.F.R. § 240.10b-5).

William P. Condon and Judith W. Weinstein (the "Movants") previously filed their Memorandum of Law in Support of their Motion for Appointment as Lead Plaintiffs and Approval of Their Selection of Counsel, seeking an order (1) appointing them as Lead Plaintiffs in the Action under 15 U.S.C. 78u-4(a)(3)(B) and (2) approving the their selection of the Kendall Law Group to serve as Lead Counsel. Movants now file this Supplemental Memorandum discussing the recent United States Supreme Court opinion in *Morrison v. National Australian Bank*[1] and its effect on the various Lead Plaintiff Motions.  The Movants respectfully show the Court as follows:

## I.     *Morrison v. National Australian Bank*

On June 24, 2010, the United States Supreme Court delivered its opinion on the ability of "foreign cubed" or "f-cubed" investors to bring lawsuits for violations of § 10(b) of Securities and Exchange Act of 1934 and SEC Rule 10b-5. After a lengthy discussion, the Court held that § 10(b) only applies to "purchases and sales of securities in the United States."     *Id.* at *34.  Further, § 10(b) applies "only in connection with the purchase or sale of a security listed on an American stock

---

[1]     2010 U.S. LEXIS 5257 (U.S. June 24, 2010).

- 1 -
MOVANTS, CONDON AND WEINSTEIN'S, MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF COUNSEL FOLLOWING *MORRISON V. NATIONAL AUSTRALIA BANK LTD, ET AL.*

exchange, and the purchase or sale of any other security in the United States." *Id.* at *45.

The Court has eliminated both the "effects" test and the "conduct" test[2] which the various courts had previously relied upon, and replaced it with a bright-line rule that only Plaintiffs who have purchased or sold a security in the United States, have standing to bring a § 10(b) claim.

Because the Court held that only the purchase and sale of securities in the United States is proper, a Lead Plaintiff must hold ADSs to qualify under *Morrison*. Because the majority of the Movants in this litigation hold foreign Toyota common stock, those Plaintiffs are barred from bringing this lawsuit. Thus, these Plaintiffs are susceptible to significant, unique defenses on standing, and are atypical of the class in violation of Rule 23, and should not be appointed Lead Plaintiff.

## II.  LEGAL ARGUMENT

There are six competing motions for appointment of lead plaintiff before this Court. As addressed below, Condon and Weinstein are the most adequate plaintiffs, as defined by the PSLRA, as they timely sought to be appointed as lead plaintiffs through the instant motion, have the largest financial interest of any other proposed lead plaintiff in the case, and otherwise satisfy the requirements of Federal Rule of Civil Procedure 23.

### 1.  MOVANTS SATISFY THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23

Section 21(D)(A)(3)(B)(iii)(cc) of the Exchange Act further provides that the Lead Plaintiff or Plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc).  Rule

---

[2]   *SEC v. Berger,* 322 F.3d 187, 192-193 (CA2 2003).

23(a) provides that a party may serve as a class representative only if the claims or defenses of the representative parties are typical of the claims or defenses of the class and the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). Only Movants, Condon and Weinstein, have met their typicality requirements and should be appointed Lead Plaintiff.

### a. TYPICALITY

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

As the Supreme Court held in *Morrison*, only Plaintiffs holding ADSs are proper Plaintiffs. Thus, in order to meet the typicality requirements in this case, the Lead Plaintiff must hold ADSs in Toyota. Movants satisfy this requirement because, like the other class members, they purchased Toyota ADSs during the Class Period; which satisfies *Morrison*. The Movants were also adversely affected by the Defendants' false and misleading statements; and, as a result, suffered damages. Thus, Movants' claims are typical of the other class members since their claims and the claims of the other class members arise out of the purchase of securities listed on an American stock exchange.

