ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
darrenr@rgrdlaw.com
MICHAEL J. DOWD (135628)
miked@rgrdlaw.com
DAVID C. WALTON (167268)
davew@rgrdlaw.com
BRIAN O. O'MARA (229737)
bomara@rgrdlaw.com
MAUREEN E. MUELLER (253431)
mmueller@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
     – and –
SHAWN A. WILLIAMS (213113)
shawnw@rgrdlaw.com
CHRISTOPHER M. WOOD (254908)
cwood@rgrdlaw.com
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HARRY STACKHOUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>　　　　　　　　　　Defendants. | No. 10-cv-0922-DSF(AJWx)<br><br>CLASS ACTION<br><br>THE PENSION AND RETIREMENT FUNDS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL |

571031_1

Central States, Southeast and Southwest Areas Pension Fund ("Central States") and OMERS Administration Corporation, the administrator of the pension plans of the Ontario Municipal Employees Retirement System ("OMERS") (collectively, the "Pension and Retirement Funds"), respectfully submit this memorandum in response to the United States Supreme Court's June 24, 2010 opinion in *Morrison v. Nat'l Austl. Bank, Ltd.*, No. 08-1191, 2010 U.S. LEXIS 5257.

## I. ARGUMENT

Presently pending before the Court are several motions for appointment as lead plaintiff.[1]  *See generally* Joint Stipulation of Lead Plaintiff Movants ("Joint Stipulation") (Docket #98) (setting forth the various movants seeking appointment as lead plaintiff).  Briefing on these motions was completed on May 24, 2010, and a hearing was held on June 7, 2010.  At the hearing, the Court stated that it would not issue a decision on the lead plaintiff motions until the Supreme Court issued its decision in *Morrison*.

On June 24, 2010, the United States Supreme Court issued an opinion in *Morrison* articulating the scope of §10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, concluding that "[s]ection 10(b) reaches the use of a manipulative or deceptive device or contrivance only" where a securities transaction involves the purchase or sale of: (i) "a security listed on an American stock exchange" or (ii) "any other security in the United States." *Morrison*, 2010 U.S. LEXIS 5257 at *45 (June 24, 2010).

Although the Supreme Court's recent pronouncement defining the scope of §10(b) underscores the risk associated with appointing a sole movant as lead plaintiff, it does little to change the dynamic in this case with respect to the pending motions.  Indeed, the "transactional test" adopted by the Supreme Court provides that §10(b)

---

[1] On July 2, 2010, Skandia Life Insurance Company and the Global Institutional Investor Group withdrew its motion for appointment as lead plaintiff.  Docket #133.

- 1 -

571031_1

1 applies to a securities transaction where "the purchase or sale is made in the United
2 States, *or* involves a security listed on a domestic exchange." *Morrison*, 2010 U.S.
3 LEXIS 5257, at *39-*40 (emphasis added).  Unlike *Morrison,* where "all aspects of
4 the purchases [] occurred outside the United States," in this case, the Pension and
5 Retirement Funds, other movants, and many other class members fit within the
6 Supreme Court's "transactional test" as they purchased Toyota common stock "in the
7 United States."[2]  *Id.* at *45.

8 If the Court concludes, however, that *Morrison* forecloses a viable claim under
9 §10(b) for purchasers of Toyota common stock under the factual circumstances
10 present here – where a substantial portion of the class purchased "in the United States"
11 a security listed on the Tokyo stock exchange – the Court should order the
12 republication of notice mandated by 15 U.S.C. §78u-4(a)(3)(A).  To not do so would
13 result in substantial prejudice to qualified class members.  Indeed, upon encountering
14 the initial notice regarding all Toyota securities, sophisticated class members who
15 purchased only Toyota ADRs recognized that those class members who purchased
16 Toyota common shares possessed significantly larger losses, as Toyota ADRs
17 represent less than 3% of Toyota's total market capitalization.  *See* Toyota Motor
18 Corp. Form 20-F, dated March 31, 2009 (as of March 31, 2009, Toyota had 3.1 billion
19 shares of common stock outstanding, only 85 million shares of which trade as ADRs),
20 excerpt attached hereto as Exhibit 1.

21 The dramatic difference in the losses suffered by Toyota common stock
22 purchasers as compared to ADR purchasers is perhaps best highlighted by the
23 Pennsylvania Public School Employee Retirement System which claims losses of $35

---

[2]   Of course the ability of movants located outside the United States to be appointed lead plaintiff who neither: (i) purchased ADRs; or (ii) engaged in a purchase or sale "in the United States," has been undermined by *Morrison*. Apparently, Skandia views itself as one such movant. Its withdrawal on July 2, 2010 further highlights the risk to the class (oftentimes unforeseeable) of appointing a sole lead plaintiff in this case.

