BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS
(Bar No. 178428)
(blairn@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

GRANT & EISENHOFER P.A.
JAY W. EISENHOFER
(jeisenhofer@gelaw.com)
485 Lexington Ave 29th Floor
New York, New York 10017
Tel:   (646) 722-8500
Fax:   (646) 722-8501

*Counsel for Proposed Lead Plaintiff the
Institutional Investor Group and
Proposed Co-Lead Counsel for the
Class*

*(Additional counsel on signature page)*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY STACKHOUSE,<br><br>                    Plaintiff,<br><br>        v.<br><br>TOYOTA   MOTOR   CORPORATION,<br>et al.<br><br>                    Defendants. | Case No. 10-cv-922 DSF (AJWx)<br><br>SUPPLEMENTAL MEMORANDUM OF LAW ADDRESSING *MORRISON v. NATIONAL AUSTRALIA BANK LTD.* AND IN FURTHER SUPPORT OF THE MOTION OF THE U.S. MEMBERS OF THE INSTITUTIONAL INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>Courtroom:  840<br>Judge:       Dale S. Fischer |

**IN LIGHT OF THE SUPREME COURT'S DECISION IN *MORRISON*, THE U.S. MEMBERS OF THE INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED AS LEAD PLAINTIFF**

In accordance with the Court's June 7, 2010 Order (Dkt. #128) consolidating the related actions against Toyota Motor Corporation ("Toyota" or the "Company"), the U.S. members of the Institutional Investor Group respectfully submit this memorandum of law to address the U.S. Supreme Court's recent decision in *Morrison v. National Australia Bank Ltd.*, No. 08-1191, 2010 WL 2518523 (June 24, 2010) ("*Morrison*").[1]  Two issues have been settled by the Supreme Court's decision in *Morrison*: (1) so-called "F-cubed" investors – foreign investors who purchased foreign shares on foreign exchanges – do not have federal securities fraud claims under the facts of this case and are not members of the class in this litigation; and (2) both domestic and foreign purchasers of American Depository Shares ("ADSs") on the New York Stock Exchange do have cognizable claims and are members of the class.  As discussed below, the Institutional Investor Group had the largest financial interest in the litigation before *Morrison*, and its U.S. members continue to have the largest financial interest following *Morrison*.

In *Morrison*, the plaintiff asserted claims under Section 10(b) of the Securities Exchange Act of 1934 on behalf of a class consisting exclusively of foreign investors who purchased securities of a foreign issuer on a foreign exchange.  The Supreme Court held that those foreign investors could not assert Section 10(b) claims because:

---

[1] The Institutional Investor Group is comprised of the Maryland State Retirement and Pension System ("Maryland SRPS"), Pennsylvania Public School Employees' Retirement System ("PSERS"), City of Philadelphia Board of Pensions and Retirement ("Philadelphia BPR"), Första-AP Fonden ("AP1"), and Metzler International Investments plc. ("Metzler").  In light of *Morrison*, the non-U.S. members of the Institutional Investor Group, AP1 and Metzler, have determined to withdraw from participation in this litigation and fully support the appointment of the group's U.S. members.

> Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States.

*Morrison*, 2010 WL 2518523, at *14.

Because Toyota's ADSs are listed on the New York Stock Exchange, purchasers of those ADSs unquestionably have cognizable Section 10(b) claims under *Morrison*. The U.S. members of the Institutional Investor Group assert the largest ADS loss of any other movant, and indeed include the ***only*** institutional movants – Maryland SRPS and PSERS – to have suffered losses on Toyota ADSs.[2]

With respect to Toyota's common stock – which is not listed on any U.S. exchange – the defendants are sure to contend that *Morrison* forecloses all Section 10(b) claims. That position contradicts the plain language of *Morrison*, which permits Section 10(b) claims to be brought with respect to "the ***purchase or sale*** of any … security in the United States." *Morrison*, 2010 WL 2518523, at *14. Investors who purchased Toyota common stock in the United States – *i.e.*, U.S.-based investors – may therefore pursue Section 10(b) claims. Indeed, the facts of this case are distinguishable in several important respects from the situation the Supreme Court addressed in *Morrison*.

All class members in *Morrison* were foreign investors, and as summarized by Justice Scalia in his majority opinion, that case "involve[d] no securities listed on a domestic exchange, and all aspects of the purchases complained of … occurred outside the United States." 2010 WL 2518523, at *14. Because the *Morrison* case involved exclusively foreign investors, and the securities at issue were both purchased and sold entirely overseas, the Supreme Court did not address

---

[2]  Maryland SRPS sustained a loss of $257,577.33 on both a last-in, first-out ("LIFO") and first-in, first-out ("FIFO") basis on its ADS purchases, which represents the largest ADS loss of any movant. PSERS sustained a $43,154.67 FIFO loss on its ADS purchases.

