Jeffrey S. Facter (SBN 123817) jfacter@shearman.com
Patrick D. Robbins (SBN 152288) probbins@shearman.com
Emily V. Griffen (SBN 209162) egriffen@shearman.com
Sean T. Strauss (State Bar No. 245811) sean.strauss@shearman.com
SHEARMAN & STERLING LLP
525 Market Street, Suite 1500
San Francisco, CA 94105-2723
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Kay Kochenderfer (SBN 125847) kkochenderfer@gibsondunn.com
Gareth T. Evans (SBN 138992) gevans@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 299-7520

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Robert S. Carter, Irving A. Miller, Yoshimi Inaba, James E. Lentz, III and Robert C. Daly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HARRY STACKHOUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR NORTH AMERICA, INC., AKIO TOYODA, FUJIO CHO, ROBERT S. CARTER, IRVING A. MILLER, YOSHIMI INABA, JAMES E. LENTZ, III and ROBERT C. DALY,<br><br>Defendants. | NO.: CV-10-0922 DSF AJWx<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDA REGARDING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL**<br><br>Judge: Honorable Dale S. Fischer<br>Dept.: 14<br><br>Date Action Filed: February 8, 2010<br>Trial Date: None Set |

Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Robert S. Carter, Irving A. Miller, Yoshimi Inaba, James E. Lentz, III and Robert C. Daly ("Defendants") submit this Response to the supplemental memoranda recently filed by lead plaintiff movants ("Supplemental Memoranda") in connection with the various pending motions for appointment of lead plaintiff and approval of plaintiffs' selection of lead counsel ("Lead Plaintiff Motions").[1/] The Supplemental Memoranda contain various interpretations of the Supreme Court's recent decision in <u>Morrison v. National Australia Bank Ltd.</u>, 561 U.S. ___, No. 08-1191, slip op. (June 24, 2010).

## I.
## DISCUSSION

Defendants do not take any position with respect to the appointment of a lead plaintiff or lead counsel in these actions, since it is generally the case that defendants have no standing to object to the appointment of a lead plaintiff.[2/]

However, Defendants' silence on the Lead Plaintiff Motions should not be construed as an admission of any of the allegations made in the Lead Plaintiff Motions or the Supplemental Memoranda or, in the event that these actions survive Defendants' motions to dismiss, as a concession that class certification is appropriate or that any proposed lead plaintiff is a typical or adequate class

---

[1/] The pending Lead Plaintiff Motions are Docket Nos. 34-36, 39, 41 and 49, while the Supplemental Memoranda are Docket Nos. 134-136 and 139.

[2/] See e.g., <u>Osher v. Guess?, Inc.</u>, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *1 n.4 (C.D. Cal. Apr. 26, 2001) ("Defendant's position concerning [the] motion for appointment as lead plaintiff would, in any event, carry little weight because only members of the plaintiff class may offer evidence in opposition to such a motion."); <u>Takeda v. Turbodyne Techs., Inc.</u>, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999) ("[D]efendants lack standing to object to the adequacy or typicality of the proposed lead plaintiffs at this preliminary stage of the litigation."). See also <u>Query v. Maxim Integrated Prods., Inc.</u>, 558 F. Supp. 2d 969, 972 (N.D. Cal. 2008) ("[T]here appears to be a split of authority as to whether defendants even have standing to oppose a motion for lead plaintiff.") (citing cases); <u>In re Advanced Tissue Scis. Sec. Litig.</u>, 184 F.R.D. 346, 348 n.8 (S.D. Cal. 1998) ("[S]everal courts have concluded that the PSLRA does not allow defendants to be heard at [the lead plaintiff appointment] stage of the proceedings.").

representative.[3/] Defendants expressly reserve all rights to contest class certification on any basis provided by Federal Rule of Civil Procedure 23, regardless of the Court's determination on the Lead Plaintiff Motions.

In particular, Defendants note that the Supplemental Memoranda addressing the impact of the Supreme Court's decision in Morrison on the Court's selection of lead plaintiff in this action raise a particular legal issue that will certainly arise in connection with class certification (and perhaps Defendants' motions to dismiss). That key issue is whether investors in the United States who purchased Toyota common stock (in other words, a domestic purchaser who purchased stock on a foreign securities exchange) is prohibited from pursuing claims pursuant to Section 10(b) of the Securities Exchange Act and S.E.C. Rule 10b-5 promulgated thereunder as a result of the Supreme Court's decision in Morrison.

