# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Toyota Motor Corporation<br><br>Securities Litigation | Master File No. CV 10-922 DSF (AJWx)<br><br>ORDER APPOINTING LEAD PLAINTIFF, APPROVING LEAD AND LIAISON COUNSEL, AND ESTABLISHING OTHER REQUIREMENTS FOR THE PROSECUTION OF THIS ACTION |

The Court, having previously consolidated numerous related actions under the case name <u>Harry Stackhouse v. Toyota Motor Corp., et al.</u>, CV 10-922 DSF (AJWx) and having indicated its intention to appoint Maryland State Retirement and Pension System ("Maryland SRPS") as Lead Plaintiff, makes the following orders:

1. Maryland SRPS is appointed Lead Plaintiff. Lead Plaintiff shall designate at least one representative to direct and oversee Lead Plaintiff's Counsel and to be meaningfully involved at each and every stage of the proceedings.

2. Bernstein Litowitz Berger & Grossman LLP is appointed Lead Plaintiff's Counsel for the putative Class. Fairbank & Vincent is appointed

1  Liaison Counsel.  Lead Plaintiff's Counsel shall have authority to speak for and
2  enter into agreements on behalf of plaintiffs and the putative Class in all matters,
3  and shall manage the prosecution of this litigation to avoid duplicative or
4  unproductive activities.  Lead Plaintiff's Counsel shall be responsible for
5  coordination of all activities and appearances on behalf of plaintiffs and the
6  putative Class, including the dissemination of notices and orders to any party or
7  counsel who should receive such information but is not listed on the Court's
8  docket as receiving such documents.  Lead Plaintiff's Counsel shall be responsible
9  for communications with the Court.  Liaison Counsel shall, *inter alia*,
10 communicate with Liaison Counsel designated by the Honorable James V. Selna
11 in <u>In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices,</u>
12 <u>and Products Liability Litigation</u>, Case No. 8:10ML02151 JVS (FMOx) (the
13 "Toyota MDL").  Lead Plaintiff's Counsel may delegate any additional
14 appropriate tasks to Liaison Counsel, including appearances before this Court.
15
16     3.  Defendants' counsel may rely on agreements made with Lead Plaintiff's
17 Counsel.  Such agreements shall be binding on all plaintiffs and the putative
18 Class.
19
20     4.  Lead Plaintiff's Counsel and Liaison Counsel shall maintain records of
21 attorneys' fees and costs in the manner specified in a separate order to be issued
22 by the Court.
23
24     5.  All further pleadings shall be captioned "In re Toyota Motor Corporation
25 Securities Litigation" and shall be maintained under the Master File No. CV 10-
26 922 DSF (AJWx).  Any subsequently filed or transferred actions on behalf of
27
28

1  purchasers of securities of Toyota Motor Corporation related to the claims
2  asserted in these actions shall be consolidated with this action.

4      6.  This Order is entered without prejudice to the rights of any party to
5  apply for severance of any claim or action, for good cause shown.

7      7.  Lead Plaintiff shall file a Consolidated Amended Complaint no later
8  than October 4, 2010.  The Consolidated Amended Complaint shall be the
9  operative complaint and shall supersede all other complaints filed in any of the
10 consolidated actions.

12     8.  The allegations of the Consolidated Amended Complaint shall comply,
13 *inter alia*, with the requirements of the Private Securities Litigation Reform Act,
14 and the Federal Rules of Civil Procedure and shall specify (1) each statement
15 alleged to have been false or misleading, (2) the reason(s) the statement was false
16 or misleading when made, and (3) if an allegation regarding the statement or
17 omission is made on information and belief, all facts on which the belief is
18 formed.  Plaintiff shall clearly identify which statements or omissions are
19 attributable to which defendants.  Plaintiff shall provide a detailed statement of the
20 facts giving rise to a strong inference that each defendant acted with the required
21 state of mind.  Plaintiff shall allege what each defendant knew with regard to the
22 statement or omission, and when each knew it.  If Plaintiff alleges more than five
23 untrue statements of material fact or omissions to state a material fact necessary in
24 order to make a statement made, in light of the circumstances in which it was
25 made, not misleading, then the allegations shall be stated in a clear chart form
26 providing the information described above (which is required by 15 U.S.C. § 78u -

1  4(b)(1) and (2)).  The chart may be incorporated into the Consolidated Amended
2  Complaint or attached to it as an addendum.

3

4          9.  Defendants shall answer, move, or otherwise respond to the
5  Consolidated Amended Complaint by December 6, 2010.  If grounds exist to
6  move to dismiss one or more claims, defendants shall file a single omnibus motion
7  to dismiss, which shall not exceed 40 pages without leave of Court.  Supplemental
8  memoranda are not encouraged.  Nevertheless, each defendant who desires to
9  address an issue unique to that defendant may submit a supplemental
10 memorandum, not to exceed five pages without leave of Court.

11

12         10.  Opposition papers shall be filed within 60 days from the filing of the
13 motion and shall not exceed 40 pages without leave of Court.  Any opposition to a
14 defendant's supplemental memorandum shall not exceed five pages without leave
15 of Court.  A reply, not to exceed 25 pages without leave of Court, shall be filed
16 within 30 days of the filing of the opposition(s).  No separate replies to
17 supplemental memoranda shall be filed without leave of Court.

18

19         11.  The hearing date shall be set no less than 21 days after the reply is due.

20

21         12.  Counsel shall review the Stipulated Protective Order entered into by the
22 parties in the Toyota MDL, and determine whether to agree to the same terms and
23 conditions.  Counsel shall advise the Court no later than August 23, 2010 that the
24 parties intend to adopt the provisions of the Stipulated Protective Order, or they
25 shall provide an alternative stipulation and proposed order.

26

27

28
                                          4

13. The Order for Preservation of Documents and Tangible Things in the Toyota MDL is adopted in this action to the extent it is relevant. If either party believes the Court should not adopt the Order, that party shall file objections no later than August 23, 2010.

14. Counsel shall meet and confer with the goal of structuring a discovery plan that will educate the parties about foundational issues, including identification of (1) additional parties, if any, (2) relevant third parties, (3) organizational structure, (4) relevant witnesses, (5) location and nature of relevant documents, including electronic documents.

15. Counsel shall review Order No. 5: Phase I Discovery Plan in the Toyota MDL, and determine whether and to what extent the parties are willing to participate in the process described in that Order. Counsel shall advise the Court of their determination no later than August 23, 2010.

16. If Lead Plaintiff seeks to lift the discovery stay, and if the parties are unable to reach agreement on that issue, Lead Plaintiff shall file a motion on an expedited basis seeking relief. Counsel shall meet and confer and file a joint statement of their positions, including why particularized discovery is (or is not) necessary to preserve evidence or to prevent undue prejudice to plaintiffs or the putative Class. Any such motion will be adjudicated by this Court.

17. All other discovery matters are assigned to the Honorable John K. Trotter and the Honorable Steven Stone, the Special Masters in the Toyota MDL. Any objection to this assignment shall be filed by August 23, 2010. Such

objection shall propose one or more alternative special masters and provide good cause for the Court to appoint special masters other than Trotter and Stone.

18. Counsel shall become familiar with this Court's Practices and Procedures, as reflected on the Court's website and as stated in the orders issued from time to time. Counsel shall also become familiar with the Local Rules and General Orders of the Central District of California.

IT IS SO ORDERED.

Dated: 8/2/10

Dale S. Fischer
United States District Judge