BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
BLAIR A. NICHOLAS  (Bar No. 178428)
(blairn@blbglaw.com)
DAVID R. STICKNEY  (Bar No. 188574)
(davids@blbglaw.com)
BENJAMIN GALDSTON  (Bar No. 211114)
(beng@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT
(Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:   (213) 891-9010
Fax:  (213) 891-9011

*Liaison Counsel for the Class*

*(Additional Counsel listed on signature page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx) <br><br> **PLAINTIFFS' NOTICE OF RECENT AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT** <br><br> Date:  June 6, 2011 <br> Time:  1:30 p.m. <br> Courtroom:  840 <br> Judge:  Dale S. Fischer |

PLAINTIFFS' NOTICE OF RECENT AUTHORITY
Master File No. CV 10-922 DSF (AJWx)

On March 21, 2011, Plaintiffs submitted their Opposition to Defendants' Motion to Dismiss the Consolidated Class Action Complaint. [ECF No. 189] A day later, the United States Supreme Court issued its unanimous decision in *Matrixx Initiatives, Inc. v. Siracusano*, No. 09-1156, 2011 WL 977060 (U.S. Mar. 22, 2011), affirming the Ninth Circuit's reversal of a decision to dismiss a securities class action. *Matrixx* relates directly to issues in this case and further supports Plaintiffs' Opposition.

In *Matrixx*, a drug company failed to disclose alleged reports of adverse events associated with its leading product. The plaintiffs alleged that Matrixx and three of its senior executives did not reveal the reports of a possible link between the company's leading cold remedy, Zicam, and a loss of the sense of smell, rendering statements about Matrixx's revenues and product safety misleading. 2011 WL 977060, at *4. The District Court granted defendants' motion to dismiss, holding that the complaint failed to plead the elements of a material misstatement or omission and scienter. *Id.* at *7. The Ninth Circuit reversed, concluding that the complaint adequately alleged information that may have been significant to a reasonable investor, and that withholding reports of adverse effects of the company's leading product and lawsuits concerning the product gave rise to a strong inference of scienter. *Id.* The Supreme Court affirmed the Ninth Circuit.

### *Matrixx* Guides The Analyses Of Materiality And Scienter

The Supreme Court ruled that the materiality of adverse event reports cannot be reduced to a bright-line rule, but rather the materiality inquiry depends on the factual context and focuses on whether a reasonable investor would have viewed the reports as having significantly altered the "total mix" of information then available. *Id.* at *8-11. "[A]ssessing the materiality of adverse event reports is a 'fact-specific' inquiry," the Court explained, "that requires consideration of the source, content, and context of the reports." *Id.* at *10 (quoting *Basic v. Levinson*, 485 U.S. 224, 236 (1988)). Finding plausible allegations of materiality, the

Supreme Court reasoned that because Zicam accounted for 70% of Matrixx's sales and its significant health risks would be relevant to consumers, it is "substantially likely that a reasonable investor would have viewed this information" as material. *Id*. at *12.

*Matrixx* confirms that Rule 8 pleading standards apply to allegations of materiality. *Id.* Like the defendant in *Matrixx*, Defendants in this case made false and misleading statements regarding the purported safety of the company's leading product. Opposition, 7-16. Defendants also falsely attributed Toyota's "record" financial results and sales "growth" to cost reduction efforts while omitting that the cost cutting undermined vehicle safety and quality, and falsely denied Toyota's unintended acceleration problems. *Id.,* 1, 5-6, 9, 14-15. The Complaint plausibly explains how undisclosed information about safety risk and compromised quality is material to investors because such information is material to Toyota customers and affects sales. *Id.*, 2, 11, 14.

The Supreme Court in *Matrixx* also found that the complaint's allegations, considered "collectively" and "holistically," "give rise to a 'cogent and compelling' inference that Matrixx elected not to disclose reports of adverse events . . . because it understood their likely effect on the market." 2011 WL 977060, at *14. Allegations of motive are unnecessary. *Id.* Allegations supporting a strong inference that Matrixx acted "recklessly (or intentionally, for that matter)" included: (1) adverse reports from patients and physicians, (2) Matrixx's own investigation; (3) Matrixx's effort to prevent a physician from using Zicam's name in a presentation; and (4) "*[m]ost significantly*," that Matrixx issued a press release suggesting that studies confirmed that Zicam does not cause anosmia when, in fact, Matrixx had done no studies of its own and available evidence was inconclusive. *Id*.

*Matrixx* is instructive to the allegations of scienter in this case. Here, Plaintiffs allege facts that give rise to a strong inference that Defendants

PLAINTIFFS' NOTICE OF RECENT AUTHORITY                                                    -2-
Master File No. CV 10-922 DSF (AJWx)

deliberately failed to disclose adverse safety information relating to its leading (and only) product, including reports from consumers, regulators and Toyota's own employees, in order to avoid the likely effect on the market for Toyota securities. Opp., 16-23. Plaintiffs allege Defendants' deliberate "cover-up," including misleading NHTSA, and, like in *Matrixx*, issuing public statements denying the existence of unintended acceleration problems or defects in Toyota vehicles when, in fact, Toyota was aware of problems and defects. *Id*., 18-26.

Dated: March 25, 2010

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP

　 */s/ David R. Stickney*　

BLAIR A. NICHOLAS
(blairn@blbglaw.com)
DAVID R. STICKNEY
(davids@blbglaw.com)
BENJAMIN GALDSTON
(beng@blbglaw.com)
TAKEO A. KELLAR
(takeok@blbglaw.com)
DAVID KAPLAN
(davidk@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:　　(858) 793-0070
Fax:　　(858) 793-0323
　　　-and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:　　(212) 554-1400
Fax:　　(212) 554-1444

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(Bar No. 76359)
(rfairbank@fairbankvincent.com)

DIRK L. VINCENT
(Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:    (213) 891-9010
Fax:   (213) 891-9011

*Liaison Counsel for the Class*

DOUGLAS F. GANSLER
Attorney General of Maryland
CAMPBELL KILLEFER
Deputy Chief of the Civil
 Litigation Division
(ckillefer@oag.state.md.us)
JOHN J. KUCHNO
Assistant Attorney General
(jkuchno@oag.state.md.us)
MARYLAND OFFICE OF ATTORNEY GENERAL
200 St. Paul Place, 20th Floor
Baltimore, MD 21202
Tel:    (410) 576-7291
Fax:   (410) 576-6955

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System*

PLAINTIFFS' NOTICE OF RECENT AUTHORITY
Master File No. CV 10-922 DSF (AJWx)

-4-