Stuart J. Baskin (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Email: sbaskin@shearman.com

Patrick D. Robbins (State Bar No. 152288)
Jeffrey S. Facter (State Bar No. 123817)
SHEARMAN & STERLING LLP
525 Market Street, Suite 1500
San Francisco, CA 94105-2723
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: probbins@shearman.com
       jfacter@shearman.com

Kay E. Kochenderfer (State Bar No. 125847)
Gareth Evans (State Bar No. 138992)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email: kkochenderfer@gibsondunn.com
       gevans@gibsondunn.com

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | CASE NO. CV-10-0922 DSF (AJWx)<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE DECLARATION OF PROFESSOR MATTHEW J. WILSON**<br><br>Hearing: June 6, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 840<br>255 East Temple Street, Los Angeles, CA 90012<br>Judge: Hon. Dale S. Fischer |

Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly (the "Defendants") hereby submit this Reply Brief in support of their Motion to Strike the Declaration of Professor Matthew J. Wilson (the "Wilson Declaration") and in response to the Opposition to the Motion to Strike ("Opp.") submitted by Plaintiffs. Plaintiffs' Opposition fails to provide any basis for justifying the Wilson Declaration, which should be stricken for two principal reasons.

<u>First</u>, the Court should strike the portions of the Wilson Declaration that address and purport to explain American law. Plaintiffs offer no authority for the premise that a witness can offer expert opinions to a federal court on American legal standards, Federal Rules of Civil Procedure, or U.S. case law. To the contrary, as Defendants established in the Motion, it is well established that "expert" opinions that attempt to define, interpret, or explain American legal standards are of no assistance to the court and, accordingly, are inadmissible. *See* Mot. at 2-3 (citing authorities). Plaintiffs fail to address or distinguish any of these authorities.

Instead, Plaintiffs cite Federal Rule of Civil Procedure Rule 44.1, which provides that "[i]n *determining foreign law*, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." (Emphasis added.) But Plaintiffs fail to explain how Rule 44.1 permits Professor Wilson to opine on *American law*, nor can they—by its plain language, Rule 44.1 is limited to "determining foreign law."

Plaintiffs also may not use Rule 44.1 to submit additional briefing on federal legal standards through the guise of an "expert" declaration. This Court has stricken expert opinions that similarly attempt to provide additional legal briefing. *See, e.g., Gable v. NBC*, 727 F. Supp. 2d 815, 835 (C.D. Cal. 2010) (excluding expert report because "portions of [expert]'s report read much like a third legal brief"). Accordingly, the portions of the Wilson Declaration that address and explain American law should be stricken from the record. They are simply not helpful to this Court, are

not relevant to determining foreign law, and effectively circumvent the briefing page limits ordered by the Court.

Second, the Court should strike the remainder of the Wilson Declaration because it seeks to opine on Japanese securities law—a topic on which Professor Wilson has not provided a foundation to show that he has expertise. Plaintiffs seemingly argue that Professor Wilson's opinions on "comparative law issues" (Opp. at 6:23-24) do not require any expertise in Japanese securities laws, but this assertion makes no sense. For Professor Wilson to opine on the similarity or differences between Article 21-2 of Japan's FIEA and Section 10(b) of the federal Exchange Act, he must have a foundation for such an opinion through expertise in Japanese securities laws. *See* Fed. R. Evid. 702, 703; *Zenith Radio Corp. v Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1173 n.50 (E.D. Pa. 1980) (in a complex antitrust case, declining to follow the views of an expert witness on general Japanese law when they conflicted with those of competing witnesses with expertise in Japanese anti-monopoly law) (cited favorably by Plaintiffs, *see* Opp. at 6). But as both his *curriculum vitae* and Plaintiffs' Opposition make clear, Professor Wilson has no such expertise. Moreover, nothing before this Court supports the notion that Professor Wilson even has expertise in *American* securities laws. Because he lacks experience in either the Japanese or American securities laws, Professor Wilson cannot offer an opinion on "comparative law issues."

Plaintiffs seek to sweep aside these deficiencies by arguing that they can submit statements from anyone about anything "relevant" under Rule 44.1 and the Court can "give them whatever probative value . . . they deserve." (Opp. at 5-6.) Even if this were the appropriate standard (which it is not), Plaintiffs do not explain why this Court should consider a purported comparison of complex Japanese and American securities laws from an individual with no experience or expertise in either field.

For all of the foregoing reasons, as well as those set forth in their Motion to Strike, Defendants respectfully request that the Court strike the Wilson Declaration.

| | | |
|---|---|---|
| 1 | DATED: May 23, 2011 | SHEARMAN & STERLING LLP |
| 2 | | |
| 3 | | By:     /s/ Stuart J. Baskin     <br>         Stuart J. Baskin |
| 4 | | GIBSON, DUNN & CRUTCHER LLP |
| 5 | | |
| 6 | | By:     /s/ Kay E. Kochenderfer     <br>         Kay E. Kochenderfer |
| 7 | | Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly |

101079731_5.DOC