BERNSTEIN LITOWITZ BERGER
     & GROSSMANN LLP
BLAIR A. NICHOLAS  (Bar No. 178428)
(blairn@blbglaw.com)
DAVID R. STICKNEY  (Bar No. 188574)
(davids@blbglaw.com)
BENJAMIN GALDSTON  (Bar No. 211114)
(beng@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
          -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Counsel for Lead Plaintiff Maryland State Retirement
and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT
(Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:   (213) 891-9010
Fax:   (213) 891-9011

*Liaison Counsel for the Class*

*(Additional Counsel listed on signature page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx)<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF PROFESSOR MINORU TOKUMOTO AND EIJI MASUDA** |

Lead Plaintiff, Maryland State Retirement and Pension System, and plaintiffs Fresno County Employees' Retirement Association and Robert M. Moss (collectively, "Plaintiffs"), respectfully submit these Responses To Defendants' Evidentiary Objections To The Declaration of Professor Minoru Tokumoto And Eiji Masuda.

## I.   **INTRODUCTION**

Defendants' "evidentiary objections" to the Declaration of Professor Minoru Tokumoto and Eiji Masuda LL.M. ("Tokumoto Decl.") should be overruled in their entirety.  Plaintiffs have submitted the Tokumoto Decl. pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*."[1] Fed. R. Civ. P. 44.1.  The court's determination of foreign law issues is "treated as a ruling on a question of law."  *Id*.  Accordingly, foreign law "need not be 'proved' in an evidentiary sense."  *Forzley v. AVCO Corp. Elecs. Div*., 826 F.2d 974, 979 n.7 (11th Cir. 1987) (citing Rule 44.1).  Defendants' "evidentiary objections" thus lack any legal basis.  *See, e.g., Canales Martinez v. Dow Chem. Co.*, 219 F. Supp. 2d 719, 723 (E.D. La. 2002) (denying as "legally unfounded" motion to strike testimony of foreign law expert on the purported ground of inadmissibility).

Moreover, Defendants' objections are premature at the motion to dismiss stage.  *See, e.g., Yeager v. Bowlin*, 2010 WL 95242, at *1-2 (E.D. Cal. Jan. 6, 2010) (criticizing the "institutionalized practice" of "cluttering the record with unnecessary evidentiary objections").

## II.   **RESPONSE TO GENERAL OBJECTIONS**

Defendants' general objection to the submission of a joint declaration by Professor Tokumoto and Mr. Masuda lacks any legal basis and Defendants provide none.  Defendants' citation to rules of admissibility is inapposite, as Rule 44.1

---

[1] All emphasis is added unless otherwise noted.

provides that in determining an issue of foreign law, "the court may consider any relevant material or source, including testimony, whether or not . . . admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.  A primary objective of Rule 44.1 "was to abandon the fact characterization of foreign law and to make the process of determining alien law identical with the method of ascertaining domestic law to the extent that it is possible to do so."  C. Wright, A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2444 (2008).   The joint declaration of Professor Tokumoto and Mr. Masuda is thus no different than a jointly-authored foreign law treatise or journal article, which are also easily within the scope of Rule 44.1.  *See Matter of Arbitration Between Trans Chem. Ltd. and China Nat'l Mach. Import and Export Corp.*, 978 F. Supp. 266, 276 (S.D. Tex. 1997).

Defendants' objection also lacks any legitimate factual basis. The joint declaration expressly states that it is based on Professor Tokumoto's and Mr. Masuda's respective personal knowledge and is submitted under penalty of perjury pursuant to 28 U.S.C. § 1746.  *See* Tokumoto Decl. ¶¶1, 56.  Both Professor Tokumoto and Mr. Masuda set forth their qualifications and bases for their opinions. *See id.* ¶¶2-13.  Nothing more is required.

