BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
BLAIR A. NICHOLAS  (Bar No. 178428)
(blairn@blbglaw.com)
DAVID R. STICKNEY  (Bar No. 188574)
(davids@blbglaw.com)
BENJAMIN GALDSTON  (Bar No. 211114)
(beng@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
      -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT
(Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:   (213) 891-9010
Fax:   (213) 891-9011

*Liaison Counsel for the Class*

*(Additional Counsel listed on signature page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx) <br><br> LEAD PLAINTIFF'S STATUS REPORT AND REQUEST FOR SCHEDULING CONFERENCE PURSUANT TO FED. R. CIV. P. 16 <br><br> Courtroom: 840 <br> Judge:    Dale S. Fischer |

Lead Plaintiff, Maryland State Retirement and Pension System, respectfully submits this Status Report And Request For Scheduling Conference Pursuant To Federal Rule Of Civil Procedure 16 to notify the Court of developments since the Court's July 7, 2011 Order [ECF No. 213] granting in part and denying in part defendants' motion to dismiss plaintiffs' consolidated complaint.

Pursuant to the Court's July 7 Order, the Court granted plaintiffs leave to amend their complaint by July 28, 2011. The Court further provided that, if plaintiffs fail to amend, defendants' answer will be due on August 19, 2011.

On July 14, 2011, lead counsel notified counsel for defendants by telephone that plaintiffs would not amend the consolidated complaint pursuant to the Court's July 7 Order, and requested that the parties meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure as soon as practicable. *See* July 18, 2011 correspondence from B. Nicholas to P. Robbins, attached as Exhibit A. Counsel for defendants indicated that available dates for the conference would be provided shortly after returning from a vacation planned for the week of July 18, 2011. *Id*.

On July 18, 2011, counsel for defendants informed plaintiffs by telephone that defendants refuse to schedule a Rule 26(f) conference until after defendants file their answers to the complaint, which is currently scheduled for August 19, 2011. *Id*.; *see also* July 18, 2011 email exchange between B. Nicholas and P. Robbins, attached as Exhibit B.

Rule 26(f) requires that the parties ***must*** confer ***as soon as practicable*** to discuss "the possibilities for promptly setting or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a discovery plan." Fed. R. Civ. P. 26(f)(1) & (2) (emphasis added). The Federal Rules do not anticipate or require that a Rule 26(f) conference be postponed until after a party has served its answer to a complaint, as defendants have requested here. Moreover, defendants' proposed postponement of the Rule 26(f) conference is inconsistent with the

Court's standing order, which "encourages counsel to agree to begin discovery actively <u>before</u> the scheduling conference" (emphasis in original). Discovery cannot actively commence, however, until the parties have conferred as required by Rule 26(f). *See* Fed. R. Civ. P. 26(d).

Plaintiffs further submit that there is no legitimate practical reason to delay the required 26(f) conference. This action has been pending before the Court since February 8, 2010. Discovery in the related unintended acceleration MDL pending before Judge Selna has been proceeding apace for more than one year and is in an advanced stage. Unquestionably, defendants have already collected, reviewed and produced discovery and deposition testimony in the MDL that is indisputably relevant to the claims and defenses in this action, and such discovery continues presently. As the Court previously recognized, coordinating discovery with the MDL now that plaintiffs have sustained claims will promote efficiency, and avoid waste and unnecessary duplication of discovery. *See* Aug. 30, 2010 Order Denying Without Prejudice Motion For An Order Modifying The PSLRA Discovery Stay [EFC No. 167] at 2.

Accordingly, consistent with Rule 1's mandate that the Federal Rules be "construed and administered to secure the just, speedy, and inexpensive determination" of this action, plaintiffs respectfully request that the Court set a scheduling conference with the parties pursuant to Rule 16 within 45 days, or at the Court's next convenience, and direct the parties to meet and confer pursuant to Rule 26(f) as soon as practicable and at least 21 days in advance of the conference.

Dated:  July 20, 2011              Respectfully submitted,

                                    BERNSTEIN LITOWITZ BERGER
                                       & GROSSMANN LLP

                                   */s/ Blair A. Nicholas*

                                  BLAIR A. NICHOLAS
                                  (blairn@blbglaw.com)
                                  DAVID R. STICKNEY
                                  (davids@blbglaw.com)

BENJAMIN GALDSTON
(beng@blbglaw.com)
DAVID KAPLAN
(davidk@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:     (858) 793-0070
Fax:    (858) 793-0323
    -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:     (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT
(Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:    (213) 891-9010
Fax:   (213) 891-9011

*Liaison Counsel for the Class*

DOUGLAS F. GANSLER
Attorney General of Maryland
CAMPBELL KILLEFER
Deputy Chief of the Civil
 Litigation Division
(ckillefer@oag.state.md.us)
JOHN J. KUCHNO
Assistant Attorney General
(jkuchno@oag.state.md.us)
MARYLAND OFFICE OF ATTORNEY GENERAL
200 St. Paul Place, 20th Floor
Baltimore, MD 21202
Tel:    (410) 576-7291
Fax:   (410) 576-6955

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System*

-3-

LEAD PLAINTIFF'S STATUS REPORT AND
REQUEST FOR SCHEDULING CONFERENCE
Master File No. CV 10-922 DSF (AJWx)

# EXHIBIT A

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

BLAIR A. NICHOLAS
blairn@blbglaw.com
(858) 793-0070

July 18, 2011

**VIA E-MAIL**

Patrick D. Robbins, Esq.
Shearman & Sterling LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111

Re: *In re Toyota Motor Corp. Sec. Litig.* – Scheduling of Rule 26(f) Conference

Dear Patrick:

I write to confirm our conversations of Thursday, July 14, 2011, and today. On Thursday, I informed you that Plaintiffs in the above-entitled action do not intend to amend their complaint. Pursuant to the Federal Rules of Civil Procedure, I requested that the parties confer as soon as practicable for a Rule 26(f) conference. As we discussed, Rule 26(f) requires that the parties confer "***as soon as practicable*** – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." You stated that you would be on vacation during the week of July 18, but that you would confer with your co-counsel and provide me with available dates for the Rule 26(f) conference shortly after your return.

