Stuart J. Baskin (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
Email:  sbaskin@shearman.com

Patrick D. Robbins (State Bar No. 152288)
Jeffrey S. Facter (State Bar No. 123817)
SHEARMAN & STERLING LLP
525 Market Street, Suite 1500
San Francisco, CA  94105-2723
Telephone:  (415) 616-1100
Facsimile:  (415) 616-1199
Email:  probbins@shearman.com
        jfacter@shearman.com

Kay E. Kochenderfer (State Bar No. 125847)
Gareth Evans (State Bar No. 138992)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520
Email:  kkochenderfer@gibsondunn.com
        gevans@gibsondunn.com

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | CASE NO. CV-10-0922 DSF (AJWx)<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S STATUS REPORT AND REQUEST FOR SCHEDULING CONFERENCE PURSUANT TO FED. R. CIV. P. 16**<br><br>Courtroom: 840<br>Judge:    Hon. Dale S. Fischer |

Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly ("Defendants") submit the following response to Lead Plaintiff's Status Report and Request for Scheduling Conference Pursuant to Fed. R. Civ. P. 16 ("Request for Scheduling Conference" or the "Request").[1]

# I.
# INTRODUCTION

As is apparent from the correspondence and emails attached to the Request for Scheduling Conference, this motion arises out of Lead Plaintiff's attempt to immediately schedule the Rule 26(f) conference to take place within 14 days upon notifying counsel for defendants, Patrick Robbins, that Lead Plaintiff does not intend to amend its Consolidated Class Action Complaint following the Court's Order granting in significant part Defendants' Motion to Dismiss.  (*See* Exh. A to Plaintiff's Request, memorializing phone conversations on July 14 and 18, 2011.)

While communicating Defendants' request that the Rule 26(f) conference take place after Defendants have filed their Answer on August 19, 2011, Mr. Robbins noted that he is on vacation this week and Defendants' co-counsel is unavailable due to a family emergency.  Mr. Robbins therefore suggested that the parties discuss scheduling the Rule 26(f) conference as soon as he returns on Monday, July 25.  (*See id.*, Exh. B.)  Instead, Lead Plaintiff's counsel responded by filing this Request for Scheduling Conference seeking to compel Defendants to immediately schedule the Rule 26(f) conference because Fed. R. Civ. P. 26(f) provides that the conference must take place no later than 21 days before the Rule 16(b) scheduling conference.  For the following

---

[1] Lead Plaintiff's Request for Scheduling Conference is arguably an improper "hybrid" ex parte motion, as described in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), as it seeks the Court's immediate action outside of the noticed motion procedures without a showing of irreparable harm.  (*See* Judge's Procedures, Hon. Dale S. Fischer # 6) (citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) (available at http://www.cacd.uscourts.gov).

1

reasons, Defendants respectfully request that the Court set the Rule 16(b) scheduling conference at least five weeks after Defendants' August 19, 2011 deadline to file their Answer (on or after October 3, 2011).

## II.

## ARGUMENT

Lead Plaintiff requests that the Court set a Scheduling Conference immediately (within 45 days), such that Defendants would be required to conduct the related Rule 26(f) conference (which must be conducted 21 days prior to the Scheduling Conference) while preparing their Answer. This is despite the fact that Defendants' counsel explained to Plaintiffs' counsel that the Rule 26(f) conference will be much more productive if it is conducted in an orderly fashion after Defendants have filed their Answer, which is due on August 19, just a few weeks from now. (*See* Request, Exh. B.) Preparation of the Answer will require Defendants to focus on their potential defenses in this action and the nature and scope of discovery that is required, such that it would be much more efficient and practical to conduct the Rule 26(f) conference after Defendants' Answer is filed.

In addition, due to the enormous length of the Consolidated Class Action Complaint to which Defendants must respond (it is 100 pages and 228 paragraphs long), Defendants and their counsel will be occupied preparing their Answer between now and the August 19 deadline. As a result, it would not be practicable for Defendants to, at the same time as they are preparing their Answer, also be required to prepare for and conduct the Rule 26(f) conference.[2]

---

[2] In addition, pursuant to stipulated order, two remaining Japanese individual defendants (Messrs. Watanabe and Cho) are not required to respond to the Complaint until "60 days after the Court issues an order denying, at least in part, Defendants' motion to dismiss." (Defendant Kinoshita has been dismissed from the action.) The Court's July 7, 2011 Order denied Defendants' motion to dismiss in part, so Messrs. Watanabe and Cho must respond to the Complaint by September 6, 2011.

1         Indeed, it is apparent that this Court expects counsel to be prepared to conduct a
2 substantive Rule 26(f) conference and that it is not meant to be a cursory meeting
3 simply to allow plaintiffs to commence discovery.  This Court's standard order setting
4 the Rule 16(b) scheduling conference sets forth a significant number of items that must
5 be included in the parties' Joint Rule 16(b) Report, which is due 7 days before the Rule
6 16(b) scheduling conference.  (*See* Sample Order Setting Scheduling Conference)
7 (setting forth 18 categories of items, including lists of percipient witnesses and key
8 documents, a detailed discovery plan including anticipated depositions and written
9 discovery requests, how many witnesses each side contemplates calling, and other
10 items) (available at http://www.cacd.uscourts.gov).  Obviously, these items would
11 need to be discussed in the Rule 26(f) conference.

12         Lead Plaintiff has failed to identify any reason why it would be irreparably
13 prejudiced by proceeding with the Rule 26(f) conference on an orderly basis after
14 Defendants have filed their Answer.  For these reasons, Defendants respectfully
15 request that the Court set the Scheduling Conference at least five weeks after
16 Defendants' August 19, 2011 deadline to file their Answer (on or after October 3,
17 2011), so that Defendants can finalize their Answer and properly prepare for the Rule
18 26(f) conference, which must take place at least 21 days before the Rule 16(b)
19 scheduling conference.  This will result in the Rule 26(f) conference taking place only
20 a few weeks later than requested by Lead Plaintiff, and will result in the conference
21 being much more meaningful and useful to the parties and to the Court.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## III.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court set the Rule 16(b) scheduling conference on or after October 3, 2011.

DATED: July 20, 2011

SHEARMAN & STERLING LLP

By: /s/ Stuart J. Baskin
      Stuart J. Baskin

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Gareth T. Evans
      Gareth T. Evans

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly

**PROOF OF SERVICE**

I, Alexander K. Mircheff, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State. On May 23, 2011, I caused the foregoing document to be served on counsel for all parties of record by the following means of service:

☒ **BY ECF SYSTEM:** Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the ECF system and sent by e-mail to all attorneys in the case who are registered as ECF users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure. *See* L.R. 5-3-3

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2011, at Los Angeles, California.

           /s/ Alexander K. Mircheff
            Alexander K. Mircheff