1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re Toyota Motor Corporation Securities Litigation | Master File No. CV-10-0922 DSF (AJWx) |
|---|---|
| | **[PROPOSED ORDER RE] JOINT STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION** |
| | **DISCOVERY MATTER** |
| | Hon. Andrew J. Wistrich |

Gibson, Dunn & Crutcher LLP

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation ("the Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order for the protection of Confidential and Highly Confidential Materials (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of discovery materials in the Litigation:

**1.     Applicability of Order**: This Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition transcripts, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this Litigation that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this Litigation that receive such information.

**2.     Designation of Material**: Any Producing Party may designate Discovery Material that is in their possession, custody or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in paragraphs 4 and 5 below, (hereinafter "Confidential Material" or "Highly Confidential Material").

**3.      Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

**4.      Confidential Material**: For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

**5.      Highly Confidential Material**: For purposes of this Order, Highly Confidential Material is any Protected Data (defined below) and/or Confidential Material as defined in paragraph 4 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including, but not limited to, information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief. Notwithstanding the foregoing, this Order shall not apply to Toyota computer source code and related materials, or other extraordinarily sensitive materials requiring special protection, which if relevant to and sought in this litigation shall

1  be subject to additional forms of protection pursuant to further order of this Court

2  following a meet and confer of the parties.

3      a.    **Protected Data:** Protected Data shall refer to any information,

4  including but not limited to personally identifiable information that a party

5  believes in good faith to be subject to federal, state or foreign data protection

6  laws, data privacy laws or other privacy obligations. Protected Data

7  constitutes highly sensitive materials requiring special protection. Examples of

8  such data protection laws include but are not limited to The Gramm-Leach-

9  Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information)*;* The Health

10  Insurance Portability and Accountability Act, 45 CFR Part 160 and Subparts A

11  and E of Part 164 (medical information); Directive 95/46/EC of the European

12  Parliament and of the Council of 24 October 1995 on the Protection of

13  Individuals with Regard to the Processing of Personal Data and on the Free

14  Movement of Such Data, 1995 O.J. (L281/31) (European Union personal

15  information); Data Protection Act 1998 (c. 29) (United Kingdom personal

16  information); Federal Data Protection Act (Germany personal information); the

17  Belgian Law of December 8, 1992 on Privacy Protection in relation to the

18  Processing of Personal Data (Belgium personal information); Personal

19  Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c.

20  5 (Canada personal information); The Federal Law on Protection of Personal

21  Data held by Private Parties (published July 5, 2010) (Mexico personal

22  information); and The Personal Information Protection Act (Law No. 57 of

23  2003) (Japan personal information).

24      **6.    Designating Confidential Material or Highly Confidential**

25  **Material**: The designation of Discovery Material as Confidential Material or

26  Highly Confidential Material for purposes of this Order shall be made in the

27  following manner:

28

a.    **Documents**: In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Material, respectively.

b.    **Deposition and Other Proceedings**: In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made (subject to paragraph 7, below) (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft transcript of such proceeding. However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Highly Confidential Material. All portions of deposition transcripts not designated Confidential Material or Highly Confidential Material as provided in paragraphs 4 and 5 shall be deemed not confidential.

c.    **Non-Written Materials**: Any non-written Confidential Material or Highly Confidential Material (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential" or "Highly Confidential." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

7.    **Inadvertent Disclosure**: The inadvertent failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and

copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

**8.    Notes of Confidential Material or Highly Confidential Material**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material, that quote from or paraphrase, Confidential Material or Highly Confidential Material with such specificity that the Confidential Material or Highly Confidential Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material from which they are made and shall be subject to all of the terms of this Protective Order.

**9.    Notice To Non-Parties**: Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) business days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

**10.   Persons Authorized To Receive Confidential Material**: Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a.    The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

b.      Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel;

c.      Subject to paragraph 12 hereof, experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

d.      Individual named plaintiffs who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

e.      Officers, directors or employees of parties who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

f.      Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of this Litigation, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A. A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

g.      Commercial copy and e-discovery vendors retained by counsel of record in this Litigation for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.  A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

Gibson, Dunn &
Crutcher LLP

6

h.      During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (i) below do not need to sign Exhibit A to be shown Confidential Material in their depositions);

i.      Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material; and

j.      Any other person, only upon order of the Court or upon stipulation of the Producing Party who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

