BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS  (Bar No. 178428)
(blairn@blbglaw.com)
BENJAMIN GALDSTON  (Bar No. 211114)
(beng@blbglaw.com)
DAVID R. KAPLAN (Bar No. 230144)
(davidk@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323
        -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:    (212) 554-1400
Fax:   (212) 554-1444

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT
(Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:    (213) 891-9010
Fax:   (213) 891-9011

*Liaison Counsel for the Class*

*(Additional Counsel listed on signature page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx) <br><br> **[PROPOSED] STIPULATED ORDER APPPOINTING SPECIAL MASTER** <br><br> Next Status Conf. Date: Jan. 9, 2012 <br> Time:            11:00 a.m. <br> Courtroom: 840 <br> Judge:         Dale S. Fischer |

1  WHEREAS, the Court has determined that appointing a special master will assist the Court in effectively and expeditiously resolving the parties' discovery disputes;

WHEREAS, all parties to this litigation have stipulated and consented to the appointment of the Honorable Layn R. Phillips (Fmr.) to serve as the Special Master in these proceedings, subject to the Court's approval; and

WHEREAS, the Hon. Layn. R. Phillips (Fmr.) has submitted an affidavit, attached hereto as Exhibit A, that there are no grounds for disqualification under 28 U.S.C. § 455.

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 53(a)(1)(A) and by the consent of the parties, that the Hon. Layn R. Phillips (Ret.) is appointed as Special Master in this action and shall fulfill the duties and responsibilities set forth below:

## I.  DUTIES AND RESPONSIBILITIES

Subject to and consistent with Fed. R. Civ. P. 53(a)(1)(A), the Special Master is charged and empowered to rule on discovery disputes taken pursuant to the Federal Rules of Civil Procedure in this action, including, but not limited to, issues of discoverability, privilege, attorney work product, written discovery and responses, and depositions.

## II.  PROCEDURES FOR RESOLVING DISPUTES

A.  Unless otherwise stipulated by the parties or set by the Special Master, any discovery motion shall be made by serving all parties and the Special Master with a memorandum of points and authorities not to exceed 25 pages, prepared on pleading paper, in 14-point font.  Within 10 calendar days after service of the moving party's brief, the responding party shall serve an opposition brief not to exceed 25 pages.  Within 7 calendar days after service of the opposition brief, the moving party may serve a reply brief not to exceed 10 pages.

Prior to the filing of any discovery motion, the parties shall meet and confer as set forth in Local Rule 37-1.

   B.   Briefs shall be served by e-mail no later than 5 p.m.  Any brief served after 5 p.m. is deemed to have been served on the following business day.

   C.   To assist in resolving discovery disputes, the Special Master may set a hearing, which may take place in person, telephonically, or as otherwise determined by the Special Master.

   D.   Subject to the joint consent of the parties, the Special Master may resolve disputes concerning questioning at depositions by other, more informal, procedures proposed by the Special Master.

### III.   JUDICIAL REVIEW OF SPECIAL MASTER RULINGS

   A.   After ruling on any discovery dispute, the Special Master shall file and serve a written report pursuant to Fed. R. Civ. P. 53(d), unless the parties stipulate to a different procedure with respect to a particular ruling.

   B.   Any party may file an objection to any formal order, finding, report, or recommendation by the Special Master with the Court within 14 calendar days after service of the order, finding, report, or recommendation.  Failure to meet this deadline results in permanent waiver of any objection to the Special Master's specific order, finding, report, or recommendation.

   C.   The party seeking review of the Special Master's order, finding, report, or recommendation shall file with the Court a concise statement of the issues and authorities that does not exceed 15 pages.  The other party shall have an opportunity to file a responsive statement that does not exceed 15 pages, which may be filed not later than 10 calendar days thereafter.

   D.   As provided in Fed. R. Civ. P. 53(f), upon objection, the Court shall review all orders, findings, reports or recommendations by the Special Master, including any findings of fact and conclusions of law, under the *de novo* standard.

## IV. MAINTENANCE OF RECORDS

A. The Special Master shall preserve billing records of time spent on this litigation, with reasonably detailed descriptions of the activities worked on.

B. The Special Master shall preserve all documents which he generates or receives during this litigation, including but not limited to the documents considered when making orders, findings, reports, or recommendations, until such time that the Court grants permission to destroy the documents.

## V. EX PARTE COMMUNICATION REGARDING SUBSTANTIVE MATTERS

A. Except until further order of the Court, the Special Master shall not communicate with the Court, and the Court shall not communicate with the Special Master on substantive matters except in writing with service upon the parties or in the presence of the parties. The Court and the Special Master may communicate with each other on procedural matters without restriction.

B. The parties may not communicate *ex parte* with the Special Master regarding substantive matters requiring adjudication by the Special Master, unless the parties have consented in writing. The Special Master may communicate *ex parte* with the parties concerning purely administrative matters, such as availability for hearing dates.

## VI. COMPENSATION

A. The Special Master shall be compensated at reasonable and customary rates, which are set forth in the fee schedule attached hereto as Exhibit B.

B. If the Special Master uses associates or staff for research or administrative work, respectively, then the Special Master shall bill for such time at a reasonable and ordinary rate.

C. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill the duties identified under this Order.

1     D.    The parties shall bear all Special Master fees and costs equally and submit payments to the Special Master in accordance with the normal payment terms.

