Stuart J. Baskin (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
Email:  sbaskin@shearman.com

Patrick D. Robbins (State Bar No. 152288)
Jeffrey S. Facter (State Bar No. 123817)
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA  94111-5994
Telephone:  (415) 616-1100
Facsimile:  (415) 616-1199
Email:  probbins@shearman.com
        jfacter@shearman.com

Kay E. Kochenderfer (State Bar No. 125847)
Gareth Evans (State Bar No. 138992)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520
Email:  kkochenderfer@gibsondunn.com
        gevans@gibsondunn.com

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter, and Robert C. Daly

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | CASE NO. CV-10-0922 DSF (AJWx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF GARETH T. EVANS IN SUPPORT OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Special Master:  Hon. Layn R. Phillips |

# DECLARATION OF GARETH T. EVANS

I, Gareth T. Evans, declare as follows:

1. I am a member in good standing of the Bar of the State of California, and I am qualified and admitted to appear before this Court. I am a partner with the law firm of Gibson Dunn & Crutcher LLP, attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter, and Robert C. Daly (collectively, "Defendants") in the above-captioned matter. I make this declaration in support of Defendants' Opposition to Lead Plaintiff's Motion to Compel Production of Documents. I am familiar with and have personal knowledge of the pleadings and proceedings in this case and the facts set forth in this declaration, and, if called to do so, could and would testify competently about them.

2. Attached as Exhibit A is a true and correct copy of the transcript from the October 17, 2011 Rule 16(b) Scheduling Conference hearing before Judge Fischer. At pages 7-8 and 9 of the transcript, Judge Fischer stated: "[T]here is certainly a benefit, I think, to having an actual document that the Court and the parties can look to that alleges now only the assertions that I said would remain in the case. . . . You file something . . . And you can just call it a submission. . . . I mean, just redact the things that you think are out.").

3. Attached as Exhibit B is a true and correct copy of a redacted version of the Consolidated Amended Class Action Complaint that sets forth Defendants' position regarding what they believe is out of the case as a result of Judge Fischer's statements at the October 17, 2011 Scheduling Conference. The redactions are color coded as follows—Red: Allegations that Defendants believe were dismissed, as a matter of law, on the Motion to Dismiss. Blue: Allegations that Defendants believe serve as underlying "factual" predicate for alleged misrepresentations regarding legal and regulatory compliance issues that the Court dismissed. Yellow: Allegations that

Defendants believe serve as underlying "factual" predicate for alleged misrepresentations regarding general quality and safety issues that the Court dismissed. Green: Allegations that Defendants believe serve as underlying "factual" predicate related to non-sticky pedal unintended acceleration, including all allegations of pre-2008 unintended acceleration (no longer part of the case based on the Court's dismissal of 26 of the 33 statements, including all statements before April 2008, and the absence of adequate loss causation allegations for corrective disclosures other than the "sticky pedal" recall and the resulting stop sale).

4. Attached hereto as Exhibit C is a true and correct copy of Defendants' Motion for Partial Judgment on the Pleadings, which was filed on December 9, 2011.

5. Attached hereto as Exhibit D is a true and correct copy of the Declaration of Emily V. Griffen in Support of Defendants' Motion for Partial Judgment on the Pleadings and Request for Judicial Notice, as well as the Griffen Declaration's accompanying exhibits filed on December 9, 2011. Exhibit E of the Griffen Declaration provides historical prices for Toyota American Depositary Shares ("ADSs"), which are the securities at issue in this case.

6. Attached hereto as Exhibit E is a true and correct copy of Defendants' Request for Judicial Notice in support of Defendants' Motion for Partial Judgment on the Pleadings filed on December 9, 2011.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 6, 2012, at Irvine, California.

_____
Gareth T. Evans