# Exhibit E

Stuart J. Baskin (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Email: sbaskin@shearman.com

Patrick D. Robbins (State Bar No. 152288)
Jeffrey S. Facter (State Bar No. 123817)
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111-5994
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: probbins@shearman.com
       jfacter@shearman.com

Kay E. Kochenderfer (State Bar No. 125847)
Gareth Evans (State Bar No. 138992)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email: kkochenderfer@gibsondunn.com
       gevans@gibsondunn.com

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter, and Robert C. Daly

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | CASE NO. CV-10-0922 DSF (AJWx) <br><br> **NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** <br><br> Hearing: February 27, 2012 <br> Time: 1:30 p.m. <br> Dept.: Courtroom 840 <br> Judge: Hon. Dale S. Fischer |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc. (together, "Toyota"), Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly (collectively, "Defendants"), by and through their attorneys of record, hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and supporting case law, of the documents described below and attached as Exhibits A through G to the Declaration of Emily V. Griffen in support of Defendants' Motion for Partial Judgment on the Pleadings.

| EXHIBIT | DESCRIPTION |
|---|---|
| A | April 7, 2008 *Detroit Free Press* article entitled "Toyota Pickup Probe Pushed; Sudden Acceleration Claims Hard to Pin Down" |
| B | June 10, 2008 *Detroit Free Press* article entitled "Toyota Denies Tacoma is Defective; Media Inspired Claims, It Says" |
| C | April 25, 2008 Letter from Toyota Motor North America, Inc. to the National Highway Traffic Safety Administration ("NHTSA") enclosing Toyota's final response to NHTSA's inquiry related to defect petition DP08-001 regarding the Toyota Tacoma |
| D | April 23, 2009 *Westword* article entitled "The Prius Can Take Owners On A Wild Ride" |
| E | Historical prices of Toyota Motor Corporation American Depositary Receipts ("ADS") traded on the New York Stock Exchange from April 7, 2008 through February 4, 2010 |
| F | Toyota Motor Sales, U.S.A., Inc. ("TMS") press release dated January 21, 2010 entitled "Toyota Files Voluntary Safety Recall on Select Toyota Division Vehicles for Sticking Accelerator Pedal" |

| EXHIBIT | DESCRIPTION |
|---|---|
| G | TMS press release dated January 26, 2010 entitled "Toyota Temporarily Suspends Sales of Selected Vehicles" |

This request is based on this Notice of Request and Request for Judicial Notice, the attached Memorandum of Points and Authorities in support thereof, the Declaration of Emily V. Griffen in support of Defendants' Motion for Partial Judgment on the Pleadings, all pleadings, exhibits, documents, and other records and files in this action, and upon such other evidence or arguments as may be presented at the hearing in this matter.

DATED: December 9, 2011     SHEARMAN & STERLING LLP

By:    /s/ Stuart J. Baskin
           Stuart J. Baskin

GIBSON, DUNN & CRUTCHER LLP

By:    /s/ Kay E. Kochenderfer
           Kay E. Kochenderfer

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter, and Robert C. Daly

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc. (together, "Toyota"), Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly (collectively, "Defendants") hereby request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the documents described below, and attached as Exhibits A through G to the Declaration of Emily V. Griffen, in support of Defendants' Motion for Partial Judgment on the Pleadings.

**I.**

**ARGUMENT**

In deciding a Rule 12(c) motion for judgment on the pleadings, which applies the same standard as a Rule 12(b)(6) motion to dismiss, the Court may consider documents that are proper subjects of judicial notice. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.'") (citing *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)); *Bastida v. IndyMac Bank*, No. SACV 10–1893 DOC (RNBx), 2011 WL 2711244, at *2 (C.D. Cal. July 13, 2011) (same). The Court may take judicial notice of the documents attached as Exhibits A-G of the Griffen Declaration for the following reasons.

**A.   Griffen Declaration Exhibits A-D and F-G Are Subject to Judicial Notice Because They Are Incorporated Into the Complaint by Reference.**

The Court may take judicial notice of Exhibits A-D and F-G of the Griffen Declaration pursuant to the incorporation by reference doctrine because they are referenced and quoted in the Consolidated Class Action Complaint [Dkt. # 174] (the "Complaint"). (*See* Griffen Decl., ¶¶ 2-5, 7-8; *see also* Complaint at ¶¶ 14, 15, 124, 126, 161, 163, 166, 181, 183.) Exhibits A, B and D are the April 7 and June 10, 2008 *Detroit Free Press* articles and the April 23, 2009 *Westword* article containing the

statements of Toyota spokesperson Bill Kwong that Plaintiffs claim are false or misleading and that are the subject of Defendants' Motion for Judgment on the Pleadings (identified as Statements 20, 24 and 26 in the Appendix accompanying Plaintiffs' Complaint). (*See* Complaint ¶¶ 161, 163, 166.) Exhibit C is an April 25, 2008 letter from Toyota Motor North America, Inc. to the National Highway Traffic Safety Administration ("NHTSA") that is quoted in the June 10, 2008 *Detroit Free Press* article and in the Complaint.[1] (*See* Complaint ¶ 163.) Exhibits F and G are Toyota Motor Sales, U.S.A., Inc. press releases dated January 21 and 26, 2010 that the Complaint references as a corrective disclosure to the securities markets. (*See* Complaint ¶¶ 14, 15, 124, 126, 181, 183.)

