# EXHIBIT B

| | |
|---|---|
| **From:** | Kochenderfer, Kay E. <KKochenderfer@gibsondunn.com> |
| **Sent:** | Thursday, December 22, 2011 2:28 PM |
| **To:** | Blair Nicholas; Ben Galdston |
| **Cc:** | probbins@shearman.com; Evans, Gareth T. |
| **Subject:** | Redacted Complaint In The Toyota Securities Case |
| **Attachments:** | Redacted Complaint (12 15 11) pdf - Adobe Acrobat Pro (2).pdf - Adobe Acrobat Pro.pdf |

Blair and Ben,

Attached is a copy of the Consolidated Class Action Complaint in the Toyota securities case, which defendants have redacted pursuant to the discussion with the Court during the last Scheduling Conference. If you would like to have a meet and confer session to discuss the redactions between January 3 and January 5, please let us know what dates and times would work best for you. We intend to submit a redacted version of the Complaint with our opposition to Lead Plaintiffs' Motion to Compel Production, which is due on January 6 pursuant to our prior agreement.

Defendants have redacted the Complaint in different colors to show the different reasons for the proposed redactions based on the Court's July 7, 2011 Order on Defendants' Motion to Dismiss. The redactions in red are for the specific allegations dismissed, as a matter of law, by the Court's Order, whereas the redactions in the other colors represent Defendants' position as to areas that should not be the subject of discovery because they are factual predicates for areas of the case that no longer remain after the Court's Order. ==(Note, the fact that Defendants have not redacted other provisions in the Complaint is not meant to act as an admission that these allegations are appropriate for discovery.)== Set forth below is a description of each category of color-coded redactions:

### Red

The redactions made in red are for the allegations that the July 7, 2011 order dismissed, as a matter of law, from the case as a pleading matter. The red-redacted allegations include, for example, the Japanese law claim allegations, the allegations against Mr. Kinoshita, and the 26 statements that the Court found were not actionable.

### Yellow

The redactions made in yellow are for the allegations the Defendants understand serve as the underlying "factual" predicate for the alleged misrepresentations regarding general quality and safety issues that the Court dismissed from the case in the July 7, 2011 Order. Yellow was also used to redact allegations that Toyota pursued an aggressive cost-cutting campaign that purportedly led to a deterioration in quality and safety of the vehicles. In dismissing the general quality and safety allegations from the complaint, as well as the cost-cutting allegations, the Court made the following statements:

- "Plaintiffs also fail to allege scienter adequately as to the generalized quality and safety statements."
- "Nothing in the complaint permits a strong inference that any of the Defendants intentionally misled investors about Toyota's corporate strategy with regard to quality and safety."
- "Viewing the complaint in its totality, it is much more plausible that Defendants believed Toyota could maintain high quality and safety while cutting costs, or that any small quality reductions would have no appreciable impact on Toyota's position in the market."

### Blue

The redactions made in blue are for the allegations that Defendants understand serve as the underlying "factual" predicate for the alleged misrepresentations regarding legal and compliance issues that the Court dismissed from the case in the Court's July 7, 2011 Order. The blue-redacted allegations include assertions in the complaint regarding

ongoing regulatory oversight, compliance with the TREAD Act, what was or was not shared by Defendants with NHTSA and other regulators, and efforts to lobby NHTSA. In dismissing the legal and compliance allegations from the complaint, the Court stated that:

- "Plaintiffs allege that numerous statements about Toyota's legal and regulatory compliance were false because Toyota was not, in fact, living up to its statutory and regulatory duties."
- "Plaintiffs have not adequately alleged scienter as to these statements because it is more plausible – based on the limited facts in the complaint – that Defendants believed their responses to [] NHTSA were within the scope of an aggressive defense under the law, rather than an intentional violation of the law."

**Green**

The redactions in green are for the allegations that Defendant understand serve as the underlying "factual" predicate for non-sticky pedal unintended acceleration, including allegations of pre-2008 unintended acceleration. Defendants' understanding is that these are no longer part of the case based on the Court's dismissal of 26 of the 33 statements, including all statements before April 2008, and the absence of adequate loss causation allegations for corrective disclosures other than the sticky pedal recall and the resulting stop sale. Supporting this view is the following language from the Court's July 7, 2011 Order:

- "Given the gravity of the issue, it is at least as likely to be true that Defendants were aware of the competing possibility *of a serious mechanical design flaw* in their vehicles as it is that they remained blissfully unaware of the mounting evidence produced by Toyota engineers and service technicians, as well as *the accumulating reports of unintended acceleration that probably could not all be attributed to misaligned floor mats*. Toyota did not claim to be uncertain; it *affirmatively pointed the finger at floor mat placement and driver error*. Therefore, it was – at the very least – deliberately reckless to mislead investors into believing that Toyota had definitively identified the source of the unintended acceleration problem."

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.