UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 10-922 DSF (AJWx) | Date | 2/21/12 |
|---|---|---|---|
| Title | In re Toyota Motor Corp. Securities Litig. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      (In Chambers) Order DENYING Motion for Partial Judgment on the Pleadings (Docket No. 243)[1]

    Defendants' motion for judgment on the pleadings addresses matters previously raised in their motion to dismiss, and decided - either explicitly or by necessary implication - in the Court's resolution of that motion. The Court views this motion as an untimely request for reconsideration rather than an independent motion for judgment on the pleadings that raises new issues. While the Court is not barred from reexamining the issues raised in the instant motion, see Fed. R. Civ. P. 54(b), the Court sees no reason to do so. Judicial economy would be undermined by allowing parties an unlimited right to revisit issues raised in Rule 12(b)(6) motions via Rule 12(c) motions. Rule 12(g) and Rule 12(h)(2) allow a party to raise a failure to state a claim in a Rule 12(c) motion without having waived the argument by failing to file a motion prior to answering the complaint. They do not provide an unfettered grant to seek reconsideration of arguments already raised and lost in a previous Rule 12(b)(6) motion.

    Further, the Court is not convinced that its prior decision finding scienter to be adequately pleaded was in error.[2] In any event, the prior decision was not clearly

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 27, 2012 is removed from the Court's calendar.

[2] The scienter question is closer than the loss causation issue. The law is unclear as to what must be pleaded as to an official corporate spokesperson's scienter, especially in a case where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

erroneous, no factual or legal circumstances have changed, and no manifest injustice would result from a failure to reconsider the prior decision.  See United States v. Lummi Indian Tribe, 235 F.3d 443, 452-53 (9th Cir. 2000) (listing factors that require district court to exercise discretion to reexamine prior decision).

    The motion is DENIED.

---

the district court has found the core operations inference to be applicable.  Whatever the precise rule that should be applied, it is unlikely that the law allows corporations to shield themselves from securities fraud liability by funneling fraudulent statements through an "ignorant" spokesperson with no way for the public to know who, specifically, prepared the spokesperson's statements.