1  Stuart J. Baskin (admitted *pro hac vice*)
   sbaskin@shearman.com
2  SHEARMAN & STERLING LLP
   599 Lexington Avenue
3  New York, NY  10022
   Telephone:  (212) 848-4000
4  Facsimile:  (212) 848-7179

5  Patrick D. Robbins (State Bar No. 152288)
   probbins@shearman.com
6  Emily V. Griffen (State Bar No. 209162)
   egriffen@shearman.com
7  SHEARMAN & STERLING LLP
   4 Embarcadero Center, Suite 3800
8  San Francisco, CA  94111-5994
   Telephone:  (415) 616-1100
9  Facsimile:  (415) 616-1199

10 Kay E. Kochenderfer (State Bar No. 125847)
   kkochenderfer@gibsondunn.com
11 Gareth Evans (State Bar No. 138992)
   gevans@gibsondunn.com
12 GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
13 Los Angeles, California 90071-3197
   Telephone:  (213) 229-7000
14 Facsimile:  (213) 229-7520

15 Attorneys for Defendants Toyota Motor
   Corporation; Toyota Motor North America,
16 Inc.; Toyota Motor Sales, U.S.A., Inc.;
   Katsuaki Watanabe; Fujio Cho; Yoshimi
17 Inaba; James E. Lentz III; Irving A. Miller;
   Robert S. Carter; and Robert C. Daly

18

19 **UNITED STATES DISTRICT COURT**

20 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  IN RE TOYOTA MOTOR<br>CORPORATION SECURITIES<br>22  LITIGATION | Master File CV-10-0922 DSF (ADWx)<br>**NOTICE OF ERRATA REGARDING DEFENDANTS' MEMORANDUM IN OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br>[Amended Memorandum in Opposition to Lead Plaintiff's Motion for Class Certification Filed Concurrently]<br>Hearing:   July 23, 2012<br>Time:       1:30 p.m.<br>Place:      Courtroom 840<br>Judge:     Hon. Dale S. Fischer |

**TO THE COURT, LEAD PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants hereby submit this Notice of Errata with respect to the Memorandum in Opposition to Lead Plaintiff's Motion for Class Certification [Dkt. # 265] ("Opposition") filed with the Court on May 8, 2012. Filed concurrently with this Notice of Errata is a corrected version of the Opposition, entitled Amended Memorandum in Opposition to Lead Plaintiff's Motion for Class Certification ("Amended Opposition"). Defendants have made the following corrections in the Amended Opposition.

1. The Opposition at page 4, lines 18-19, included a quote from paragraph 22 of the Gompers Report, but the quotation should have included ellipses between the words "to" and "peer." The Amended Opposition makes that change.

2. The Opposition at page 14, lines 4-10, incorrectly referred to an analysis of abnormal returns on a "calendar quarter" basis when it should have referred to "120-day trading periods." The Amended Opposition makes the following change:

- In the Opposition, the two sentences at page 14, lines 4-10 state: "Indeed, even under Mr. Coffman's faulty analysis, if the proposed Class Period is examined by calendar quarter, he only found a statistically significant relationship between abnormal returns on days with potentially material news and those without during a single three-month period between October 1 to December 31, 2008, a period of great overall market volatility coinciding with the financial crisis. Gompers Report ¶¶ 48-49, n.61 & Ex. 11. Thus, for more than 80% of the alleged Class Period, even Mr. Coffman found no statistically significant cause-and-effect relationship."

- As corrected in the Amended Opposition, these two sentences state as follows (the revised language is bolded here for the Court's and Lead Plaintiff's convenience): "Indeed, even under Mr. Coffman's faulty analysis, if the proposed Class Period is examined by **120-day trading periods**, he only found a statistically significant relationship between abnormal returns on days with

potentially material news and those without during a single **period between September 25, 2008 and March 18, 2009**, a period of great overall market volatility coinciding with the financial crisis.  Gompers Report ¶¶ 48-**50** & Exs. **9-**11.  Thus, for **approximately three-quarters** of the alleged Class Period, even Mr. Coffman found no statistically significant cause-and-effect relationship."

3. The Opposition at page 17, line 26, inadvertently referred to paragraphs 31-32 of the Gompers Report, instead of paragraphs 29-31.  The Amended Opposition makes that change.

4. The last sentence of footnote 6 on page 19 (at lines 25-28) of the Opposition inadvertently referred to paragraphs 66-67 of the Gompers Report, instead of paragraphs 68-69.  The Amended Opposition makes that change.

5. The sentence at page 21, lines 2-6 of the Opposition incorrectly referred to the percentages of the trading volume for Nissan and Honda that exhibited abnormally high bid-ask spreads as 0.32% and 1.29%, respectively, when in fact those percentages are 0.35% and 1.35%, respectively.  The Amended Opposition makes that change.

6. The two sentences beginning on page 21, line 25 and ending on page 22, line 4 of the Opposition inadvertently contained certain incorrect information and inadvertently omitted citations to Exhibit 5 of the Gompers Report.  The Amended Opposition makes the following change:

- The two sentences beginning on page 21, line 25 and ending on page 22, line 4 of the Opposition originally read as follows:  "Toyota's ADS market, however, represented only 2.38% of Toyota's total shares outstanding at the end of December 2009.  *See* Gompers Report ¶¶ 19-20.  Further, while Toyota ranks No. 8 among ADS securities trading on the NYSE in terms of its global market capitalization, it ranks No. 159 with respect to the percent of its market capitalization represented by ADSs (at a mere 3% of Toyota's total float, whereas the top-ranked securities had 60-83% of their shares in ADS), and it

|   |   |
|---|---|
| 1 | ranks No. 93 in terms of total ADS volume traded (at less than 7 million shares, |
| 2 | whereas the top-ranked securities traded over 300 million shares)." |

- As corrected in the Amended Opposition, the two sentences read as follows (the corrected information is bolded here for the Court's and Lead Plaintiff's convenience): "Toyota's ADS market, however, represented only 2.38% of Toyota's total shares outstanding at the end of December 2009. *See* Gompers Report ¶¶ 19-20 **& Ex. 5**. Further, while Toyota ranks No. **12** among ADS securities trading on the NYSE in terms of its global market capitalization, it ranks No. **171** with respect to the percent of its market capitalization represented by ADSs (at a mere **2.38%** of Toyota's total float, whereas the top-ranked securities had 60-83% of their shares in ADS), and it ranks No. 93 in terms of total ADS volume traded (at less than **8** million shares, whereas the top-ranked securities traded over 300 million shares). *Id.* **Ex. 5.**"

7. The Opposition at page 22, line 7, inadvertently referred to paragraph 62 of the Gompers Report, instead of paragraph 64. The Amended Opposition makes that change.

8. The Opposition at page 22, line 16, inadvertently referred to paragraph 81 of the Gompers Report, instead of paragraph 86. The Amended Opposition makes that change.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Defendants respectfully request that the Court consider the Amended Opposition in substitution for the Opposition [Dkt. # 265] filed with the Court on May 8, 2012.

DATED: June 7, 2012        SHEARMAN & STERLING LLP

By: /s/ Stuart J. Baskin
    Stuart J. Baskin

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Kay E. Kochenderfer
    Kay E. Kochenderfer

Attorneys for Defendants Toyota Motor Corporation; Toyota Motor North America, Inc.; Toyota Motor Sales, U.S.A., Inc.; Katsuaki Watanabe; Fujio Cho; Yoshimi Inaba; James E. Lentz III; Irving A. Miller; Robert S. Carter; and Robert C. Daly