BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
BLAIR A. NICHOLAS  (Bar No. 178428)
(blairn@blbglaw.com)
BENJAMIN GALDSTON  (Bar No. 211114)
(beng@blbglaw.com)
DAVID R. KAPLAN (Bar No. 230144)
(davidk@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
   -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK (Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT (Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:   (213) 891-9010
Fax:   (213) 891-9011

*Liaison Counsel for the Class*

*(Additional Counsel listed on signature page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx)<br><br>**DECLARATION OF BLAIR A. NICHOLAS IN SUPPORT OF JOINT STIPULATION MODIFYING BRIEFING SCHEDULE AND HEARING DATES ON MOTION FOR CLASS CERTIFICATION AND RELATED MOTIONS TO EXCLUDE [ECF Nos. 250, 267]; CONTINUING STATUS CONFERENCE**<br><br>Courtroom: 840<br>Judge:       Dale S. Fischer |

I, Blair A. Nicholas, declare as follows:

1. I am a member of the Bar of the State of California, and am qualified and authorized to appear before this Court. I am a partner with the law firm of Bernstein Litowitz Berger & Grossmann LLP, attorneys for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class in the above-captioned matter. I make this declaration in support of the Joint Stipulation Modifying Briefing Schedule and Hearing Dates on Motion for Class Certification and Related Motions to Exclude, and Continuing Status Conference ("Stipulation") filed concurrently herewith. I am familiar with and have personal knowledge of the pleadings and proceedings in this case and the facts set forth in this declaration, and, if called to do so, I could and would testify competently thereto.

2. On October 7, 2011, the Parties filed a Joint Rule 26(f) Report that contained a proposed briefing schedule for Lead Plaintiff's Motion for Class Certification, including Lead Plaintiff's deadline for filing the motion (February 17, 2012), a date for Defendants to file their Opposition to the Motion for Class Certification (April 17, 2012), and a date for Lead Plaintiff to file its Reply in support of the Motion for Class Certification (May 17, 2012).

3. At the Status Conference on October 17, 2011 the Court approved this briefing schedule and set the hearing on the Motion for Class Certification to take place on June 11, 2012 at 1:30 p.m., unless the parties agreed otherwise (*see* Transcript of Oct. 17, 2011 hearing at 4:2-5).

4. Also at the Status Conference on October 17, 2011, the Court set a further Status Conference for January 9, 2012, at 11:00 a.m. On December 8, 2011, pursuant to the Parties' stipulation, the Court continued the Status Conference to February 27, 2012; on February 24, 2012, pursuant to the Parties' stipulation, the Court continued the Status Conference to April 30, 2012; and on April 13, 2012,

pursuant to the Parties' stipulation, the Court continued the Status Conference to July 23, 2012.

5. On February 17, 2012, Lead Plaintiff filed its Motion for Class Certification [ECF No. 250], which included an expert report from Plaintiffs' expert, Chad Coffman.

6. On March 14, 2012, the Parties stipulated to continue the briefing schedule and hearing dates on the Motion for Class Certification, such that Defendants would oppose the motion no later than May 8, 2012, Lead Plaintiff would file any reply no later than June 28, 2012, and the hearing would take place on July 23, 2012, at 1:30 p.m. On March 14, 2012, the Court granted that stipulation and modified the briefing schedule and hearing date accordingly.

7. On May 8, 2012, Defendants filed a Memorandum in Opposition to Lead Plaintiff's Motion for Class Certification, which included an expert report from Defendants' expert, Dr. Paul Gompers. Defendants also filed a Motion to Exclude the Expert Report of Chad Coffman, to be heard on July 23, 2012.

8. Lead Plaintiff intends to move to exclude the expert report of Defendants' expert witness, Dr. Gompers, to be heard on the same date as the class certification hearing and the hearing on Defendants' Motion to Exclude the Expert Report of Chad Coffman.

9. I now have a scheduling conflict on July 23, 2012, that would prevent me from appearing before this Court and arguing the motions scheduled to be heard that day. Because of scheduled vacations and other commitments, Lead Plaintiff and its counsel are not available until September 10, 2012.

10. As set forth in the Stipulation, the Parties are requesting a continuance of the July 23 hearing, until September 10, 2012, at 1:30 p.m., and related extensions of the briefing schedule on the class certification motion and motions to exclude.

11. As also set forth in the Stipulation, the Parties are requesting a continuance of the Status Conference from July 23, 2012, to September 10, 2012, to

1 accommodate Lead Plaintiff's counsel's unavailability, and to coincide with the
2 hearing on class certification and the related motions to exclude.
3     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the
4 foregoing is true and correct.
5     Executed on June 27, 2012, in San Diego, California.

                                    */s/ Blair A. Nicholas*
                                    Blair A. Nicholas