BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
(blairn@blbglaw.com)
BENJAMIN GALDSTON (Bar No. 211114)
(beng@blbglaw.com)
DAVID R. KAPLAN (Bar No. 230144)
(davidk@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323
    -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK (Bar No. 76359)
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT (Bar No. 157961)
(dvincent@fairbankvincent.com)
444 S. Flower Street, Suite 3860
Los Angeles, CA 90071
Tel: (213) 891-9010
Fax: (213) 891-9011

*Liaison Counsel for the Class*

*(Additional Counsel listed on signature page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx)<br><br>**DECLARATION OF BENJAMIN GALDSTON IN SUPPORT OF JOINT SUPPLEMENTAL STIPULATION MODIFYING BRIEFING SCHEDULE AND HEARING DATES ON MOTION FOR CLASS CERTIFICATION AND RELATED MOTIONS TO EXCLUDE [ECF Nos. 250, 267]**<br><br>Courtroom: 840<br>Judge: Dale S. Fischer |

I, Benjamin Galdston, declare as follows:

1. I am a member of the Bar of the State of California, and am qualified and authorized to appear before this Court. I am a senior counsel with the law firm of Bernstein Litowitz Berger & Grossmann LLP, attorneys for Lead Plaintiff Maryland State Retirement and Pension System and Lead Counsel for the Class in the above-captioned matter. I make this declaration in support of the Joint Supplemental Stipulation Modifying Briefing Schedule and Hearing Dates on Motion for Class Certification and Related Motions to Exclude ("Stipulation") filed concurrently herewith. I am familiar with and have personal knowledge of the pleadings and proceedings in this case and the facts set forth in this declaration, and, if called to do so, I could and would testify competently thereto.

2. On October 7, 2011, the Parties filed a Joint Rule 26(f) Report that contained a proposed briefing schedule for Lead Plaintiff's Motion for Class Certification, including Lead Plaintiff's deadline for filing the motion (February 17, 2012), a date for Defendants to file their Opposition to the Motion for Class Certification (April 17, 2012), and a date for Lead Plaintiff to file its Reply in support of the Motion for Class Certification (May 17, 2012).

3. At the Status Conference on October 17, 2011, the Court approved this briefing schedule and set the hearing on the Motion for Class Certification to take place on June 11, 2012 at 1:30 p.m., unless the Parties agreed otherwise (*see* Transcript of Oct. 17, 2011 hearing at 4:2-5).

4. On February 17, 2012, Lead Plaintiff filed its Motion for Class Certification [ECF No. 250], which included an expert report from Plaintiffs' expert, Chad Coffman.

5. On March 14, 2012, the Parties stipulated to continue the briefing schedule and hearing dates on the Motion for Class Certification, such that Defendants would oppose the motion no later than May 8, 2012, Lead Plaintiff would file any reply no later than June 28, 2012, and the hearing would take place

on July 23, 2012, at 1:30 p.m. On March 14, 2012, the Court granted that stipulation and modified the briefing schedule and hearing date accordingly.

6. On May 8, 2012, Defendants filed a Memorandum in Opposition to Lead Plaintiff's Motion for Class Certification [ECF No. 265], which included an expert report from Defendants' expert, Professor Paul A. Gompers [ECF No. 266]. Defendants also filed a Motion to Exclude the Expert Report of Chad Coffman [ECF No. 267], to be heard on July 23, 2012.

7. On June 13, 2012, I deposed Defendants' Expert Professor Gompers in a full-day deposition.

8. On June 27, 2012, the Parties filed a Joint Stipulation [ECF No. 270] to modify the briefing schedule and hearing dates for Lead Plaintiff's class certification motion and related motions to exclude, including Defendants' motion to exclude Mr. Coffman's expert report and Lead Plaintiff's anticipated motion to exclude the expert report of Defendants' expert, Professor Gompers. The Parties agreed to an extension of the hearing dates on the class certification motion and the related motions to exclude to allow all the motions to be heard on the same date, and to accommodate various scheduling conflicts that prevented Lead Plaintiff and Lead Counsel from attending a hearing earlier than September 10, 2012. The June 27 Joint Stipulation provided, *inter alia*, that Lead Plaintiff would file (i) any reply in support of class certification no later than July 5, 2012; (ii) its opposition to Defendant's Motion to Exclude the Expert Report of Chad Coffman no later than July 5, 2012; and (iii) any motion to exclude the report of Defendants' expert, Professor Gompers, no later than July 9, 2012. On June 28, 2012, the Court granted the Parties' June 27, 2012 Joint Stipulation and modified the briefing schedule and hearing dates accordingly.

9. During a telephone call on June 27, 2012, after the Parties filed the June 27, 2012, Joint Stipulation referenced above, counsel for Defendants informed Lead Counsel that during his deposition, Professor Gompers testified regarding a

certain bid-ask spread analysis, which he had not, in fact, performed. On June 28, 2012, counsel for Defendants provided Lead Plaintiff's counsel with a letter and a sworn declaration by Professor Gompers specifying certain portions of Professor Gompers' testimony as erroneous.

10. As set forth in the Stipulation, the Parties request a continuance of the September 10 hearing, until October 15, 2012, at 1:30 p.m., and related extensions of the briefing schedule on the class certification motion and motions to exclude. The Parties submit this request in order to allow Lead Plaintiff sufficient time to appropriately consider and respond to the recent disclosures.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 5, 2012, in South Wellfleet, Massachusetts.

*Benjamin Galdston* /DK
_____
Benjamin Galdston