Stuart J. Baskin (admitted *pro hac vice*)
sbaskin@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Patrick D. Robbins (State Bar No. 152288)
probbins@shearman.com
Emily V. Griffen (State Bar No. 209162)
egriffen@shearman.com
SHEARMAN & STERLING LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5994
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Kay E. Kochenderfer (State Bar No. 125847)
kkochenderfer@gibsondunn.com
Gareth Evans (State Bar No. 138992)
gevans@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendants Toyota Motor Corporation; Toyota Motor North America, Inc.; Toyota Motor Sales, U.S.A., Inc.; Katsuaki Watanabe; Fujio Cho; Yoshimi Inaba; James E. Lentz III; Irving A. Miller; Robert S. Carter; and Robert C. Daly

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File CV-10-0922 DSF (AJWx) <br> **NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** <br><br> Hearing: October 15, 2012 <br> Time: 1:30 p.m. <br> Place: Courtroom 840 <br> Judge: Hon. Dale S. Fischer |

Gibson, Dunn & Crutcher LLP

**TO THE COURT, LEAD PLAINTIFF AND ITS COUNSEL OF RECORD:**

On May 8, 2012, Defendants submitted their Memorandum in Opposition to Lead Plaintiff's Motion for Class Certification [Dkt. # 265], and on June 8, 2012 Defendants submitted a Notice of Errata [Dkt. # 268] and an Amended Memorandum in Opposition to Lead Plaintiff's Motion for Class Certification [Dkt. # 269].

On June 11, 2012, the United States Supreme Court issued an order granting the petition for certiorari in *Amgen Inc., et al. v. Connecticut Retirement Plans and Trust Funds*, Case No. 11-1085 (*see Connecticut Retirement Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170 (9th Cir. 2011), *cert. granted*, 80 U.S.L.W. 3519, 80 U.S.L.W. 3675, 80 U.S.L.W. 3678 (U.S. June 11, 2012) (No. 11-1085)). The order granting the petition for a writ of certiorari in *Amgen* is attached hereto as Exhibit A (at 2). The petition for a writ of certiorari filed with the Supreme Court by Amgen Inc. et al. dated March 1, 2012 is attached hereto as Exhibit B. A document available on the Supreme Court's website, which lists the questions presented by the *Amgen* petition, is attached hereto as Exhibit C.

The *Amgen* certiorari petition raises the question "[w]hether, in a misrepresentation case under SEC Rule 10b-5, the district court must require proof of materiality before certifying a plaintiff class based on the fraud-on-the-market theory." *See* Ex. B at (i) and Ex. C.[1]

The Ninth Circuit held in *Amgen* that a plaintiff in a Rule 10b-5 case does not need to "prove materiality to avail [itself and the class] of the fraud-on-the-market presumption

---

[1] The *Amgen* petition also raises the additional question whether "the district court must allow the defendant to present evidence rebutting the applicability of the fraud-on-the-market theory before certifying a plaintiff class based on that theory." *Id*. This question is not relevant to resolving Lead Plaintiff's motion for class certification here, because Defendants' opposition argument does not rely upon *rebutting* the fraud-on-the-market presumption, but instead relies upon the failure of Lead Plaintiff to prove the existence of one of the prerequisites for *establishing* the presumption in the first place: the existence of an efficient market in Toyota's ADS. Nor, in any event, did *Amgen* hold that a defendant may not rebut the fraud-on-the-market presumption at the class certification stage; it only held that a defendant may not do so by arguing "truth on the market," which is "a method of refuting an alleged misrepresentation's *materiality*." *Amgen*, 660 F.3d at 1177. This is not an argument made by Defendants in opposition to Lead Plaintiff's motion for class certification.

1  of reliance at the class certification stage." Ex. B at 7 (quoting *Amgen Inc.*, 660 F.3d at
2  1177). As a result, Defendants did not make a materiality argument in their
3  Memorandum in Opposition to Lead Plaintiff's Motion for Class Certification, because
4  such an argument was foreclosed by then-governing Ninth Circuit law.

5  Additionally, on June 25, 2012, the United States Supreme Court issued an order
6  granting the petition for certiorari in *Comcast Corp. v. Behrend*, Case No. 11-864 (*see*
7  *Behrend v. Comcast Corp.*, 655 F.3d 182 (3d Cir. 2011), *cert. granted*, 80 U.S.L.W. 3442
8  (U.S. June 25, 2012) (No. 11-864)). The order granting the petition for a writ of
9  certiorari in *Comcast* is attached as Exhibit D (at 3) and the Petition for Writ of Certiorari
10 is attached as Exhibit E. The Court certified for review the following question in
11 *Comcast*: "Whether a district court may certify a class action without resolving whether
12 the plaintiff class has introduced admissible evidence, including expert testimony, to
13 show that the case is susceptible to awarding damages on a class-wide basis." *See* Ex. D
14 at 3. Here, Lead Plaintiff did not submit such evidence in support of its Motion for Class
15 Certification.

16 In the event that the Supreme Court reverses the Ninth Circuit's decision in
17 *Amgen*, or holds in *Comcast* that the plaintiff must introduce admissible evidence,
18 including expert testimony, showing that damages are available to the plaintiff class, this
19 could have a significant impact on the requirements for proving class certification in this
20 case, and in particular whether a Rule 10b-5 plaintiff must prove materiality and damages
21 at the class certification stage in order to certify a class. As a result, Defendants reserve
22 all rights to raise additional arguments in the event that the Supreme Court's decision in
23 *Amgen* reverses the Ninth Circuit's ruling in any way or that its decision in *Comcast*
24 holds that plaintiff must introduce admissible evidence of damages at the class
25 certification stage. Through this Notice of Recent Authority, Defendants are reserving
26 their rights and are not seeking to stay this Court's ruling on Lead Plaintiff's Motion for
27 Class Certification while the *Amgen* and *Comcast* cases are pending before the Supreme
28 Court.

Gibson, Dunn &
Crutcher LLP

| | | |
|---|---|---|
| 1 | DATED:  August 30, 2012 | SHEARMAN & STERLING LLP |

By: /s/ Stuart J. Baskin
　　　　Stuart J. Baskin


GIBSON, DUNN & CRUTCHER LLP

By: /s/ Kay E. Kochenderfer
　　　　Kay E. Kochenderfer


Attorneys for Defendants Toyota Motor Corporation; Toyota Motor North America, Inc.; Toyota Motor Sales, U.S.A., Inc.; Katsuaki Watanabe; Fujio Cho; Yoshimi Inaba; James E. Lentz III; Irving A. Miller; Robert S. Carter; and Robert C. Daly