# Exhibit D

(ORDER LIST: 567 U.S.)

MONDAY, JUNE 25, 2012

APPEAL -- SUMMARY DISPOSITION

11-1178      FLETCHER, PATRICIA, ET AL. V. LAMONE, LINDA H., ET AL.

             The judgment is affirmed.

CERTIORARI -- SUMMARY DISPOSITION

11-83        ARCTIC SLOPE NATIVE ASSN. V. SEBELIUS, SEC. OF H&HS

             The petition for a writ of certiorari is granted.  The

             judgment is vacated, and the case is remanded to the United

             States Court of Appeals for the Federal Circuit for further

             consideration in light of *Salazar* v. *Ramah Navajo Chapter*, 567

             U.S. ___ (2012).

ORDERS IN PENDING CASES

11M116       GIUNTA, JOSEPH J. V. ASTRUE, COMM'R, SOCIAL SEC.

             The motion to direct the Clerk to file a petition for a writ

             of certiorari out of time is denied.

11M117       EMMETT, BARRY V. THALER, DIR., TX DCJ

             The motion to direct the Clerk to file a petition for a writ

             of certiorari out of time under Rule 14.5 is denied.

11M118       DAVIS, HENRY V. CAIN, WARDEN

11M119       BLACKARD, JUDITH A. V. TEXAS

11M120       LOMAX, MATTIE V. NUNEZ, OFFICER, ET AL.

             The motions to direct the Clerk to file petitions for

             writs of certiorari out of time are denied.

11M121       UNDER SEAL V. UNDER SEAL, ET AL.

             The motion for leave to file a petition for a writ of

Exhibit D
073

certiorari under seal with redacted copies for the public record is granted.

11M122    ROE, RICHARD, ET AL. V. UNITED STATES, ET AL.

The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted on condition that petitioners provide a redacted motion and petition that remove any appended item containing a party's true name and any reference to such item within 30 days.

11-1078   GLAXOSMITHKLINE V. CLASSEN IMMUNOTHERAPIES, INC.

The Solicitor General is invited to a file brief in this case expressing the views of the United States.

11-9281   IN RE MICHAEL DOYLE

The motion of petitioner for reconsideration of order denying leave to proceed *in forma pauperis* is denied.

11-9925   THOMAS, TROY C. V. CALIFORNIA

11-10026  POSTOLACHE, IONEL V. POSTOLACHE, DOINITA

11-10480  TRIVEDI, RAMNIK V. IRS

The motions of petitioners for leave to proceed *in forma pauperis* are denied.   Petitioners are allowed until July 16, 2012, within which to pay the docketing fees required by Rule 38(a) and to submit petitions in compliance with Rule 33.1 of the Rules of this Court.

### CERTIORARI GRANTED

11-338   )   DECKER, DOUG, ET AL. V. NORTHWEST ENVTL. DEFENSE CENTER
         )
11-347   )   GEORGIA-PACIFIC WEST, ET AL. V. NORTHWEST ENVTL. DEFENSE CENTER

The petitions for writs of certiorari are granted.   The cases are consolidated and a total of one hour is allotted for

Exhibit D
074

oral argument.  Justice Breyer took no part in the consideration or decision of these petitions.

11-460      LOS ANGELES CTY. FLOOD CONTROL V. NATURAL RESOURCES, ET AL.

The petition for a writ of certiorari is granted limited to Question 2 presented by the petition.

11-556      VANCE, MAETTA V. BALL STATE UNIVERSITY, ET AL.

The petition for a writ of certiorari is granted.

11-864      COMCAST CORP., ET AL. V. BEHREND, CAROLINE, ET AL.

The petition for a writ of certiorari is granted limited to the following question:  "Whether a district court may certify a class action without resolving whether the plaintiff class has introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis."

11-982      ALREADY, LLC V. NIKE, INC.

The petition for a writ of certiorari is granted.

11-1059     GENESIS HEALTHCARE CORP., ET AL. V. SYMCZYK, LAURA

The motion of Chamber of Commerce of the United States of America, et al. for leave to file a brief as *amici curiae* is granted.  The motion of DRI - The Voice of the Defense Bar for leave to file a brief as *amicus curiae* is granted.  The petition for a writ of certiorari is granted.

