# Exhibit B

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

BLAIR A. NICHOLAS
blairn@blbglaw.com
(858) 793-0070

July 13, 2012

**VIA EMAIL & U.S. MAIL**

Stuart J. Baskin
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022-6069

Re:   *In re Toyota Motor Corp. Sec. Litig.*, Case No. 10-0922 DSF (AJWx) (C.D. Cal.)

Dear Stuart:

I write in response to your July 12, 2012 letter. While we strongly disagree with your characterizations of Professor Gompers's "expert" Report and testimony, as well as the manner and timing by which Professor Gompers's false testimony was disclosed to us, I will not endeavor to address each and every point here. Suffice it to say that the record speaks for itself, and we will address these issues with the Court at the appropriate time and in the appropriate manner.

Nonetheless, the repeated assertions in your letter that Lead Plaintiff has not been prejudiced by Professor Gompers's false sworn statements since you have offered to make Professor Gompers available for a "follow-up deposition" require a clear response. Lead Plaintiff unquestionably has been prejudiced by expending significant expert and attorney resources attempting to understand and replicate all of the bid-ask spread analyses that Professor Gompers claimed both in his Report and at deposition that he performed, and which is a centerpiece of Defendants' and Professor Gompers's misguided and unfair attack on the analyses and conclusions of Lead Plaintiff's expert, Mr. Coffman. Additionally, Lead Plaintiff dedicated significant time and resources repeatedly requesting the underlying computer programs, data, output tables and other information that Professor Gompers testified he created and even produced to Lead Plaintiff. Finally, we expended substantial resources obtaining extensive sworn testimony from Professor Gompers about a percentage bid-ask spread analyses that he now admits he did not do.



12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323

**Exhibit B**
**009**

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Stuart J. Baskin
July 13, 2012
Page 2

      We are confident that the Court will agree on the record already established that Professor Gompers lacks credibility and candor. His claims of "inadvertent error" and "innocent mistake" defy belief when stacked against the numerous pages of unequivocal and affirmative testimony about a percentage bid-ask spread analysis that he now admits he did not perform. Moreover, no rational reading of Professor Gompers's Report supports the notion that he "*inferred*" the results of a test he did not perform. Indeed, Professor Gompers's *post-hac* spin on this portion of his Report only raises further questions about the credibility of a purported "expert" who renders "expert" opinions based on mere inference and speculation, without actually performing any empirical analysis.

      In light of these and other obvious flaws and fundamental defects in Professor Gompers's analyses, Report and testimony, we are surprised that Defendants continue to refuse to withdraw his Report and those aspects of their opposition to class certification that rely on Professor Gompers. Moreover, your offer for Lead Counsel to re-depose Professor Gompers about an analysis that he now admits he never performed is pointless and would only lead to additional waste of the Class's resources caused by Professor Gompers's admittedly false statements and sworn testimony. Accordingly, we decline to embark on such an empty and wasteful exercise.

      Regards,

      Blair A. Nicholas

BAN/bg
cc:  Patrick D. Robbins
     Kay Kochenderfer
     Gareth T. Evans

**Exhibit B**
**010**