In the event that this Court determines that a group of Plaintiffs as Lead Plaintiff will best protect the class, the Movants' two-person group is the best suited for appointment as Lead Plaintiff. A two-person Lead Plaintiff group is more reliable than a single Lead Plaintiff because should the Lead Plaintiff decides not to continue acting in the capacity of Lead Plaintiff, a back-up Plaintiff that meets all qualifications will continue as Lead Plaintiff. For example, on Friday, July 2, 2010, the Global Institutional Investor Group made the decision to withdraw their Motion for Lead

Plaintiff presumably because their grouping was atypical of the putative class. Had this happened after their appointment as Lead Plaintiff, the class would be severely prejudiced. However, Movants, Condon and Weinstein, are both proper Lead Plaintiffs individually. Further, because this putative class is that of individual, American investors with ADSs, Movants, Condon and Weinstein, are the most typical Plaintiffs, and thus, should be appointed Lead Plaintiff.

### 2. OTHER MOVANTS FAIL TO FAIRLY AND ADEQUATELY REPRESENT THE CLASS

No other Movant will fairly and adequately represent the class because the other groupings contain Plaintiffs who hold common stock. The Lead Plaintiff Motions remaining are:

(1) The Institutional Investors Group (IIG); (2) Harel Pia; (3) PRIM; (4) Pension and Retirement funds; (5) Condon and Weinstein; and (6) Squires. However, only (1) Condon and Weinstein and (2) Squires meets the typicality requirements by holding ADSs. While other Movants may argue that American investors holding Toyota common stock meet the typicality requirements of Rule 23, *Morrison* is clear in requiring the Plaintiff to hold Toyota ADSs traded on an American stock exchange. Had the Court intended for American investors holding common stock to qualify under §10(b), the Court would have clearly articulated this. Instead, the Court intended only ADS shareholders to be proper Plaintiffs.

### IIG

While it is true that the IIG group holds ADSs, IIG does not meet the typicality requirements because it is susceptible to unique defenses, namely that the remainder of the group consists of foreign investors holding common Toyota stock. *Morrison* expressly prohibits such Plaintiffs from brining suit. Furthermore, the IIG group has attempted to gain Lead Plaintiff status by aggregating unrelated Plaintiffs into a Plaintiff "group" which potentially creates a securities class action that is "lawyer-

driven," rather than plaintiff-driven, contravening one of the goals of the PSLRA. *In re Silicon Storage Tech., Inc.*, 2005 U.S. Dist. LEXIS 45246, at *27. In the case of the Institutional Investor Group, Metzler International Investments plc is an umbrella fund for six sub-funds organized as an Undertaking for Collective Investments in Transferrable Securities under Irish laws. Thus, the proposed plaintiff group is effectively an amalgamation of four entities plus the six Metzler funds. As such, the Institutional Investors Group is not a proper Lead Plaintiff.

### Other Movants

Finally, the other proposed Movants hold no Toyota ADSs as required under *Morrison*. Thus, these Movants are not proper Lead Plaintiffs.

### III. CONCLUSION

For the reasons set forth above, in their opening brief, and in their Opposition, Condon and Weinstein respectfully request that the Court appoint them to serve as Lead Plaintiff on behalf of the putative class; approve their selection of the law firm of Kendall Law Group, L.L.P. as lead counsel for the class; and grant such other and further relief as this Court may deem just and proper.

DATED: July 6, 2010

Respectfully submitted,

/s/  WILLIAM J. DOYLE
DOYLE LOWTHER LLP
WILLIAM J. DOYLE II (CA Bar No. 188069)
bill@doylelowther.com
JOHN LOWTHER (CA Bar No. 207000)
john@doylelowther.com
9466 Black Mountain Road, Ste. 210
San Diego, CA 92126
(619) 573-1700 Telephone
(619) 573-1701 Facsimile

JOE KENDALL
jkendall@kendalllawgroup.com
KARL RUPP (CA Bar No. 168930)
krupp@kendalllawgroup.com
JAMIE J. MCKEY
jmckey@kendalllawgroup.com
KENDALL LAW GROUP LLP
3232 McKinney, Suite. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Facsimile:  (214) 744-3015

Counsel for Movants William P. Condon and Judith W. Weinstein

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have caused the foregoing to be served via hand delivery to the non-CM/ECF participants indicated on the attached Manual Notice List.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     /s/  WILLIAM J. DOYLE
DOYLE LOWTHER LLP
WILLIAM J. DOYLE II
bill@doylelowther.com
JOHN LOWTHER
john@doylelowther.com
9466 Black Mountain Road, Ste. 210
San Diego, CA 92126
(619) 573-1700 Telephone
(619) 573-1701 Facsimile