- 2 -

571031_1

1 million from its purchases of Toyota common stock and approximately 1/10th of 1%
2 of that amount, or $43,000, from its ADR purchases. Indeed, it was common
3 knowledge (and a point of significant discussion among pension funds and their
4 lawyers during March and April, 2010) that institutional ADR purchasers would not
5 make lead plaintiff motions because other institutions with tens of millions of dollars
6 in losses from their purchases of Toyota common stock would be seeking appointment
7 as lead plaintiff. Advised of these large losses, responsible institutional investors
8 opted not to seek appointment as lead plaintiff in an effort to avoid the needless
9 expenditure of judicial resources. For example, the Pension and Retirement Funds'
10 counsel was contacted and retained prior to the deadline for filing lead plaintiff
11 motions by an institutional investor with ADR losses, which class member opted not
12 to seek appointment as lead plaintiff for this very reason. *See* Certification of
13 Teamsters Local 237 Additional Security Benefit Fund dated April 9, 2010, attached
14 hereto as Exhibit 2. Other ADR purchasers are also likely to have moved had they
15 been notified that the class would not include purchasers of Toyota common shares
16 listed on the Tokyo exchange.[3] Notably, not a single institutional investor moved for
17 appointment in this case claiming losses ***solely*** as a result of its purchases of Toyota
18 ADRs.[4]

19     If the Court interprets *Morrison* to preclude all §10(b) claims in this case arising
20 from the purchase of Toyota common stock because Toyota's common shares are

---

[3]     The evidence before the Court demonstrates that the losses suffered by those who purchased ADRs is dwarfed by the movants' losses from the purchase of Toyota common shares.

[4]     Even among the individual movants who purchased ADRs there has been a "reshuffling of the deck" as a result of *Morrison*. For example, movant Judith Weinstein had previously abandoned her application for appointment as lead plaintiff. *See* Joint Stipulation at 15-16. Now in the wake of *Morrison* and the apparent emphasis on ADRs and securities purchases "in the United States," Weinstein has entered the mix once again and seeks appointment as lead plaintiff jointly with William Condon. *See* Docket #134.

- 3 -

571031_1

listed on the Tokyo exchange, then allowing this case to proceed without publishing a new notice would exclude qualified movants from seeking to be appointed lead plaintiff, and would be contrary to the spirit of the PSLRA. *See generally Cal. Pub. Employees Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 581 (D.N.J. 2001) (notice must "enable a class member to make an informed decision on whether to seek lead plaintiff status"); *Janovici v. DVI, Inc.*, No. 2:03-CV-04795-LDD, 2003 U.S. Dist. LEXIS 22315, at *17 (E.D. Pa. Nov. 25, 2003). To be sure, to the extent the Court interprets *Morrison* to have limited the class to just ADR purchasers, fairness dictates that putative class members be notified and permitted to apply to be appointed lead plaintiff as the contours of this action would have been fundamentally altered by an intervening Supreme Court opinion. *See In re Leapfrog Enters., Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *3 (N.D. Cal., July 5, 2005) (ordering republication of notice when amended complaint "dramatically alter[ed] the contours of the lawsuit").

"In deciding a motion for the appointment of lead plaintiff under the PSLRA, [courts] ha[ve] an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA, that is, encouraging the most adequate plaintiff, the plaintiff with the largest financial stake in the outcome of the litigation, to come forward and take control of the litigation." *DVI*, 2003 U.S. Dist. LEXIS 22315, at *17. "[I]n keeping with the PSLRA's goal of adequate notice for the purpose of determining the most appropriate lead plaintiff," the Court should order that the PSLRA notice be republished. *In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006). Only by republishing notice can potential lead plaintiffs have a reasonable opportunity to present themselves for the Court's consideration.

## II.   CONCLUSION

The Pension and Retirement Funds are the presumptively "most adequate plaintiff" and the Court should appoint them lead plaintiff in this case. To the extent

- 4 -

571031_1

1  the Court interprets the *Morrison* decision to preclude claims even by movants whose
2  purchases of Toyota common stock were made in the United States, the Pension and
3  Retirement Funds respectfully request that the Court order the issuance of notice to
4  allow class members with viable claims consistent with *Morrison* the opportunity to
5  seek appointment as lead plaintiff.