– and did not foreclose – the claims of **U.S.** investors who purchased securities on a foreign exchange, where "aspects of the purchase" occurred in the United States. Nor did the Supreme Court address the availability of Section 10(b) claims to U.S. investors who suffered substantial losses on **both** domestic- and foreign-listed securities of the same issuer as a result of the same misconduct by the same defendants.  The U.S. members of Institutional Investor Group, as such investors, are ideally suited to advocate for the inclusion of such claims on behalf of the Class and welcome the opportunity to do so.

The Institutional Investor Group has the largest financial interest in the litigation and is the presumptive lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA") regardless of how this Court rules on the scope of *Morrison*.[3]  As reflected in the Joint Stipulation (Dkt. #98), the Institutional Investor Group asserted the largest total loss of any movant, the largest loss on Toyota common stock and the largest loss on Toyota ADSs.  Likewise, the U.S. members of the Institutional Investor Group alone assert the largest loss of any other movant, both in ADSs and in common stock.  Accordingly, under any interpretation of *Morrison*, the U.S. members of the Institutional Investor Group have the largest financial interest in this litigation, and they are the **only** movants who can represent the claims of *all* members of the Class no matter how *Morrison* is interpreted.[4]

---

[3] Maryland SRPS, PSERS and Philadelphia BPR acknowledge that the Court's ultimate determination of this issue could affect the scope of the Class and its leadership, but it does not alter the analysis or result under the PSLRA's lead plaintiff provisions.

[4] Indeed, if the Court concludes that the class is limited to Toyota ADS purchasers, none of the other institutional movants – Commonwealth of Massachusetts Pension Reserves Investment Management Board, Central States, Southeast and Southwest Areas Pension Fund, or Ontario Municipal Employees Retirement System – will even have standing to sue because they did not purchase ADSs.

The U.S. members of the Institutional Investor Group have submitted detailed factual evidence confirming they are a properly constituted group under the well-established law approving of groups under the PSLRA and have vigorously represented the claims of the Class since the inception of this litigation. *See, e.g.,* Joint Stip., Ex. E (Dkt. #98-5). That record establishes that the U.S. members of the Institutional Investor Group are public pension systems with numerous relationships that pre-date this litigation and contacted each other of their own volition to discuss a possible joint lead plaintiff motion. They held extensive discussions prior to deciding to move together to serve as lead plaintiff. They also aggressively negotiated a Joint Prosecution Agreement and highly competitive fee arrangement that will govern this case and ensure its effective and efficient prosecution.

By their active involvement in this litigation so far, the U.S. members of the Institutional Investor Group have demonstrated their capacity to oversee counsel's prosecution of this litigation. *Id.* Indeed, the very circumstances that have arisen in this case – where *Morrison* has impacted diverse Class members in different ways – were contemplated by the members of the Institutional Investor Group and motivated these sophisticated institutions to come together to jointly prosecute the Toyota action. *See, e.g., id.* at ¶¶13-14. Their commitment to pursuing all potential claims on behalf of all members of the Class following *Morrison* confirms that their appointment will provide the Class with the best possible representation in this action.

CONCLUSION

For the reasons set forth above and in their earlier filings with the Court, Maryland SRPS, PSERS and Philadelphia BPR respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

Dated: July 6, 2010

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

_/s/ Blair A. Nicholas_

BLAIR A. NICHOLAS (Bar No. 178428)
(blairn@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
-and-
GERALD H. SILK
(jerry@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
MICHAEL D. BLATCHLEY
(michaelb@blbglaw.com)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

GRANT & EISENHOFER P.A.
JAY W. EISENHOFER
(jeisenhofer@gelaw.com)
MEGAN D. MCINTYRE
(mmcintyre@gelaw.com)
485 Lexington Ave 29th Floor
New York, New York 10017
Tel:   (646) 722-8500
Fax:   (646) 722-8501

_Counsel for Proposed Lead Plaintiff the Institutional Investor Group and Proposed Co-Lead Counsel for the Class_

BARROWAY TOPAZ KESSLER
MELTZER CHECK LLP
DARREN J. CHECK
(dcheck@btkmc.com)
SEAN M. HANDLER
(shandler@btkmc.com)
280 King of Prussia Rd.
Radnor, PA 19103
Tel:   (610) 667-7706

Fax:   (610) 667-7056

*Additional Counsel for the City of
Philadelphia Board of Pensions and
Retirement*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK (Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT (Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:   (213) 891-9010
Fax:   (213) 891-9011

*Local Counsel for Proposed Lead Plaintiff
the Institutional Investor Group*