Certain of Plaintiffs' Supplemental Memoranda argue that under Morrison, U.S. investors who purchased Toyota common stock—which can only be purchased on a foreign securities exchange—may still bring an action under Section 10(b) and Rule 10b-5. Defendants disagree with this interpretation of Morrison. Although Defendants do not take any position with respect to the appointment of a

---

[3/] 15 U.S.C. § 78u-4(a)(3) (establishing procedure for appointment of lead plaintiffs and lead counsel that is preliminary to, and distinct from, class certification); Tanne v. Autobytel, Inc., 226 F.R.D. 659, 666 (C.D. Cal. 2005) ("'A wide ranging analysis is not appropriate' to determine whether [lead plaintiff movant] has made a prima facie showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification.'") (quoting Fischler v. AmSouth Bancorp., No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997) and citing cases); Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("At this stage of the proceeding, proposed lead plaintiffs need only make a preliminary showing that they satisfy the requirements of Rule 23.... [B]ecause Section 78u-4 only requires preliminary class certification findings, the Court does not preclude any party from contesting the ultimate class certification on the basis of the instant findings.") (citing cases). See also Clair v. DeLuca, 232 F.R.D. 219, 226 (W.D. Pa. 2005) ("We recognize that at this point in the litigation it would be inappropriate to conduct an in-depth analysis of the [proposed lead plaintiff's] adequacy; rather, such an inquiry properly takes place at the point of class certification.") (citation omitted).

lead plaintiff or lead counsel, Defendants have an obvious interest in the issue of whether purchasers of Toyota common stock may bring a Section 10(b) and Rule 10b-5 action following Morrison.

The Supreme Court's decision drew a bright line in limiting civil actions under Section 10(b) to *"**transactions in securities listed on domestic exchanges, and domestic transactions in other securities . . . .**"* Slip op. at 18 (emphasis added). The proper interpretation of the phrase "domestic transactions in other securities" excludes purchases by investors in the U.S. on foreign stock exchanges, such as purchases of Toyota common stock. See e.g., id. ("We know of no one who thought that the [Exchange] Act was intended to 'regulat[e]' *foreign* securities exchanges") (emphasis in original), id. at 20 ("we reject the notion that the Exchange Act reaches conduct in this country affecting exchanges or transactions abroad"), id. at 21-22 (noting concern that U.S. "has become the Shangri-La of class-action litigation for lawyers representing those allegedly cheated in foreign securities markets"), id. at 14 ("Nothing suggests that this *national* public interest [cited in 15 U.S.C. § 78b] pertains to transactions conducted upon *foreign* exchanges and markets.") (emphasis in original), id. at 15 (Subsection 30(a) of the Exchange Act's "explicit provision for a specific extraterritorial application would be quite superfluous if the rest of the Exchange Act already applied to transactions on foreign exchanges").

Defendants respectfully suggest that the Court need not reach the issue of the proper scope of Morrison to decide the competing lead plaintiff motions. To the extent the Court believes that the existence of that issue creates doubt about whether a particular lead plaintiff applicant is the best candidate to be the lead plaintiff, the Court may certainly take that doubt into account in selecting a lead plaintiff. Actually deciding the scope of Morrison, however, would dramatically affect who may bring an action and who may be a member of the purported plaintiff class. Consequently, the appropriate place to determine that issue is at the motion to

dismiss and/or class certification stage, rather than at this preliminary stage involving the Court and plaintiffs in which Defendants probably lack standing and do not have a full opportunity to be heard.[4/]

## II.
## CONCLUSION

Defendants therefore respectfully request that the Court not make a determination at this stage of the proceedings as to whether Morrison allows U.S. purchasers of securities on a foreign exchange to bring a Section 10(b) and Rule 10b-5 action.

Dated: July 14, 2010                    SHEARMAN & STERLING LLP


By: /s/ Jeffrey S. Facter
    Jeffrey S. Facter


GIBSON, DUNN & CRUTCHER LLP


By: /s/ Gareth Evans
    Gareth Evans

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Robert S. Carter, Irving A. Miller, Yoshimi Inaba, James E. Lentz, III and Robert C. Daly

---

[4/] Any determination of the scope of Morrison would in any event be non-binding on the class certification issue. See Z-Seven Fund Inc. v. Motorcar Parts & Accessories, 231 F.3d 1215, 1218-19 (9th Cir. 2000) ("[T]he district court's order designating a lead plaintiff is not a conclusive, immutable determination of the issue. It can be revisited if circumstances warrant."); Osher, 2001 WL 861694, at *1 n.4 ("As to the [lead plaintiff] motion's impact on a subsequent motion for class certification, courts have noted that 'the determination of lead plaintiff and lead counsel at this stage does not preclude revisiting the issue upon consideration of a motion for class certification.'") (quoting Fischler, 1997 WL 118429, at *2); McGuire v. Dendreon Corp., No. C07-800MJP, 2008 WL 418122, at *1 (W.D. Wash. Feb. 13, 2008) ("[T]he lead plaintiff process is not intended to be a full-fledged litigation of class certification issues. Rather, the Court has a continuing responsibility to determine whether lead plaintiffs meet the typicality and adequacy prongs of Rule 23 regardless of standing to object.") (citing cases).