III.  **RESPONSES TO SPECIFIC OBJECTIONS**

**Defendants' Objection To Paragraph 15(a):**

Objection to the assertion that "Japanese securities law is well established" on the grounds that it lacks foundation and is contradicted by the assertion at Paragraph 15(b) that there is a "relative lack of Article 21-2 judicial precedent", thus rendering the assertion unreliable and inadmissible.  Fed. R. Evid. 104, 702. The assertion is also inadmissible as irrelevant under Federal Rule of Evidence 402 because general assertions about Japanese securities laws do not address the specific law at issue here, Article 21-2 of the Financial Instruments and Exchange Act of Japan.

---

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rules of Evidence 104 and 702 is thus legally unfounded.

Furthermore, the assertion that "Japanese securities law is well established" is supported by ample foundation throughout the Declaration and is not contradicted by the assertion in paragraph 15(b) that Article 21-2 has a relative lack of judicial precedent. Paragraph 15(a) is located in a section of the Declaration entitled "Summary of Opinions." Support and foundation for the assertions set forth in paragraph 15 are found throughout the Declaration. For example, the very next sentence states that the current Japanese securities laws "were enacted in 1948 and modeled on the U.S. Securities Act of 1933 . . . and the U.S. Securities Exchange Act of 1934" and "in principle, Article 21-2 does not differ from the substance or policy underlying long-existing Japanese securities law and tort laws." Tokumoto Decl. ¶15(a). The Declaration further states that "[t]he Exchange Act was particularly influential on the development of Japanese securities laws. For over six decades, the SEA has set forth the basic rules and regulations for Japanese securities and has continuously governed broad aspects of capital market activities and participants, including securities disclosures in the primary and secondary markets." *Id.* ¶18. Moreover, pursuant to Articles 18 and 19, "issuers have been subject to civil liability for untrue statements in securities-related documents in the primary market since 1948." *Id.* ¶19. "The purpose and concepts embodied in Article 21-2 are consistent with long-standing Japanese securities and tort laws." *Id.* ¶22. The Declaration further notes that "[t]he concepts embodied in Article 21-2(1) through 21-2(4) . . . are very similar to those

long found in Articles 18 and 19.  Because these statutory provisions have been in force since 1948, the concepts in Article 21-2(1) through Article 21-2(4) are not novel and are confirmed in decades of Japanese experience dealing with false statements, misrepresentations, and omissions in securities documentation . . . .  The judicial discretion to adjust damages awards pursuant to Article 21-2(5) is also not novel . . . conceptually it is nearly identical to Article 248 of the Japanese Code of Civil Procedure." *Id.* ¶26.

Next, the statement that there is a "relative lack of Article 21-2 judicial precedent" does not contradict the assertion that "Japanese securities law is well established."  Tokumoto Decl. ¶¶15(a), (b).  As the Declaration repeatedly explains, including in paragraph 15(b), Japan has a civil law system that does not have a firm doctrine of *stare decisis*.  Thus, the relative lack of judicial decisions under Article 21-2, which are not binding precedent in any event, does not mean that either Article 21-2 or the Japanese securities laws as a whole are not "well established." *See id.* ¶32.

Finally, the assertion in paragraph 15(a) is relevant.  Defendants' expert, Mr. Namekata, opined that this case would require "this Court . . . to make novel determinations of many Japanese securities law issues that have required many decades of development under U.S. law."  Namekata Decl. ¶6(a).  The assertion in paragraph 15(a) is relevant in order to respond to the Namekata Declaration, and to establish that Japanese securities laws are well settled and that "novel determinations" would be unnecessary.  *See* Fed. R. Evid. 401 (providing that relevant evidence includes that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); *see Great American Assurance Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1090 (N.D. Cal. 2009) ("Evidence is relevant when it has the slightest probative value.").