Today, you informed me that defendants refuse to schedule the Rule 26(f) conference until after defendants file their answers to the complaint and/or until the Court orders a scheduling conference under Rule 16(b). I responded that the timing for the Rule 26(f) conference is ***not*** dictated by either the date for defendants to answer the complaint (August 19, 2011, per the Court's July 7 Order) or a Court-ordered scheduling conference, but rather is required to be held ***as soon as practicable***. Moreover, Judge Fischer's standing order (para. 4.a.) states "[t]he Court encourages counsel to agree to begin discovery actively <u>before</u> the scheduling conference." *See also* Judge Fischer's sample order setting scheduling conference (same). In addition, given the advanced state of discovery in the related MDL pending before Judge Selna,

12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323

EX. A, PAGE 2

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Patrick D. Robbins
July 18, 2011
Page 2

---

and the fact that Plaintiffs' Consolidated Complaint was filed over ten months ago, there is no legitimate reason to delay the Rule 26(f) conference.

I also informed you today that if defendants refuse to meet and confer pursuant to Rule 26(f) as soon as practicable, we intend to: (1) notify the Court of the impasse and request that the Court direct the parties to hold the Rule 26(f) conference as soon as practicable (*i.e.*, within the next 14 days); and (2) set a scheduling conference within the next 30 to 45 days. In response, you reiterated defendants' refusal to schedule a Rule 26(f) conference until after the defendants file their answer and/or until the Court sets the scheduling conference under Rule 16(b).

Lead Plaintiffs respectfully request that defendants reconsider their refusal to schedule the Rule 26(f) conference as soon as practicable. Otherwise, as we conferred about during our telephone conversation today, Lead Plaintiffs intend to seek relief as set forth above. Please inform me if defendants have reconsidered their response by tomorrow at 5:00 p.m.

Regards,

*/s/ Blair A. Nicholas*

Blair A. Nicholas

BAN/bg

cc: Kay E. Kochenderfer, Esq.

# EXHIBIT B

| | |
|---|---|
| From: | Blair Nicholas |
| Sent: | Tuesday, July 19, 2011 2:07 PM |
| To: | Patrick Robbins |
| Cc: | kkochenderfer@gibsondunn.com; Stuart Baskin; 'Gareth T. Evans'; Jeffrey Facter; Emily Griffen; David Stickney; Ben Galdston; David Kaplan |
| Subject: | RE: In re Toyota Motor Corp. Sec. Litig. correspondence |

Patrick,

Thank you for the email, but we clearly have discussed this issue fully over two telephone conversations. While we attempted to work this out cooperatively, you have now reiterated (for the third time) that defendants' position is that the Rule 26(f) conference should not take place until the answer is filed. There is no such requirement and we completely disagree with defendants' position. Therefore, we plan to move the Court for the appropriate relief because defendants are refusing to schedule the Rule 26(f) conference as soon as practicable. Should your position change, we can notify the Court at that time.

Best Regards,

Blair

---

**From:** Patrick Robbins [mailto:PRobbins@Shearman.com]
**Sent:** Tuesday, July 19, 2011 1:42 PM
**To:** Blair Nicholas
**Cc:** kkochenderfer@gibsondunn.com; Stuart Baskin; 'Gareth T. Evans'; Jeffrey Facter; Emily Griffen
**Subject:** RE: In re Toyota Motor Corp. Sec. Litig. correspondence

Blair, thanks for your letter. Because I am away from the office on vacation, I will have to answer it by email.

Plaintiff and defendants clearly have not discussed this issue fully (you and I only spoke for a few minutes yesterday morning). We are not refusing to schedule a Rule 26(f) conference. We do think that it should be scheduled in an orderly fashion, and that it makes sense to hold it as soon as our Answer is filed. I can try to discuss your letter with our group this week, but that is difficult given that I am away and Kay Kochenderfer is dealing with a family emergency. We won't be able to accommodate your demand for a response by 5pm today. I do propose that we meet and confer further as soon as I return, on Monday morning. Since that short delay shouldn't prejudice you, and because I think additional discussion would be helpful here, I hope you will see that as satisfactory.

As I mentioned when we spoke, we have appreciated your courtesy and cooperation so far in this matter.

Best regards,

Patrick

Patrick D. Robbins
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
T: (415) 616-1210
F: (415) 616-1410
probbins@shearman.com
www.shearman.com

1

**IRS Circular 230 Disclosure**
Any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties and is not intended to be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement.
*****************************************************************

This communication and any attachments may be privileged or confidential. If you are not the intended recipient, you have received this in error and any review, distribution or copying of this communication is strictly prohibited. In such an event, please notify us immediately by reply email or by phone (collect at 212-848-4000) and immediately delete this message and all attachments.


Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**From:** Alan Abbey [mailto:AlanA@blbglaw.com]
**Sent:** Monday, July 18, 2011 4:32 PM
**To:** Patrick Robbins
**Cc:** kkochenderfer@gibsondunn.com; Blair Nicholas
**Subject:** In re Toyota Motor Corp. Sec. Litig. correspondence

Dear counsel:

Please see attached correspondence from Blair A. Nicholas. Thank you.

Alan Abbey, Assistant to Blair A. Nicholas
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA. 92130-3582
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

**Statement of Confidentiality**
The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or at (858) 793-0070 and delete this message and its attachments, if any.