11. **Persons Authorized To Receive Highly Confidential Material**: Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

a.      The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

b.      Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel, provided each has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

c.      Subject to paragraph 12 hereof, experts or consultants necessary to assist counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

d.      Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

e.      Commercial copy and e-discovery vendors retained by counsel of record in this Litigation for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

f.      During their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (g) below do not need to sign Exhibit A to be shown Highly Confidential Material in their depositions);

g.      Any person indicated by a document marked Highly Confidential Material to be an author, addressee, or copy recipient of the Highly Confidential Material, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the Highly Confidential Material; and

h.      Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

**12.   Qualification of Outside Experts and Consultants**: Neither Confidential nor Highly Confidential Material shall be disclosed to any outside experts or consultants who are current employees of a direct competitor of any of the

Toyota entities named in the Litigation. With respect to outside experts or consultants who, within one (1) year from the date of this Order, were employed by a direct competitor of any of the Toyota entities named in the Litigation, Confidential and Highly Confidential Material may be shared with those experts or consultants only after counsel for the Toyota entities named as defendants in this Litigation are given at least twenty (20) business days prior written notice of the identity of the expert or consultant to whom such Confidential or Highly Confidential Material is to be disclosed (including his or her name, address, current job title and the names of any direct competitors by which he has been employed), are afforded an opportunity to object to the disclosure of the Confidential or Highly Confidential Material, and a resolution to any such objection has been reached. Notwithstanding paragraphs 10(c) and 11(c), Confidential Material or Highly Confidential Material may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.

**13.   Restriction on Disclosure in Actions Outside the United States**. Neither Confidential nor Highly Confidential Material shall be disclosed, shared, distributed, or otherwise provided in any manner to legal counsel in pending or threatened litigation against any of the Toyota entities outside of the United States through any other provision of this Protective Order, including but not limited to paragraphs 10, 11, and 12, regardless of whether such legal counsel can be classified as a consultant or affiliate of any US attorney of record in any legal proceedings against any of the Toyota entities within the United States.

**14.   Use of Discovery Material**: Discovery Material shall be used solely for purposes of the Litigation, including any appeal and retrial. Any person or entity in possession of Discovery Material designated Confidential or Highly Confidential shall maintain those materials in accordance with Paragraph 27 below.

**15.    Agreement Must Be Signed Prior To Disclosure**. Each person to whom Confidential or Highly Confidential Material may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Exhibit A) pursuant to Paragraphs 10(c)-10(h), 10(j), 11(b)-11(f), and 11(h) shall do so prior to the time such Material is disclosed to him or her.

**16.    Exclusion of Individuals From Depositions**: Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential, but only during periods of examination or testimony directed to or comprising information that is Confidential or Highly Confidential.

**17.    Storage Of Confidential Material or Highly Confidential Material**: The recipient of any Confidential Material or Highly Confidential Material that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

**18.    Filing of Confidential Material or Highly Confidential Material:** Without written permission from the Producing Party or a court order, a party may not file in the public record in this Litigation any Confidential Material or Highly Confidential Material. The parties shall comply with Local Rule 79-5 when seeking to file Confidential Material or Highly Confidential Material under seal.

The party desiring to place any Confidential Material or Highly Confidential Material before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing Confidential Material or Highly Confidential Material under seal and a copy of a proposed order sealing documents. Said envelope shall be endorsed with the title of the Litigation, an indication of the nature of the contents of such sealed envelope, the identity of the

party filing the materials, the phrase "Confidential Material" or "Highly Confidential Material," and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS LITIGATION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT. UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

Additionally, within seven (7) business days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the Confidential Material or Highly Confidential Material (or any references thereto).

The parties shall also comply with Local Rule 79-5.4 with respect to the appropriate treatment of personal identifier information in connection with any filing with the Court.

**19.   No Prejudice**: Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Order shall not:

    a. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material or Highly Confidential Material;

    b. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

c.   Prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Material or Highly Confidential Material should be subject to the terms of this Order;

d.   Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

e.   Prevent a Disclosing Party from authorizing disclosure of its own Confidential Material or Highly Confidential Material to any party.