IT IS SO ORDERED.

Dated _____, 2011

                                        Dale S. Fischer
                                        United States District Judge

Dated: November 10, 2011

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP

   */s/ Blair A. Nicholas*
BLAIR A. NICHOLAS
(blairn@blbglaw.com)
BENJAMIN GALDSTON
(beng@blbglaw.com)
DAVID KAPLAN
(davidk@blbglaw.com)
JOSEPH W. GOODMAN
(joseph.goodman@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:     (858) 793-0070
Fax:    (858) 793-0323
   -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:     (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT
(Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:     (213) 891-9010
Fax:    (213) 891-9011

*Liaison Counsel for the Class*

MARYLAND OFFICE OF ATTORNEY
 GENERAL
DOUGLAS F. GANSLER
Attorney General of Maryland
CAMPBELL KILLEFER
Deputy Chief of the Civil
 Litigation Division

(ckillefer@oag.state.md.us)
JOHN J. KUCHNO
Assistant Attorney General
(jkuchno@oag.state.md.us)
200 St. Paul Place, 20th Floor
Baltimore, MD 21202
Tel:     (410) 576-7291
Fax:    (410) 576-6955

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System*

SHEARMAN & STERLING LLP

*/s/ Patrick D. Robbins*

PATRICK D. ROBBINS
(probbins@shearman.com)
JEFFREY S. FACTER
(jfacter@shearman.com)
525 Market Street, Suite 1500
San Francisco, CA 94105
Tel:     (415) 616-1100
Fax:    (415) 616-1199
        -and-
STUART J. BASKIN
(sbaskin@shearman.com)
599 Lexington Avenue
New York, NY 10022
Tel:     (212) 848-4000
Fax:    (212) 848-7179


GIBSON, DUNN & CRUTCHER LLP
KAY E. KOCHENDERFER
(kkochenderfer@gibsondunn.com)
GARETH EVANS
(gevans@gibsondunn.com)
333 South Grand Avenue
Los Angeles, CA 90071
Tel:     (213) 229-7000
Fax:    (213) 229-7250

*Attorneys for Defendants Toyota Motor Corp., Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Katsuake Watanabe, Fujio Cho, Mitsuo Kinoshita, Robert S. Carter, Irving A. Miller, Yoshimi Inaba, James E. Lentz III and Robert C. Daly*

# EXHIBIT A

Hon. Layn R. Phillips (Fmr.)
IRELL & MANELLA
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Tel:   (949) 760-0991
Fax:   (949) 760-5200
lphillips@irell.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE TOYOTA MOTOR
CORPORATION SECURITIES
LITIGATION

Master File No. CV 10-922 DSF (AJWx)

**CONSENT OF MASTER AND AFFIDAVIT**

Trial Date:  N/A
Judge:       Dale S. Fischer

1.   I, Layn R. Phillips, do hereby affirm under penalty of perjury that I am a former U.S. District Judge for the District of Oklahoma and I am currently a partner and serve as a neutral at Irell & Manella, 840 Newport Center Drive, Suite 400, Newport Beach, California 92660.

2.   I hereby consent to appointment as Special Master in the above-entitled case.

3.   I have read and reviewed the grounds for disqualification under 28 U.S.C. § 455 and declare as follows:

   a.   I have no personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.

b. I have not served as a lawyer or Judge in the matter in controversy and, to my knowledge, no lawyer with whom I previously practiced law has served as a lawyer in the matter.

c. I have not served in government employment wherein I would have participated as counsel, adviser or material witness concerning the proceeding, nor have I expressed an opinion concerning the merits of the case herein.

d. I, individually or as a fiduciary, do not have a financial interest in the subject matter in controversy, nor in a party to the proceeding, nor any other interest that could be substantially affected by the outcome of the proceeding.

e. Neither I, my spouse, or any person within the third degree of relationship:

(i) is a party to the proceeding, nor an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by me to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) is, to my knowledge, likely to be a material witness in the proceeding.

I declare under penalty of perjury that the preceding facts are true as known to me or those matters not directly known to me are true on information and belief.

Dated: November 10, 2011

_____
Hon. Layn R. Phillips (Fmr.)

# EXHIBIT B

Case 2:10-cv-00922-DSF -AJW   Document 238-1   Filed 11/14/11   Page 11 of 12   Page ID #:4748

# ALTERNATIVE DISPUTE RESOLUTION CENTER

## IRELL & MANELLA LLP

A Registered Limited Liability Law Partnership
Including Professional Corporations

# **ADR FEE SCHEDULE**

| Mediator/Arbitrator | Fees |
|---|---|
| Former United States District Judge Layn R. Phillips | Mediations/Arbitrations ADR Rates:<br><br>Hourly Rate                                         $1,200.00<br>                                               (plus expenses)*<br><br>Cancel/<br>Reschedule:  Once ADR dates are scheduled, if the ADR session is cancelled or rescheduled <u>10 days or more</u> prior to the scheduled session, there is <u>no</u> cancellation charge. However, if the ADR session is cancelled or rescheduled <u>less than 10 days prior</u> to the scheduled ADR session, 100% of the full fee will be charged to the parties, unless Judge Phillips is able to reschedule a new ADR matter for the date that was cancelled or changed.<br><br>\*    There is no charge for use of the ADR Center facilities in Newport Beach. Travel time will be charged for every proceeding not conducted in Newport Beach, California. |

574344