The Court may take judicial notice of these documents. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 955 (9th Cir. 2009) ("Because the report . . . is cited extensively throughout the complaint, we deem it incorporated by reference, and take judicial notice of its entire contents."); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("[T]he incorporation by reference doctrine . . . permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'") (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)); *Patel v. Parnes*, 253 F.R.D. 531, 545 (C.D. Cal. 2008) (same) (citing *In re Stac Elecs.*

---

[1] The Court may also take judicial notice of the April 25, 2008 Toyota letter to NHTSA because it is a publicly available record of a federal regulatory agency. (Griffen Decl. ¶ 4.) *See, e.g., In re Wash. Mutual, Inc. Sec., Derivative & ERISA Litig.*, 259 F.R.D. 490, 495 (W.D. Wash. 2009) ("A court may also take judicial notice of . . . records and reports of administrative bodies . . . .") (citing *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled *on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 110-11, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991)); *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and 'reports of administrative bodies.'") (quoting *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954)); *Oregon Ass'n of Homes for the Aging, Inc. v. Oregon*, 5 F.3d 1239, 1243 n.2 (9th Cir. 1993) (court may take judicial notice of records and reports of administrative agencies).

1  *Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) and *Fecht v. The Price Co.*, 70 F.3d
2  1078, 1080 n.1 (9th Cir. 1995)); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal.
3  1998) (taking judicial notice of analysts' reports cited or quoted in complaint because
4  their contents were "capable of accurate and ready determination by resort to sources
5  whose accuracy cannot reasonably be questioned").

      Additionally, the Court may consider such documents when a party uses them to establish whether and when certain information was provided to the market, and doing so does not convert a pleading motion to a motion for summary judgment.  *In re PetSmart, Inc. Sec. Litig.*, 61 F. Supp. 2d 982, 987 n.1 (D. Az. 1999) ("A court may take judicial notice of matters of public record outside the pleadings without converting a motion to dismiss into a motion for summary judgment."); *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of news articles and similar documents for purpose of getting "an indication of what information was in the public realm at the time"); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004) (stating court may take judicial notice of press releases).  *See also Patel*, 253 F.R.D. at 548-49 (taking judicial notice of news articles and analyst reports "to show 'whether and when information was provided to the market'"); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (same); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1116 n.10 (C.D. Cal. 2003) (same).

      These published newspaper articles, press releases and public letter to NHTSA and their contents are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b)(2).

25  / / /
26  / / /
27  / / /
28  / / /

**B. Griffen Declaration Exhibit E Is Subject to Judicial Notice Because It Is Not Subject to Reasonable Dispute.**

The Court may take judicial notice of Griffen Declaration Exhibit E, which is a list of the historical prices of TMC's ADS, because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of reported historical stock prices. *See, e.g., Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding district court properly took judicial notice of defendant corporation's reported stock price history on motion to dismiss securities fraud class action); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, No. CIV 06–02674–PHX–RCB, 2011 WL 1253250, at *1 n.3 (D. Ariz. Mar. 31, 2011) (taking judicial notice of "historical trading prices for Apollo stock from January 1, 1998 through December 31, 2007, downloaded from Yahoo! Finance (http://finance.yahoo.com)"); *Nguyen v. Radient Pharms. Corp.*, No. SA CV 11–0406 DOC (MLGx), 2011 WL 5041959, at *2 n.3 (C.D. Cal. Oct. 20, 2011) (taking judicial notice of "Radient's historical daily stock price range from Bloomberg LP during the Class Period"); *In re VeriFone Sec. Litig.*, 784 F. Supp. 1471, 1475 n.2 (N.D. Cal. 1992) (taking judicial notice of daily closing prices of VeriFone stock reported by Dow Jones News Wire).

## II.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A-G of the Griffen Declaration.

DATED: December 9, 2011            SHEARMAN & STERLING LLP


By:      /s/ Stuart J. Baskin
            Stuart J. Baskin

4

| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | |
| 3 | |
| 4 | By:    /s/ Kay E. Kochenderfer |
| | Kay E. Kochenderfer |
| 5 | |
| 6 | Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter, and Robert C. Daly |
| 7 | |
| 8 | |

5