11-1160     FTC V. PHOEBE PUTNEY HEALTH, ET AL.

11-1231     SEBELIUS, SEC. OF H&HS V. AUBURN REGIONAL MEDICAL, ET AL.

11-1285     US AIRWAYS, INC. V. McCUTCHEN, JAMES E., ET AL.

The petitions for writs of certiorari are granted.

11-9307     HENDERSON, ARMARCION D. V. UNITED STATES

The motion of petitioner for leave to proceed *in forma*

Exhibit D
075

*pauperis* and the petition for a writ of certiorari are granted.

## CERTIORARI DENIED

| 10-947 | BANK MELLI IRAN NY REP. OFFICE V. WEINSTEIN, SUSAN, ET AL. |
|---|---|
| 10-1139 | FACULTY SENATE OF FL, ET AL. V. FLORIDA |
| 10-1322 | DIRECTV, INC., ET AL. V. TESTA, JOSEPH W. |
| 10-1377 | COOK, MERILYN, ET AL. V. ROCKWELL INTERNATIONAL CORP. |
| 10-1555 | PACIFIC MERCHANT SHIPPING ASS'N V. GOLDSTENE, JAMES, ET AL. |
| 11-71 | COTRONEO, DOMINIC, ET AL. V. SHAW ENVTL. & INFRASTRUCTURE |
| 11-969 | ) RYAN, THERESA R., ET AL. V. PICARD, IRVING H., ET AL. |
| 11-986 | ) VELVEL, LAWRENCE R. V. PICARD, IRVING H., ET AL. |
| 11-1009 | PUBLIC CITIZEN, INC., ET AL. V. FERC, ET AL. |
| 11-1026 | M. H. V. UNITED STATES |
| 11-1056 | TORRES-RENDON, TOMAS B. V. HOLDER, ATT'Y GEN. |
| 11-1062 | MICCI, JOSEPH V. ALEMAN, RICK |
| 11-1089 | DeFEO, CHRISTOPHER V. CALIFORNIA |
| 11-1153 | OGNIBENE, TOM, ET AL. V. PARKES, JOSEPH P., ET AL. |
| 11-1158 | HERRING, TED V. FLORIDA |
| 11-1161 | CAHILL, PETER S. V. SEC |
| 11-1177 | RHODES, DAVID T. V. JUDISCAK, DAN |
| 11-1215 | ABDUR'RAHMAN, ABU-ALI V. COLSON, WARDEN |
| 11-1229 | MI WORKERS' COMP. AGENCY, ET AL. V. ACE AM. INS. CO., ET AL. |
| 11-1243 | DEEP, NORMAN P. V. CLINTON CENTRAL SCHOOL, ET AL. |
| 11-1252 | LA CITIZENS PROPERTY INS. CO. V. OUBRE, GERALDINE, ET AL. |
| 11-1257 | KIA MOTORS AMERICA, INC. V. SAMUEL-BASSETT, SHAMELL, ET AL. |
| 11-1258 | KIVISTO, JUSSI K. V. SOIFER, MICHAEL D., ET AL. |
| 11-1260 | WILSON, DAVID B. V. BIRNBERG, GERALD, ET AL. |
| 11-1270 | AABDOLLAH, MORTEZA V. AABDOLLAH, FATEMEH |
| 11-1271 | TRUSTEE OF NORTEL NETWORKS V. NORTEL NETWORKS, INC., ET AL. |

Exhibit D
076

11-1272     JACKSON, REBECCA W. V. MECOSTA CTY. MED. CENTER, ET AL.

11-1273     WIECKIEWICZ, ADAM V. EDUCATIONAL CREDIT MANAGEMENT

11-1276     MIKEL, ANDREW V. SCHOOL BD. OF SPOTSYLVANIA CTY.

11-1279     JOHNSON, BENJAMIN L. V. BARTOS, WARDEN, ET AL.

11-1283     RODRIGUEZ, ISIDORO V. SEA SEARCH ARMADA, ET AL.

11-1294     IRAQ V. WYE OAK TECHNOLOGY, INC.