6  DATED: July 6, 2010                     Respectfully submitted,

   ROBBINS GELLER RUDMAN
     & DOWD LLP
   DARREN J. ROBBINS (168593)
   MICHAEL J. DOWD (135628)
   DAVID C. WALTON (167268)
   BRIAN O'MARA (229737)
   MAUREEN E. MUELLER (253431)


              s/ DARREN J. ROBBINS
            DARREN J. ROBBINS

   655 West Broadway, Suite 1900
   San Diego, CA  92101-3301
   Telephone:  619/231-1058
   619/231-7423 (fax)

   ROBBINS GELLER RUDMAN
     & DOWD LLP
   SHAWN A. WILLIAMS
   CHRISTOPHER M. WOOD
   100 Pine Street, Suite 2600
   San Francisco, CA  94111
   Telephone:  415/288-4545
   415/288-4534 (fax)

   Counsel for the Pension and Retirement Funds and [Proposed] Lead Counsel for the Class

- 5 -

571031_1

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

Peretz Bronstein
Bronstein Gerwitz & Grossman
60 East 42nd Street, Suite 4600
New York, NY  10165-0006

Vahn Alexander
Faruqi & Faruqi, LLP
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA  90067

Lionel Z. Glancy
Michael Goldberg
Peter A. Binkow
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

Mike Harris
Law Offices of Myron Harris
S106 Park Town Place Apts.
22nd & Benjamin Franklin Parkway
Philadelphia, PA  19130

Richard A. Lockridge
Karen Hanson Riebel
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2299
Minneapolis, MN  55410

Marvin L. Frank
Gregory A. Frank
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016

Patrick V. Dahlstrom
Pomerantz Haudek Block Grossman
  & Gross LLP
10 South LaSalle Street, Suite 100
Chicago, IL  60603

Marc I. Gross
Murielle J. Steven Walsh
Jeremy A. Lieberman
Pomerantz Haudek Block Grossman
  & Gross LLP
100 Park Avenue, 26th Floor
New York, NY  10017-5516

Mark C. Gardy
Gardy & Notis, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ  07632

571031_1

1  I certify under penalty of perjury under the laws of the United States of America
2  that the foregoing is true and correct. Executed on July 6, 2010.

       s/ DARREN J. ROBBINS
       DARREN J. ROBBINS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  darrenr@rgrdlaw.com

571031_1

**Mailing Information for a Case 2:10-cv-00922-DSF -AJW**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Nabil L Abu-Assal**
  nabil@cypressllp.com

- **Jeffrey C Block**
  jblock@bermandevalerio.com

- **Glen DeValerio**
  gdevalerio@bermandevalerio.com

- **Michael J Dowd**
  miked@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William James Doyle , II**
  bill@doylelowther.com

- **Thomas A Dubbs**
  tdubbs@labaton.com,electroniccasefiling@labaton.com

- **Jay W Eisenhofer**
  jeisenhofer@gelaw.com

- **Alan I Ellman**
  aellman@labaton.com,ejo@labaton.com,electroniccasefiling@labaton.com

- **Gareth Thomas Evans**
  gevans@gibsondunn.com

- **Jeffrey S Facter**
  jfacter@shearman.com,rcheatham@shearman.com

- **Robert Harold Fairbank**
  rfairbank@fairbankvincent.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Emily V Griffen**
  egriffen@shearman.com,rcheatham@shearman.com

- **Deborah R Gross**
  debbie@bernardmgross.com

- **James M Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Christopher J Keller**
  ckeller@labaton.com

- **Mark L Knutson**
  mlk@classactionlaw.com

- **Kay E Kochenderfer**
  kkochenderfer@gibsondunn.com,bsiddell@gibsondunn.com

- **Catherine J Kowalewski**
  katek@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey R Krinsk**
  fk@classactionlaw.com,mlk@classactionlaw.com

- **Nicole Lavallee**
  nlavallee@bermandevalerio.com,lstern@bermandevalerio.com,stenaglia@bermandevalerio.com,kdonovan@bermandevalerio.com,ECF@bermandevalerio.com,ysobole

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **John A Lowther , IV**
  john@doylelowther.com

- **Thomas D Mauriello**
  tomm@maurlaw.com

- **Megan D McIntyre**
  mmcintyre@gelaw.com,rwittman@gelaw.com

- **Robert J Muller**
  bob@cypressllp.com,secretary@cypressllp.com

- **Blair A Nicholas**
  blairn@blbglaw.com,mfrank@murrayfrank.com,denab@blbglaw.com,kayem@blbglaw.com,nikim@blbglaw.com,Kristinas@blbglaw.com

- **Michael Benzo Norman**
  michaelbnorman@yahoo.com

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com

- **Matthew D Pearson**
  mpearson@bermandevalerio.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Patrick D Robbins**
  probbins@shearman.com

- **Gerald H Silk**
  jerry@blbglaw.com

- **Sean T Strauss**
  sean.strauss@shearman.com

- **Stefanie J Sundel**
  ssundel@labaton.com

- **Joseph J Tabacco , Jr**
  jtabacco@bermanesq.com,ysoboleva@bermandevalerio.com

- **Dirk L Vincent**
  dvincent@fairbankvincent.com

- **Avi N Wagner**
  avi@thewagnerfirm.com,anwagneresq@hotmail.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Shawn A Williams**
  shawnw@rgrdlaw.com,cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,aromero@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
C Michael Plavi
Finkelstein & Krinsk LLP
501 West Broadway Suite 1250
San Diego, CA 92101-3593
```