**Defendants' Objection To Paragraph 15(b):**

Objection to the assertions that "[t]he Japanese law claim is not complex, and the application of Article 21-2 would be straightforward", "the facts underlying the Japanese law claim are simple", "Article 21-2 is easily applied to the relevant facts in this case", and "Japan has a civil law system, so the relative lack of Article 21-2 judicial precedent is no obstacle to adjudicating the Japanese law claim" for lack of foundation and personal knowledge.  Professor Tokumoto and Mr. Masuda have never been employed by any of the Defendants and have not undertaken any investigation of the allegations underlying the Complaint − in fact, they concede that they are not offering an opinion on the merits of Plaintiffs' claims (see Paragraph 15, footnote 2).  Their contentions that the facts of this case are "simple" and Article 21-2 "is easily applied" are unsupported and baseless.  Fed. R. Evid. 602.

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*."  Fed. R. Civ. P. 44.1.  Defendants' objection under Federal Rule of Evidence 602 is thus legally unfounded.

Furthermore, Professor Tokumoto and Mr. Masuda have sufficient personal knowledge about the Japanese law claims in this case, the application of Japanese law to the claims in this case, and the adjudication of Japanese securities law claims to support their opinions.  Contrary to Defendants' assertions, Professor Tokumoto and Mr. Masuda need not have been employed by Defendants in order to opine on such matters.  Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matter to which he testifies.  To prove such knowledge, the evidence may consist of the witness' own testimony.  Fed. R. Evid.

602.  "Personal knowledge includes opinions and inferences grounded in observations and experience."  *Great American*, 669 F. Supp. 2d at 1089.  Mr. Tokumoto's qualifications and background are summarized in paragraphs 2-7 of the Declaration, and Mr. Masuda's qualifications and background are summarized in paragraphs 8-13 of the Declaration.  In addition, paragraph 15 of the Declaration provides, "[w]e have been asked to review, ***and did review***, the Japanese law claim regarding corporate Defendants and to provide information regarding the potential application of Japanese securities law in this lawsuit and comity considerations related to this lawsuit.  We have also been asked to review and respond to the Declaration of Kunio Namekata in Support of Defendants' Motion."  Therefore, Defendants' argument that Professor Tokumoto and Mr. Masuda "have not undertaken any investigation of the allegations underlying the Complaint" is contradicted by the express representation in the Declaration.

Moreover, paragraph 15(b) is located in a section of the Declaration entitled "Summary of Opinions."  Support and foundation for the assertions set forth in paragraph 15 are found throughout the Declaration.  *See* Tokumoto Decl. ¶¶16-26 (establishing that the Japanese law claim does not present novel issues of Japanese securities law); ¶¶27-35 (establishing that the Japanese law claim does not raise complex issues of Japanese securities law); ¶¶36-43 (explaining why comity would not be offended); ¶¶44-56 (explaining why enforcement of this Court's judgment would not be problematic).

### Defendants' Objection To Paragraph 15(c):

Objection to the assertion that "[a]djudication of this case by the U.S. District Court would not offend principles of international comity" on the grounds that it offers an ultimate legal conclusion regarding U.S. federal law and U.S. legal standards.  Fed. R. Evid. 104, 402, 702; *see also Nationwide Transp. Fin. v. Cass Info. Sys.,* 523 F.3d 1051, 1058 (9th Cir. 2008) (excluding expert's legal conclusions interpreting Uniform Commercial Code sections).

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rules of Evidence 104, 402, and 702 is thus legally unfounded.

Furthermore, the assertion in paragraph 15(c) of the Declaration that "[a]djudication of this case by the U.S. District Court [] would not offend principles of international comity" does not offer an ultimate legal conclusion regarding U.S. federal law and U.S. legal standards. Rather, it simply offers testimony on the extent to which a *Japanese court* would object to a *foreign court's* adjudication of claims under Article 21-2. This point is readily apparent upon a review of the entire paragraph. Expert testimony is commonly used to establish matters of foreign law. *See, e.g., Doe v. Nestle, S.A.*, 748 F. Supp. 2d 1057, 1070-71 (C.D. Cal. 2010); *Deirmenjian v. Deutsche Bank, A.G.*, 2010 WL 3034060, at *10 (C.D. Cal. July 30, 2010).