20.   **Challenging Designation of Materials**: A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

a.   **Challenge**: The Receiving Party may challenge the propriety of a Confidential Material or Highly Confidential Material designation by providing to Producing Party a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge.

b.   **Meet and Confer and Motion**: Once a challenge is made, the Producing Party will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1).  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Such motion must be accompanied by a written joint stipulation prepared in accordance with the procedures set forth in Local Rules 37-2, 37-2.1, and 37-2.2.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

The Receiving Party must make de-designation requests in good faith. Mass, indiscriminate, or routinized requests for de-designation are prohibited.

    c.  **Status of Challenged Designation Pending Judicial Determination**: Until the court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

    **21.**  **No Application to Public or Otherwise Available Information**: This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as protected material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; or (iii) has been published to the general public. If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Material or Highly Confidential Material, the Receiving Party shall challenge the propriety of such designation using the procedure outlined in paragraph 20 above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

    **22.**  **No Waiver of Privilege Based on Disclosure**:  Pursuant to Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(b)(5)(B), and the applicable rules of professional responsibility, disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for

withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure also is not a waiver in any other Federal or State proceeding." Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing Party shall, within thirty (30) calendar days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production. After being notified, all other Parties must promptly return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim of privilege or other protection is resolved (if the claim of privilege or other protection is disputed); and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within thirty (30) calendar days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) calendar days. In the event that the Parties do not resolve their dispute, the Objecting Party may bring a motion for a determination of whether a privilege applies. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.  The information claimed to be privileged remains protected as privileged until the claim is resolved.  Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party.

Gibson, Dunn &
Crutcher LLP

14

**23.   Additional Parties or Attorneys**: In the event additional parties join or intervene in this Litigation, the newly joined party(ies) shall not have access to Confidential Material or Highly Confidential Material until its counsel of record has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Material or Highly Confidential Material until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

**24.   Protective Order Remains In Force:** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this Litigation. The Court retains jurisdiction even after termination of this Litigation to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

**25.   No Prejudice For Further Relief**: This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

**26.   No Waiver of Grounds For Producing Material:** This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

**27.   Conclusion of Litigation**: Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Material or Highly Confidential Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Material or Highly Confidential Material and, in either

Gibson, Dunn &
Crutcher LLP

case, certify that fact to counsel for the Producing Party. Counsel of record shall make arrangements for the return of Confidential Material or Highly Confidential Material that counsel of record provided to any persons or entities in paragraphs 10 and 11, except the Court, court personnel and court reporters. Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Confidential Material or Highly Confidential Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Material or Highly Confidential Material. All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

28.   **No Loss of Confidential or Highly Confidential Status By Use In Litigation or Appeal**: In the event that any Confidential or Highly Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material shall not lose its status as Confidential or Highly Confidential through such use. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

29.   **Protected Material Subpoenaed or Ordered Produced in Other Actions**: If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Material or Highly Confidential Material by someone other than the Receiver, the Receiver shall give a prompt written notice by hand or facsimile transmission within ten (10) business days of receipt of such Demand to the person,

party, or third party who produced or designated the material as Confidential Material or Highly Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the material as Confidential Material or Highly Confidential Material. Any motion opposing enforcement of the Demand shall be made within thirty (30) days of receipt of notice of the Demand. Until such time as the dispute is resolved, no Confidential Material or Highly Confidential Material shall be produced pursuant to the Demand. Compliance by the Receiver with any order directing production pursuant to the Demand of any Confidential Material or Highly Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**30.   Advice Based on Discovery Material Allowed**: Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material or Highly Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Material or Highly Confidential Material produced by another party if that disclosure would be contrary to the terms of this Protective Order.

**31.   Redaction Allowed**:      Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition or protection against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been

redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document. In addition to the foregoing, the following shall apply to redactions of Protected Data:

    a. With respect to any individual, any party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Order. Protected Data, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a party in this Litigation.  Protected Data of an individual named as a party shall otherwise receive the same protections and treatment afforded to other Protected Data under this Protective Order.

    b. Protected Data shall be redacted from any public filing not filed under seal.

    c. The right to and process for challenging the designation of redactions shall be the same as the right to and process for challenging the designation of Confidential Material and Highly Confidential Material as set forth in paragraph 20. If counsel for the parties agree that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, or the Court orders that those materials shall not be subject to redaction or shall receive alternative treatment, and the Discovery Materials are subsequently produced in unredacted form, then those unredacted Discovery Materials shall bear the legend, "Unredacted Protected Data – Highly Confidential" and shall continue to receive the protections and treatment afforded to documents bearing the Highly Confidential designation.

    **32.   Violations of Protective Order**: In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party

1   should apply to the Court obtain relief against any such person or party violating or

2   threatening to violate any of the terms of this Protective Order. In the event that the

3   aggrieved Disclosing Party seeks injunctive relief, it must petition the District

4   Judge or Magistrate Judge for such relief, which may be granted at the sole discretion

5   of the District Judge or Magistrate Judge. The parties and any other person subject to

6   the terms of this Protective Order agree that this Court shall retain jurisdiction over

7   it and them for the purpose of enforcing this Protective Order.