11-1296     KATZ-PUESCHEL, DEBORAH V. DEPT. OF TRANSPORTATION

11-1297     M. H. R. V. FLORIDA

11-1311     PHAN, DUNG V. HOLDER, ATT'Y GEN.

11-1315     FRANKLIN, CHAD V. ESTATE OF MAX OVERBEY, ET AL.

11-1339     LOVAAS, PATTY V. MONTANA, ET AL.

11-1340     BEY, NTCHWAIDUMELA, ET AL. V. NEW YORK, NY, ET AL.

11-1341     BOSCH, YIGAL V. CERTAIN UNDERWRITERS AT LLOYD'S

11-1357     SHARP, SHAWN C. V. JOHNSON, PHILIP, ET AL.

11-1380     WILLIAMS, STEVEN, ET UX. V. JP MORGAN MORTGAGE, ET AL.

11-1387     MR. S. V. UNITED STATES

11-1394     BALLAN, ANTHONY P. V. UNITED STATES

11-7501     SMITH, JAMES M. V. PENNSYLVANIA

11-8101     CARTER, CHRISTOPHER V. UNITED STATES

11-8733     TRUJILLO, ADELAIDO V. TALLY, SERGEANT, ET AL.

11-8966     REBOLLO-ANDINO, DANNY V. UNITED STATES

11-9013     BROWN, ARTHUR V. ILLINOIS

11-9023     SAGHIR, UZMAH V. GRIEVANCE COMMITTEE

11-9125     HUTCHISON, OLEN E. V. COLSON, WARDEN

11-9452     FLORES, JOAQUIN B. V. UNITED STATES

11-9453     GIANNINI, GLORIA V. UNITED STATES

11-9492     SANDOVAL, ANNETTE N. V. UNITED STATES

11-9672     PADILLA, JOSE V. UNITED STATES

Exhibit D
077

11-9830     DOZIER, SCOTT V. NEVADA

11-9861     SAMPSON, KIMANI A. V. FLORIDA

11-9862     RIVERA, MICHAEL A. V. HORNE, ATT'Y GEN. OF AZ, ET AL.

11-9863     SMITH, ZACHARY T. V. THALER, DIR., TX DCJ

11-9874     BAILEY, RICARDO V. TUCKER, SEC., FL DOC, ET AL.

11-9876     LOMAX, MATTIE V. REGALADO, MAYOR, ET AL.

11-9877     SMITH, DANIEL L. V. SANDOR, WARDEN

11-9889     McMORRIS, JOSEPH V. SHERFIELD, JON, ET AL.

11-9892     NUNN, MYRON R. V. COOPER, ATT'Y GEN. OF NC

11-9895     BROWN, ERIC V. MITCHELL, SUPT., OLD COLONY

11-9902     ROJAS, PAUL D. V. ADAMS, WARDEN

11-9906     CARAVEO, OMAR V. TEXAS

11-9914     PENA, JORGE V. ILLINOIS

11-9921     MAYES, NORMAN L. V. ROWLEY, WARDEN, ET AL.

11-9924     WALKER, JOHNNY V. SMITH, WARDEN

11-9928     BRUCE, DeSEAN A. V. RYAN, DIR., AZ DOC, ET AL.

11-9933     COLEMAN, DONALD V. COX, DIR., NV DOC, ET AL.

11-9934     LAVENDER, JAMES R. V. THALER, DIR., TX DCJ

11-9935     NOWILL, RANDALL W. V. FRAZIER, WARDEN

11-9940     KIDD, CARLOS R. V. LIVINGSTON, EXEC. DIR., ET AL.

11-9949     MOXLEY, JOHN T. V. NEVEN, WARDEN

11-9952     BRIST, AMY L. V. MINNESOTA

11-9957     AMAKER, JOEL L. V. NEW YORK, ET AL.

11-9959     MAYES, DEBRA V. GRAPHIC PACKAGING INT'L

11-9963     MENDIOLA, RICHARD V. THALER, DIR., TX DCJ

11-9964     MORRIS, TARAY T. V. MALFI, WARDEN, ET AL.

11-9965     TURNER, CHARLES R. V. HERRICK, STEPHEN M., ET AL.