Defendants' reliance on *Nationwide*, 523 F.3d at 1058, is misplaced. First, the expert in *Nationwide* opined on matters of pure U.S. law, whereas the instant Declaration addresses whether a Japanese court would object to adjudication of Article 21-2 by a foreign court. Further, unlike here, the court in *Nationwide* found that the expert provided "erroneous statements of law" and went so far as to describe the defendant's conduct as "wrongful" and "superfluous and mischievous." *See id.* at 1058-59.

**Defendants' Objection To Paragraph 16:**

Objection to the assertion that "Japanese securities laws are well developed" on the grounds that it lacks foundation and is contradicted by the assertion at Paragraph 15(b) that there is a "relative lack of Article 21-2 judicial precedent",

thus rendering the assertion unreliable and inadmissible.  Fed. R. Evid. 104, 702.
The assertion is also inadmissible as irrelevant under Federal Rule of Evidence 402
because assertions about Japanese securities laws in general do not address the
specific law at issue here, Article 21-2 of the Financial Instruments and Exchange
Act of Japan.

### Plaintiffs' Response:

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal
Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining
foreign law, the court may consider any relevant material or source, including
testimony, *whether or not . . . admissible under the Federal Rules of Evidence*."
Fed. R. Civ. P. 44.1.  Defendants' objection under Federal Rules of Evidence 104,
402, and 702 is thus legally unfounded.

Furthermore, the assertion that "Japanese securities laws are well
developed" is supported by abundant foundation throughout the Declaration and is
not contradicted by the assertion in paragraph 15(b) that Article 21-2 has a relative
lack of judicial precedent.   For example, paragraph 15(a) states, "[c]urrent
Japanese securities laws were enacted in 1948 and modeled on the U.S. Securities
Act of 1933 . . . and the U.S. Securities Exchange Act of 1934 . . . . [I]n principle,
Article 21-2 does not differ from the substance or policy underlying long-existing
Japanese securities law and tort laws."  Tokumoto Decl. ¶15(a).  The Declaration
further states that "[t]he Exchange Act was particularly influential on the
development of Japanese securities laws.  For over six decades, the SEA has set
forth the basic rules and regulations for Japanese securities and has continuously
governed broad aspects of capital market activities and participants, including
securities disclosures in the primary and secondary markets."  *Id.* ¶18.  Moreover,
pursuant to Articles 18 and 19, "issuers have been subject to civil liability for
untrue statements in securities-related documents in the primary market since
1948."  *Id.* ¶19.  "The purpose and concepts embodied in Article 21-2 are

consistent with long-standing Japanese securities and tort laws." *Id.* ¶22.   The Declaration further notes that "[t]he concepts embodied in Article 21-2(1) through 21-2(4) . . . are very similar to those long found in Articles 18 and 19.   Because these statutory provisions have been in force since 1948, the concepts in Article 21-2(1) through Article 21-2(4) are not novel and are confirmed in decades of Japanese experience dealing with false statements, misrepresentations, and omissions in securities documentation . . . . The judicial discretion to adjust damages awards pursuant to Article 21-2(5) is also not novel . . . conceptually it is nearly identical to Article 248 of the Japanese Code of Civil Procedure." *Id.* ¶26.

Next, the statement that there is a "relative lack of Article 21-2 judicial precedent" does not contradict the assertion that "Japanese securities law is well established."   Tokumoto Decl. ¶¶15(a), (b).   As the Declaration repeatedly explains, including in paragraph 15(b), Japan has a civil law system that does not have a firm doctrine of *stare decisis*.   Thus, the relative lack of judicial decisions under Article 21-2, which are not binding precedent in any event, does not mean that either Article 21-2 or the Japanese securities laws as a whole are not "well established." *See id.* ¶32.

Finally, the assertion in paragraph 15(a) is relevant.   Defendants' expert, Mr. Namekata, opined that this case would require "this Court . . . to make novel determinations of many Japanese securities law issues that have required many decades of development under U.S. law."   Namekata Decl. ¶6(a).   The assertion in paragraph 15(a) is relevant in order to respond to the Namekata Declaration and establish that Japanese securities laws are well settled and that "novel determinations" would be unnecessary.   *See* Fed. R. Evid. 401 (providing that relevant evidence includes that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); *see Great American*, 669 F.