8         **33.   Headings**: The headings herein are provided only for the convenience

9   of the parties, and are not intended to define or limit the scope of the express terms of

10  this Protective Order.

11  DATED:  August 8, 2011              BERNSTEIN LITOWITZ BERGER
                                       & GROSSMANN LLP

12
                                         */s/ Blair A. Nicholas*
13                                     BLAIR A. NICHOLAS
                                       (blairn@blbglaw.com)
14                                     ELIZABETH P. LIN
                                       (elizabethl@blbglaw.com)
15                                     BENJAMIN GALDSTON
                                       (beng@blbglaw.com)
16                                     TAKEO A. KELLAR
                                       (takeok@blbglaw.com)
17                                     DAVID R. KAPLAN
                                       (davidk@blbglaw.com)
18                                     12481 High Bluff Drive, Suite 300
                                       San Diego, CA 92130
19                                     Tel:   (858) 793-0070; Fax:   (858) 793-0323

20                                             -and-

21                                     GERALD H. SILK
                                       (jerry@blbglaw.com)
22                                     1285 Avenue of the Americas, 38th Floor
                                       New York, NY 10019
23                                     Tel:   (212) 554-1400
                                       Fax:   (212) 554-1444
24
                                       *Lead Counsel for the Class and Counsel for Lead*
25                                     *Plaintiff Maryland State Retirement and Pension*
                                       *System*
26

27

28

1

2   FAIRBANK & VINCENT
    ROBERT H. FAIRBANK
3   (Bar No. 76359)
    (rfairbank@fairbankvincent.com)
    DIRK L. VINCENT
4   (Bar No. 157961)
    (dvincent@fairbankvincent.com)
5   444 S. Flower Street, Suite 3860
    Los Angeles, CA 90071
6   Tel:   (213) 891-9010
    Fax:   (213) 891-9011

7   *Liaison Counsel for the Class*

8   DOUGLAS F. GANSLER
    Attorney General of Maryland
9   CAMPBELL KILLEFER
    Deputy Chief of the Civil Litigation Division
10  (ckillefer@oag.state.md.us)
    JOHN J. KUCHNO
11  Assistant Attorney General
    (jkuchno@oag.state.md.us)
12  MARYLAND OFFICE OF ATTORNEY
      GENERAL
13  200 St. Paul Place, 20th Floor
    Baltimore, MD 21202
14  Tel:   (410) 576-7291
    Fax:   (410) 576-6955

15  *Counsel for Lead Plaintiff Maryland State*
16  *Retirement and Pension System*

17  GIBSON, DUNN & CRUTCHER LLP

18          */s/ Kay Kochenderfer*
    KAY E. KOCHENDERFER
19  (kkochenderfer@gibsondunn.com)
    GARETH EVANS
20  (gevans@gibsondunn.com)
    333 South Grand Avenue
21  Los Angeles, CA 90071
    Tel:   (213) 229-7000
22  Fax:   (213) 229-7520

23  SHEARMAN & STERLING LLP
    JEFFREY S. FACTER
24  (jfacter@shearman.com)
    PATRICK D. ROBBINS
25  (probbins@shearman.com)
    525 Market Street, Suite 1500
26  San Francisco, CA 94105
    Tel:   (415) 616-1100
27  Fax:   (415) 616-1199

28          -and-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STUART J. BASKIN
(sbaskin@shearman.com)
599 Lexington Ave.
New York, NY  10022
Tel:   (212) 848-4000
Fax:   (212) 848-7179

*Attorneys for Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Katsuake Watanabe, Fujio Cho, Robert S. Carter, Irving A. Miller, Yoshimi Inaba, James E. Lentz III and Robert C. Daly*

## ORDER

**IT IS SO ORDERED.**

Dated:  August __, 2011.

_____

Hon. Andrew J. Wistrich
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Toyota Motor Corporation Securities Litigation | Master File No. CV-10-0922 DSF (AJWx)<br><br>**AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION** |

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order Re Confidential and Highly Confidential Information entered in this action (Case No. CV-10-0922 DSF (AJWx)) by the United States District Court for the Central District of California (hereinafter "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Material or Highly Confidential Material, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

Gibson, Dunn & Crutcher LLP

1         I hereby submit myself to the jurisdiction of the United States District Court for

2    the Central District of California for resolution of any matters pertaining to the

3    Protective Order.

4         My address is _____

5         My present employer is _____

6

7    Dated: _____

8    Signed: _____

9

10

11   101130409.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28