11-9968     CABA, ROBERTO V. UNITED STATES

11-9973      LAZAROV, MALINA V. V. KIMMEL, JAMES, ET AL.

11-9976      McCARTHY, PATRICK V. SOSNICK, EDWARD, ET AL.

11-9978      APPLEWHITE, SAMUEL D. V. OUTLAW, SUPT., EASTERN, ET AL.

11-9979      BRANCO, ALLEN P. V. ESPINDA, WARDEN

11-9995      STURDIVANT, RAMELL V. ILLINOIS

11-10032     BAILEY, BATASKI V. EMS VENTURES, INC.

11-10055     KULA, FRANK S. V. WV DEPT. OF TRANSPORTATION

11-10127     MALAM, MAHAMAN L., ET AL. V. UNITED STATES

11-10132     LIZOTTE, BRANDON V. LeBLANC, JAMES, ET AL.

11-10164     DILWORTH, WARREN J. V. MISSISSIPPI

11-10183     LEONARD, GREGORY N. V. NEVADA

11-10187     SMITH, TONY M. V. McDANIEL, WARDEN, ET AL.

11-10230     THOMAS, PAUL A. V. CATE, SEC., CA DOC

11-10239     LYONS, ERIC J. V. COLEMAN, SUPT., FAYETTE, ET AL.

11-10254     HALBERT, LAWRENCE D. V. CALIFORNIA

11-10256     ESPINOZA, BENNY A. V. VIRGA, WARDEN

11-10269     RODRIGUEZ, RUSSELL G. V. CATE, DIR., CA DOC

11-10302     LOGGINS, KEVIN D. V. HANNIGAN, ROBERT D., ET AL.

11-10336     FRAZIER, MAURICE V. NOOTH, SUPT., SNAKE RIVER

11-10339     WEBSTER, MONROE V. FLORIDA

11-10341     IBARRA, FELIPE N. V. HOBBS, DIR., AR DOC

11-10342     PRATER, CAREL A. V. UNITED STATES

11-10345  )  LARSEN, ROBERT D. V. UNITED STATES
          )
11-10346  )  STONE, CRAIG M. V. UNITED STATES

11-10395     HODGE, SHAUN A. V. TENNESSEE

11-10445     WOODSON, WELLIE E. V. UNITED STATES

11-10447     VOGEL, DAVID A. V. UNITED STATES

11-10449     THOMPSON, BRENTON D. V. WILLIAMS, WARDEN

Exhibit D
079

11-10452    LOPEZ, YUDEISY V. UNITED STATES

11-10457    COLEMAN, JOHN V. UNITED STATES

11-10458    MOORE, OPIO D. V. UNITED STATES

11-10459    MENDOZA, JUAN A. V. UNITED STATES

11-10469    RIVERA-PINON, JESUS E. V. UNITED STATES

11-10474    HARPER, ADRIAN D. V. UNITED STATES

11-10475    GARCIA, ORLANDO D. V. UNITED STATES

11-10478    STANLEY, DARNELL V. UNITED STATES

11-10482    FALLIN, BILLY J. V. UNITED STATES

11-10484    FRAZIER, WILLIAM V. UNITED STATES

11-10485    GONZALEZ-LOPEZ, MARCELO V. UNITED STATES

11-10493    CORBRAY, JUSTIN D. V. UNITED STATES

11-10496    AGUILAR-PEREZ, JUAN V. UNITED STATES

11-10498    BURGEST, EARL H. V. UNITED STATES

11-10500    CAMPOS-CABRERA, JESUS V. UNITED STATES

11-10501    CAZAREZ, RODOLFO L. V. UNITED STATES PAROLE COMMISSION

11-10508    ROBERTS, ARTEMAS T. V. UNITED STATES

11-10513    POWELL, GARY V. UNITED STATES

11-10524    LOPEZ, JESUS F. V. UNITED STATES

11-10525    JOHNSON, DENNIS H. V. UNITED STATES

11-10528    TORRES-VALENZUELA, WILFREDO V. UNITED STATES

11-10529    WHITE, TIMOTHY O. V. UNITED STATES

11-10530    MOORE, CHAUNCEY V. UNITED STATES

11-10531    PHOUMMANY, SOMPHETH V. SANDERS, WARDEN

11-10532    HUDGINS, ADRIAN M. V. UNITED STATES

11-10533    COUSINS, KIM A. V. UNITED STATES

11-10534    COLVIN, JOHN K. V. UNITED STATES

Exhibit D
080

11-10537     BERGTHOLD, BRIAN J. V. UNITED STATES

        The petitions for writs of certiorari are denied.