Supp. 2d at 1090 ("Evidence is relevant when it has the slightest probative value.").

**Defendants' Objection To Paragraphs 27-29:**

Objection to the assertions that "[t]he facts pertinent to the Japanese law claims are not complex, and application of Article 21-2 to those facts would not raise any complex issue of Japanese law", "[t]he facts underlying the Japanese law claim are relatively simple and are the same facts underlying Plaintiffs' Section 10(b) claims", and "application of Article 21-2 in this lawsuit would also be straightforward" for lack of foundation and personal knowledge.   Professor Tokumoto and Mr. Masuda have never been employed by any of the Defendants and have not undertaken any investigation of the allegations underlying the Complaint – in fact, they concede that they are not offering an opinion on the merits of Plaintiffs' claims (see Paragraph 15, footnote 2).  Their contentions that the facts of this case are "simple" and Article 21-2 "is easily applied" are unsupported and baseless.  Fed. R. Evid. 602.

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rule of Evidence 602 is thus legally unfounded.

Furthermore, Professor Tokumoto and Mr. Masuda have sufficient personal knowledge about the Japanese law claims in this case, the application of Japanese law to the claims in this case, and the adjudication of Japanese securities law claims to support their opinions.  Contrary to Defendants' assertions, Professor Tokumoto and Mr. Masuda need not have been employed by Defendants in order to opine on such matters.  Federal Rule of Evidence 602 requires that a witness

have personal knowledge of the matter to which he testifies.   To prove such knowledge, the evidence may consist of the witness' own testimony.  Fed. R. Evid. 602.   "Personal knowledge includes opinions and inferences grounded in observations and experience."  *Great American*, 669 F. Supp. 2d at 1089. Professor Tokumoto's qualifications and background are summarized in paragraphs 2-7 of the Declaration, and Mr. Masuda's qualifications and background are summarized in paragraphs 8-13 of the Declaration.  Paragraph 15 of the Declaration provides, "We have been asked to review, ***and did review***, the Japanese law claim regarding corporate Defendants and to provide information regarding the potential application of Japanese securities law in this lawsuit and comity considerations related to this lawsuit.  We have also been asked to review and respond to the Declaration of Kunio Namekata in Support of Defendants' Motion."   Therefore, Defendants' argument that Professor Tokumoto and Mr. Masuda "have not undertaken any investigation of the allegations underlying the Complaint" is belied by the express representation in the Declaration.

Moreover, support and foundation for the assertions set forth in paragraphs 27-29 can be found throughout the Declaration.  *See* Tokumoto Decl. ¶¶16-26 (establishing that the Japanese law claim does not present novel issues of Japanese securities law); ¶¶27-35 (establishing that the Japanese law claim does not raise complex issues of Japanese securities law); ¶¶36-43 (explaining why comity would not be offended); ¶¶44-56 (explaining why enforcement of this Court's judgment is not problematic).

### Defendants' Objection To Paragraph 30:

Objection to the assertion that "it is entirely possible that the Japanese law claim will require considerably less time and effort than the U.S. securities claims" on the grounds that it is speculative, lacks foundation, and lacks personal knowledge.  Fed. R. Evid. 602.

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rule of Evidence 602 is thus legally unfounded.

Furthermore, based on their understanding of both Japanese and U.S. securities laws (*see* Tokumoto Decl. Exs. A and B), Professor Tokumoto and Mr. Masuda are qualified to opine on whether the Japanese law claim will require less time and effort than the U.S. securities law claims. Indeed, the next sentence in paragraph 30 sets forth three objective reasons to support their opinion. Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matter to which he testifies. To prove such knowledge, the evidence may consist of the witness' own testimony. Fed. R. Evid. 602. "Personal knowledge includes opinions and inferences grounded in observations and experience." *Great American*, 669 F. Supp. 2d at 1089. Professor Tokumoto and Mr. Masuda have laid proper foundation for their assertions in paragraph 30 and their testimony is grounded in their relevant observations and experience.