11-431     RUBIN, JENNY, ET AL. V. IRAN, ET AL.

        The petition for a writ of certiorari is denied.  Justice Scalia and Justice Kagan took no part in the consideration or decision of this petition.

11-604     EM LTD., ET AL. V. ARGENTINA, ET AL.

        The petition for a writ of certiorari is denied.  Justice Sotomayor took no part in the consideration or decision of this petition.

11-762     SEBELIUS, SEC. OF H&HS V. SOUTHERN UTE INDIAN TRIBE

        The petition for a writ of certiorari is denied.  Justice Kagan took no part in the consideration or decision of this petition.

11-999     )  FLORIDA, ET AL. V. GEORGIA, ET AL.
          )
11-1006    )  ALABAMA, ET AL. V. GEORGIA, ET AL.
          )
11-1007    )  SOUTHEASTERN FEDERAL POWER V. GEORGIA, ET AL.

        The petitions for writs of certiorari are denied.  Justice Kagan took no part in the consideration or decision of these petitions.

11-1034     GABAYZADEH, MEHDI V. UNITED STATES

        The petition for a writ of certiorari is denied.  Justice Sotomayor took no part in the consideration or decision of this petition.

11-1194    )  JAYYOUSI, KIFAH W. V. UNITED STATES
          )
11-1198    )  HASSOUN, ADHAM A. V. UNITED STATES

        The petitions for writs of certiorari are denied.  Justice Kagan took no part in the consideration or decision of these

Exhibit D
081

petitions.

11-1259     HARTSEL, MARYLYNN, ET AL. V. VANGUARD GROUP, ET AL.

The petition for a writ of certiorari is denied.  Justice Alito took no part in the consideration or decision of this petition.

11-9896     JONES, DONALD G. V. LIBERTY BANK & TRUST CO., ET AL.

11-9936     JONES, DONALD G. V. COMMONWEALTH LAND TITLE INS. CO.

The motions of petitioner for leave to proceed *in forma pauperis* are denied, and the petitions for writs of certiorari are dismissed.  See Rule 39.8.

11-9960     PINDER, STEVEN V. ARKANSAS

The motion of petitioner to defer consideration of the petition for a writ of certiorari is denied.  The petition for a writ of certiorari is denied.

11-10476    MOJICA, JOSHUA V. UNITED STATES

11-10477    SETTLE, KELVIN V. UNITED STATES

The petitions for writs of certiorari are denied.  Justice Kagan took no part in the consideration or decision of these petitions.

**MANDAMUS DENIED**

11-9882     IN RE KEVIN ALSTON

11-10487    IN RE JERRY J. HIGDON, JR.

The petitions for writs of mandamus are denied.

11-1261     IN RE EILEEN VEY

11-9885     IN RE SHELTON R. MODELIST

The petitions for writs of mandamus and/or prohibition are denied.

Exhibit D
082

**REHEARINGS DENIED**

11-1013    SALESSI, KAREEM V. WACHOVIA MORTGAGE, FSB, ET AL.

11-1014    HARMAN, DORIS J., ET VIR V. DATTE, PAUL, ET AL.

11-1064    JACKSON, TIMOTHY A. V. FUJI PHOTO FILM, INC., ET AL.

11-5843    WRIGHT, JOE V. V. OLD CASTLE GLASS, ET AL.

11-8899    VIRAY, BENJARDI B. V. SMITH, WARDEN, ET AL.

11-8916    WINGO, TONJIA V. SOUTH BEND, IN

11-8983    ARAFAT, NASRA V. IBRAHIM, MOHAMED

11-9014    BOLGAR, PETER V. GLEN DONALD APARTMENTS, INC.