**Defendants' Objection To Paragraph 36:**

Objection to the assertion that "[i]nternational comity would not be offended by the Court's adjudication of the Japanese law claim" on the grounds that it offers an ultimate legal conclusion regarding U.S. federal law and U.S. legal standards. Fed. R. Evid. 104, 402, 702; *see also Nationwide*, 523 F.3d at 1058.

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including

testimony, *whether or not . . . admissible under the Federal Rules of Evidence*."
Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rules of Evidence 104,
402, and 702 is thus legally unfounded.

Furthermore, Professor Tokumoto's and Mr. Masuda's opinion that
"[i]nternational comity would not be offended by the Court's adjudication of the
Japanese law claim" does not offer an ultimate legal conclusion regarding U.S.
federal law and U.S. legal standards.  Rather, the Declaration addresses opinions
offered by Mr. Namekata, and offers testimony on the extent to which a *Japanese
court* would object to a *foreign court's* adjudication of claims under Article 21-2.
Expert testimony is commonly used to establish matters of foreign law.  *See, e.g.,
Doe v. Nestle, S.A.*, 748 F. Supp. 2d 1057, 1070-1071 (C.D. Cal. 2010);
*Deirmenjian*, 2010 WL 3034060, at *10.

Defendants' reliance on *Nationwide*, *supra*, is misplaced.  First, the expert in
*Nationwide* opined on matters of pure U.S. law, whereas the instant Declaration
addresses whether a Japanese court would object to adjudication of Article 21-2 by
a foreign court.  Further, unlike here, the court in *Nationwide* found that the expert
provided "erroneous statements of law" and went so far as to describe the
defendant's conduct as "wrongful" and "superfluous and mischievous."  *See* 523
F.3d at 1058-59.

### **Defendants' Objection To Paragraph 41:**

Objection to the assertions that "there is nothing about the Court's
adjudication of the Japanese law claim that would inhibit or hinder Japan's
domestic securities regulatory scheme" and "[a]ny potential future administrative
action commenced by Japan under the FIEA would be complimentary to this
private civil action initiated pursuant to Article 21-2" on the grounds that they are
speculative, lack foundation, and lack personal knowledge.  Fed. R. Evid. 602.

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rule of Evidence 602 is thus legally unfounded.

Furthermore, Professor Tokumoto and Mr. Masuda opine in paragraph 41 that "there is nothing about the Court's adjudication of the Japanese law claim that would inhibit or hinder Japan's domestic securities regulatory scheme" and "[a]ny potential future administrative action commenced by Japan under the FIEA would be complimentary to this private civil action initiated pursuant to Article 21-2," based on their experience, observations and their thorough understanding of the Japanese legal system, Japanese law, and Japanese securities laws.  Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matter to which he testifies.   To prove such knowledge, the evidence may consist of the witness' own testimony.    Fed. R. Evid. 602.   "Personal knowledge includes opinions and inferences grounded in observations and experience."   *Great American*, 669 F. Supp. 2d at 1089.  To support the contentions in paragraph 41, the Declaration explains that: (1) no Japanese court or regulatory authority has objected to a foreign court's adjudication of claims under Article 21-2 or any other provision of the FIEA; (2) no provision in the FIEA provides any governmental agency or regulatory body with exclusive jurisdiction over Article 21-2 claims; (3) it appears there are no other proceedings pending in Japan with respect to the damages that Plaintiffs allege in the Japanese law claims; and (4) this Court's adjudication of the Japanese law claim would be akin to recognizing the legitimacy and application of Article 21-2.  Tokumoto Decl. ¶¶37-40.  When read in context,

it is readily apparent that the statements in paragraph 41 are made with personal knowledge and proper foundation.

**Defendants' Objection To Paragraph 42:**

Objection to the assertions that "there would be no direct policy conflict involved with respect to this Court's adjudication of the Japanese law claim" on the grounds that they are speculative, lack foundation, and lack personal knowledge. Fed. R. Evid. 602.