11-9091    IN RE HIEN A. DAO

11-9233    BEASLEY, ANTONIO J. V. UNITED STATES

11-9276    BEST, JASON V. UNITED STATES

11-9592    JONES, VAUGHNTA M. V. UNITED STATES

           The petitions for rehearing are denied.

11-7468    DAVIS, HENRY V. CAIN, WARDEN

           The motion for leave to file a petition for rehearing is denied.

**ATTORNEY DISCIPLINE**

D-2662     IN THE MATTER OF DISBARMENT OF TRACY HICKS BARLEY

           Tracy Hicks Barley, of Durham, North Carolina, having been suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued and served upon her requiring her to show cause why she should not be disbarred; and the time to file a response having expired;

           It is ordered that Tracy Hicks Barley is disbarred from the practice of law in this Court.

D-2664     IN THE MATTER OF DISBARMENT OF DONALD L. RICHARDSON

           Donald L. Richardson, of Crescent Springs, Kentucky, having

11

Exhibit D
083

been suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued requiring him to show cause why he should not be disbarred; and the time to file a response having expired;

It is ordered that Donald L. Richardson is disbarred from the practice of law in this Court.

D-2666     IN THE MATTER OF DISBARMENT OF RONALD RUSS SNYDER

Ronald Russ Snyder, of Jefferson, Kentucky, having been suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued requiring him to show cause why he should not be disbarred; and the time to file a response having expired;

It is ordered that Ronald Russ Snyder is disbarred from the practice of law in this Court.

D-2667     IN THE MATTER OF DISBARMENT OF ROBERT W. SHIMER

Robert W. Shimer, of Camp Hill, Pennsylvania, having been suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued and served upon him requiring him to show cause why he should not be disbarred; and the time to file a response having expired;

It is ordered that Robert W. Shimer is disbarred from the practice of law in this Court.

D-2668     IN THE MATTER OF DISBARMENT OF JOSEPH P. SINDACO

Joseph P. Sindaco, of Fort Lauderdale, Florida, having been suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued requiring him to show cause why he should not be disbarred; and the time to file a response having expired;

Exhibit D
084

It is ordered that Joseph P. Sindaco is disbarred from the practice of law in this Court.

D-2669      IN THE MATTER OF DISBARMENT OF MICHAEL DAVID SINKO

Michael David Sinko, of Cherry Hill, New Jersey, having been suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued and served upon him requiring him to show cause why he should not be disbarred; and the time to file a response having expired;

It is ordered that Michael David Sinko is disbarred from the practice of law in this Court.

D-2670      IN THE MATTER OF DISBARMENT OF NORMAN PAUL WEXLER

Norman Paul Wexler, of Weston, Florida, having been suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued and served upon him requiring him to show cause why he should not be disbarred; and the time to file a response having expired;

It is ordered that Norman Paul Wexler is disbarred from the practice of law in this Court.

D-2671      IN THE MATTER OF DISBARMENT OF VANN F. LEONARD

Vann F. Leonard, of Jackson, Mississippi, having been suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued and served upon him requiring him to show cause why he should not be disbarred; and the time to file a response having expired;

It is ordered that Vann F. Leonard is disbarred from the practice of law in this Court.

D-2672      IN THE MATTER OF DISBARMENT OF ROBERT L. HACKETT

Robert L. Hackett, of Atlanta, Georgia, having been

Exhibit D
085

suspended from the practice of law in this Court by order of April 23, 2012; and a rule having been issued requiring him to show cause why he should not be disbarred; and the time to file a response having expired;

It is ordered that Robert L. Hackett is disbarred from the practice of law in this Court.

D-2679      IN THE MATTER OF DISCIPLINE OF ERIN MARIE WEBER

Erin Marie Weber, of Falls Church, Virginia, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring her to show cause why she should not be disbarred from the practice of law in this Court.

Exhibit D
086

Cite as: 567 U. S. \_\_\_\_ (2012)                1

Per Curiam

# SUPREME COURT OF THE UNITED STATES

### AMERICAN TRADITION PARTNERSHIP, INC., FKA WESTERN TRADITION PARTNERSHIP, INC., ET AL. *v.* STEVE BULLOCK, ATTORNEY GENERAL OF MONTANA, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF MONTANA

No. 11–1179.   Decided June 25, 2012

PER CURIAM.