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rule of Evidence 602 is thus legally unfounded.

Furthermore, Professor Tokumoto and Mr. Masuda opine in paragraph 42 of the Declaration that "there would be no direct policy conflict involved with respect to this Court's adjudication of the Japanese law claim" based on their experience, observations, and their thorough understanding of the Japanese legal system, Japanese law, and Japanese securities laws, and their review of the Japanese law claim in this case.  Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matter to which he testifies.  To prove such knowledge, the evidence may consist of the witness' own testimony.  Fed. R. Evid. 602. "Personal knowledge includes opinions and inferences grounded in observations and experience." *Great American*, 669 F. Supp. 2d at 1089.  To support the assertion in paragraph 42, the Declaration provides that "Section 10(b) is fundamentally similar to Article 21-2 of the FIEA, and the underlying policies of U.S. and Japanese securities laws are functionally equivalent."  Tokumoto Decl.

¶42; *see also* ¶¶28-30.  This statement is clearly made with personal knowledge and proper foundation.

**Defendants' Objection To Paragraph 43:**

Objection to the assertions that "the adjudication of a single-tort based claims by this Court would not undermine traditional notions of comity" and "considerations of burden also favor adjudication of this action in the Central District of California" on the grounds that they are inadmissible because they are speculative and the assertion regarding burden lacks any foundation on factual evidence in the declaration or record.  Fed. R. Evid. 104, 602.

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rules of Evidence 104 and 602 is thus legally unfounded.

Furthermore, Professor Tokumoto and Mr. Masuda opine in paragraph 43 of the Declaration that "the adjudication of a single-tort based claim by this Court would not undermine traditional notions of comity" and "[c]onsiderations of burden also favor adjudication of this action in the Central District of California," based on their experience and thorough understanding of the Japanese legal system, Japanese law, and Japanese securities laws, and their review of the Japanese law claim in this case.  Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matter to which he testifies.  To prove such knowledge, the evidence may consist of the witness' own testimony.  Fed. R. Evid. 602.  "Personal knowledge includes opinions and inferences grounded in observations and experience."  *Great American*, 669 F. Supp. 2d at 1089.  To support the assertion that comity would not be undermined by adjudicating a single

tort-based claim, the Declaration states that "[t]he parties are from both the U.S. and Japan, a significant amount of Defendants' underlying conduct occurred in the United States, a substantial amount of both Defendants' and Plaintiffs' witnesses and evidence are located in the United States, and investors were allegedly harmed in the United States and elsewhere."    Tokumoto Decl. ¶43.    To support the assertion that considerations of burden favor adjudicating in the Central District, the Declaration refers to facts and personal observations upon which Professor Tokumoto and Mr. Masuda base their opinions: (1) Japanese courts and the Central District have similarly congested dockets; (2) this Court has already invested resources in this case; and (3) the Japanese securities claim and the U.S. securities claims are largely coextensive.    *Id.* ¶43; *see also* ¶¶28-30.    Accordingly, the assertions in paragraph 43 are made with personal knowledge and proper foundation.

### Defendants' Objection To Paragraph 47:

Objection to the assertion that "this Court's judgment would not be inconsistent with any public policy of Japan and would meet all of the other conditions required for the recognition of foreign judgments, such as proper jurisdiction, adequate service of process, and reciprocity" on the grounds that it is speculative, lacks foundation, and lacks personal knowledge.  Fed. R. Evid. 602.

### Plaintiffs' Response:

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rule of Evidence 602 is thus legally unfounded.

Furthermore, Professor Tokumoto and Mr. Masuda opine in paragraph 47 that "this Court's judgment would not be inconsistent with any public policy of

Japan and would meet all of the other conditions required for the recognition of foreign judgments, such as proper jurisdiction, adequate service of process, and reciprocity," based on their experience, observations, and their thorough understanding of the Japanese legal system, Japanese law, and Japanese securities laws. Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matter to which he testifies.  To prove such knowledge, the evidence may consist of the witness' own testimony. Fed. R. Evid. 602. "Personal knowledge includes opinions and inferences grounded in observations and experience." *Great American*, 669 F. Supp. 2d at 1089.  The statement in paragraph 47 is supported when the entire paragraph is reviewed and placed in context.