A Montana state law provides that a "corporation may not make . . . an expenditure in connection with a candidate or a political committee that supports or opposes a candidate or a political party." Mont. Code Ann. §13–35–227(1) (2011). The Montana Supreme Court rejected petitioners' claim that this statute violates the First Amendment. 2011 MT 328, 363 Mont. 220, 271 P. 3d 1. In *Citizens United* v. *Federal Election Commission*, this Court struck down a similar federal law, holding that "political speech does not lose First Amendment protection simply because its source is a corporation." 558 U. S. \_\_\_, \_\_\_ (2010) (slip op., at 26) (internal quotation marks omitted). The question presented in this case is whether the holding of *Citizens United* applies to the Montana state law. There can be no serious doubt that it does. See U. S. Const., Art. VI, cl. 2. Montana's arguments in support of the judgment below either were already rejected in *Citizens United*, or fail to meaningfully distinguish that case.

The petition for certiorari is granted. The judgment of the Supreme Court of Montana is reversed.

*It is so ordered.*

Cite as: 567 U. S. ____ (2012)          1

BREYER, J., dissenting

# SUPREME COURT OF THE UNITED STATES

### AMERICAN TRADITION PARTNERSHIP, INC., FKA WESTERN TRADITION PARTNERSHIP, INC., ET AL. *v.* STEVE BULLOCK, ATTORNEY GENERAL OF MONTANA, ET AL.

#### ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF MONTANA

No. 11–1179.   Decided June 25, 2012

JUSTICE BREYER, with whom JUSTICE GINSBURG, JUSTICE SOTOMAYOR, and JUSTICE KAGAN join, dissenting.

In *Citizens United* v. *Federal Election Commission*, the Court concluded that "independent expenditures, including those made by corporations, do not give rise to corruption or the appearance of corruption." 558 U. S. ___, ___ (2010) (slip op., at 42). I disagree with the Court's holding for the reasons expressed in Justice Stevens' dissent in that case. As Justice Stevens explained, "technically independent expenditures can be corrupting in much the same way as direct contributions." *Id.,* at ___ (slip op., at 67–68). Indeed, Justice Stevens recounted a "substantial body of evidence" suggesting that "[m]any corporate independent expenditures . . . had become essentially interchangeable with direct contributions in their capacity to generate *quid pro quo* arrangements." *Id.,* at ___ (slip op., at 64–65).

Moreover, even if I were to accept *Citizens United*, this Court's legal conclusion should not bar the Montana Supreme Court's finding, made on the record before it, that independent expenditures by corporations did in fact lead to corruption or the appearance of corruption in Montana. Given the history and political landscape in Montana, that court concluded that the State had a compelling interest in limiting independent expenditures by corporations. 2011 MT 328, ¶¶ 36–37, 363 Mont. 220, 235–236, 271 P. 3d 1,

2   AMERICAN TRADITION PARTNERSHIP, INC. *v.* BULLOCK

BREYER, J., dissenting

36–37. Thus, Montana's experience, like considerable experience elsewhere since the Court's decision in *Citizens United,* casts grave doubt on the Court's supposition that independent expenditures do not corrupt or appear to do so.

Were the matter up to me, I would vote to grant the petition for certiorari in order to reconsider *Citizens United* or, at least, its application in this case. But given the Court's *per curiam* disposition, I do not see a significant possibility of reconsideration. Consequently, I vote instead to deny the petition.

Cite as:  567 U. S. ____ (2012)          1

Statement of ALITO, J.

# SUPREME COURT OF THE UNITED STATES

### MOUNT SOLEDAD MEMORIAL ASSOCIATION
11–998                          *v.*
STEVE TRUNK ET AL.


### UNITED STATES ET AL.
11–1115                         *v.*
STEVE TRUNK ET AL.

ON PETITIONS FOR WRITS OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Nos. 11–998 and 11–1115.   Decided June 25, 2012

The petitions for writs of certiorari are denied.

Statement of JUSTICE ALITO respecting the denial of the
petitions for writs of certiorari.