Moreover, footnote 17 of the Tokumoto Declaration, which explains in detail facts that support the statement, provides:

> No U.S. judgments in Japan have been denied enforcement for failure to satisfy the reciprocity or mutual guarantee requirement. The reciprocity requirement has been satisfied between Japan and the United States due to U.S. rules concerning the recognition and enforcement of foreign judgments under *Hilton v. Guyot*, 159 U.S. 113 (1895), and the Uniform Foreign Money Judgments Recognition Act, which has been adopted by almost all of the states, including California. *See generally Burroughs Corp. v. Chung*, 37 *Minshū* 611 (Sup. Ct. June 7, 1983).

This statement is therefore made with ample personal knowledge and proper foundation.

### **Defendants' Objection To Paragraph 55:**

Objection to the assertion that "a U.S. class action judgment enforcing a claim under Japanese law would, in appropriate circumstances, be recognized by a Japanese court" on the grounds that it is speculative, lacks foundation, and lacks personal knowledge.  Fed. R. Evid. 602.

**Plaintiffs' Response:**

Plaintiffs have submitted the Tokumoto Declaration pursuant to Federal Rule of Civil Procedure 44.1, which expressly provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not . . . admissible under the Federal Rules of Evidence*." Fed. R. Civ. P. 44.1. Defendants' objection under Federal Rule of Evidence 602 is thus legally unfounded.

Furthermore, Defendants isolate one portion of a sentence in paragraph 55. Many sentences, when fragmented and taken out of context, would appear speculative and unsupported.  As with many of Defendants' objectionable phrases, a review of the entire paragraph is necessary for proper context. Paragraph 55 of the Tokumoto Declaration provides:

> In light of the existence of these procedural mechanisms, the accepted idea of group litigation in Japan, and prior actions by the Japanese courts recognizing U.S. judgments in many contexts (including judgments that could not have been obtained in a Japanese court), it is our opinion that ***a U.S. class action judgment enforcing a claim under Japanese law would, in appropriate circumstances, be recognized by a Japanese court.***

Defendants object to the emphasized portion.  Prior to making the assertion in paragraph 55, Professor Tokumoto and Mr. Masuda devote ten paragraphs (beginning with paragraph 44) laying foundation and providing support.  The assertion in paragraph 55, therefore, is based upon ample personal knowledge and proper foundation.  *See Great American*, 669 F. Supp. 2d at 1089 ("Personal knowledge includes opinions and inferences grounded in observations and experience.").

Dated: June 1, 2011

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

*/s/ Blair A. Nicholas*
BLAIR A. NICHOLAS
(blairn@blbglaw.com)

DAVID R. STICKNEY
(davids@blbglaw.com)
BENJAMIN GALDSTON
(beng@blbglaw.com)
DAVID KAPLAN
(davidk@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:      (858) 793-0070
Fax:     (858) 793-0323
   -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:      (212) 554-1400
Fax:     (212) 554-1444

*Counsel for Lead Plaintiff Maryland
State Retirement and Pension System and
Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT
(Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:      (213) 891-9010
Fax:     (213) 891-9011

*Liaison Counsel for the Class*

DOUGLAS F. GANSLER
Attorney General of Maryland
CAMPBELL KILLEFER
Deputy Chief of the Civil
 Litigation Division
(ckillefer@oag.state.md.us)
JOHN J. KUCHNO
Assistant Attorney General
(jkuchno@oag.state.md.us)
MARYLAND OFFICE OF ATTORNEY
GENERAL
200 St. Paul Place, 20th Floor
Baltimore, MD 21202
Tel:      (410) 576-7291
Fax:     (410) 576-6955

*Counsel for Lead Plaintiff Maryland
State Retirement and Pension System*