A large white cross has stood atop Mount Soledad in
San Diego, California, since 1954 as a memorial to our
Nation's war veterans.  The city of San Diego was pre-
viously enjoined under the California Constitution from
displaying the cross or transferring, for the purpose of
protecting the cross, the property on which the Mount
Soledad Veterans Memorial stands.  See *Trunk* v. *San
Diego*, 629 F. 3d 1099, 1103–1104 (CA9 2011) (describ-
ing prior litigation); see also *San Diegans for Mt. Soledad
Nat. War Memorial* v. *Paulson*, 548 U. S. 1301, 1302 (2006)
(KENNEDY, J., in chambers) (same).  In 2006, Congress
exercised its power of eminent domain and took title to the
property in order to "preserve a historically significant
war memorial."  Act of Aug. 14, §2(a), 120 Stat. 770.  After
the Federal Government took possession, the Ninth Cir-
cuit held in the decision below that "the Memorial, pres-
ently configured and as a whole, primarily conveys a
message of government endorsement of religion that vio-
lates the Establishment Clause."  629 F. 3d, at 1125.

2          MOUNT SOLEDAD MEMORIAL ASSOCIATION *v.*
                                  TRUNK
                        Statement of ALITO, J.

This Court's Establishment Clause jurisprudence is undoubtedly in need of clarity, see *Utah Highway Patrol Assn.* v. *American Atheists, Inc.*, 565 U. S. __, __ (2011) (THOMAS, J., dissenting from denial of certiorari) (slip op., at 17), and the constitutionality of the Mount Soledad Veterans Memorial is a question of substantial importance. We considered a related question two Terms ago in *Salazar* v. *Buono*, 559 U. S. __ (2010), which concerned a large white cross that was originally erected on public land. Although "[t]he cross is of course the preeminent symbol of Christianity," *id.,* at __ (ALITO, J., concurring in part and concurring in judgment) (slip op., at 3), we noted that "[t]he goal of avoiding governmental endorsement [of religion] does not require eradication of all religious symbols in the public realm. . . . The Constitution does not oblige government to avoid any public acknowledgment of religion's role in society," *id.,* at __–__ (plurality opinion of KENNEDY, J., joined in full by ROBERTS, C. J., and in part by ALITO, J.) (slip op., at 14–15). The demolition of the cross at issue in that case would have been "interpreted by some as an arresting symbol of a Government that is not neutral but hostile on matters of religion and is bent on eliminating from all public places and symbols any trace of our country's religious heritage." *Id.,* at __ (opinion of ALITO, J.) (slip op., at 4).

In that case, we were not required to decide whether the Establishment Clause would have required the demolition of the cross if the land on which it was built had remained in government hands. Instead, Congress was ultimately able to devise a solution that was "true to the spirit of practical accommodation that has made the United States a Nation of unparalleled pluralism and religious tolerance." *Id.,* at __ (slip op., at 1).

The current petitions come to us in an interlocutory posture. The Court of Appeals remanded the case to the District Court to fashion an appropriate remedy, and, in

Statement of ALITO, J.

doing so, the Court of Appeals emphasized that its decision "d[id] not mean that the Memorial could not be modified to pass constitutional muster [or] that no cross can be part of [the Memorial]." 629 F. 3d, at 1125. Because no final judgment has been rendered and it remains unclear precisely what action the Federal Government will be required to take, I agree with the Court's decision to deny the petitions for certiorari. See, *e.g., Locomotive Firemen* v. *Bangor & Aroostook R. Co.*, 389 U. S. 327, 328 (1967) *(per curiam)* (denying petition for certiorari because "the Court of Appeals [had] remanded the case" and thus it was "not yet ripe for review by this Court"); see also E. Gressman, K. Geller, S. Shapiro, T. Bishop, & E. Hartnett, Supreme Court Practice 280 (9th ed. 2007) (hereinafter Stern & Gressman). Our denial, of course, does not amount to a ruling on the merits, and the Federal Government is free to raise the same issue in a later petition following entry of a final judgment. See, *e.g., Hughes Tool Co.* v. *Trans World Airlines, Inc.*, 409 U. S. 363, 365–366, n. 1 (1973); see also Stern & Gressman 283.