1  BERNSTEIN LITOWITZ BERGER
2      & GROSSMANN LLP
   BLAIR A. NICHOLAS  (Bar No. 178428)
3  (blairn@blbglaw.com)
   BENJAMIN GALDSTON  (Bar No. 211114)
4  (beng@blbglaw.com)
   DAVID R. KAPLAN (Bar No. 230144)
5  (davidk@blbglaw.com)
   12481 High Bluff Drive, Suite 300
6  San Diego, CA 92130
   Tel:   (858) 793-0070
7  Fax:   (858) 793-0323
          -and-
8  GERALD H. SILK
   (jerry@blbglaw.com)
9  1285 Avenue of the Americas
   New York, NY 10019
10 Tel:   (212) 554-1400
   Fax:   (212) 554-1444

11 *Counsel for Lead Plaintiff Maryland State Retirement*
   *and Pension System and Lead Counsel for the Class*
12
   FAIRBANK & VINCENT
13 ROBERT H. FAIRBANK (Bar No. 76359)
   (rfairbank@fairbankvincent.com)
14 DIRK L. VINCENT (Bar No. 157961)
   (dvincent@fairbankvincent.com)
15 444 S. Flower Street, Suite 3860
   Los Angeles, CA 90071
16 Tel:   (213) 891-9010
   Fax:   (213) 891-9011
17
   *Liaison Counsel for the Class*
18
   *(Additional Counsel listed on signature page)*
19
              UNITED STATES DISTRICT COURT
20            CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21  IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx) |
| | **NOTICE OF RECENT AUTHORITY IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR CLASS CERTIFICATION, AND (2) OPPOSITION TO MOTION TO EXCLUDE COFFMAN REPORT** |
| | Hearing:    October 15, 2012 |
| | Time:       1:30 p.m. |
| | Courtroom: 840 |
| | Judge:      Hon. Dale S. Fischer |

TO THE COURT, DEFENDANTS AND THEIR COUNSEL OF RECORD:

Lead Plaintiff respectfully submits this Notice of Recent Authority to call the Court's attention to the recent decisions below, which are relevant to Lead Plaintiff's (1) Motion for Class Certification [ECF No. 250] and (2) Opposition to Defendants' Motion to Exclude the Expert Report of Chad Coffman [ECF No. 281]:

1.) *City of Livonia Emps.' Ret. Sys. v. Wyeth*, No. 07 Civ. 10329 (RJS), 2012 WL 4086474 (S.D.N.Y. Sept. 18, 2012), attached as **Exhibit A**. In *City of Livonia*, plaintiffs alleged that defendants made "materially false misstatements and omissions relating to the safety of a drug called Pristiq." *Id.* at *1. Granting plaintiffs' motion for class certification, the court found that plaintiffs were entitled to a presumption of class-wide reliance pursuant to the Supreme Court's decision in *Basic Inc. v. Levinson*, 485 U.S. 224 (1998), because plaintiffs "demonstrated by a preponderance of the evidence that: (1) Defendants made public statements about Pristiq . . . (2) those statements were material in that they 'would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available,' (internal citations omitted); and (3) Wyeth stock traded on the New York Stock Exchange, which is a presumptively efficient market" (internal citations omitted). *City of Livonia* at *7.

The *City of Livonia* court further found that, "[e]ven if Defendants had rebutted the presumption of reliance under *Basic*, Plaintiff would still be entitled to the presumption of reliance under *Affiliated Ute*. According to *Affiliated Ute*, a plaintiff is entitled to a presumption of reliance where 'there is an omission of a *material* fact by one with a duty to disclose.' *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159 (2008) (emphasis added)." *Id.* at *9.

*City of Livonia* provides additional support for Lead Plaintiff's arguments (i) that the fact that Toyota ADRs traded on the New York Stock Exchange provides strong support for a finding of efficiency, and (ii) even if the Court finds

Defendants have rebutted the *Basic* presumption, class-wide reliance may be independently presumed under the Supreme Court's *Affiliated Ute* decision because this case principally concerns Defendants' omissions concerning a dangerous undisclosed unintended acceleration condition in Toyota vehicles.

   2.)   *In re Schering-Plough Corp./Enhance Sec. Litig.*, Civil Action No. 08-397 (DMC)(JAD), Opinion and Order Granting Class Certification (D.N.J. Sept. 25, 2012), attached as **Exhibit B**.  In *Schering-Plough*, the court granted class certification and analyzed each of the five *Cammer* factors in turn, first noting that "securities traded on the NYSE are routinely recognized as trading in an efficient market."  *Id.* at 9 (internal citations omitted).  "The fact that Schering's common stock is traded on the NYSE is of course not a per se indicator of market efficiency, but the *Cammer* factor analysis in this case once again shows that a stock traded on the NYSE is trading in an efficient market."  *Id.*  Additionally, relying on an expert market efficiency report and event study performed by Chad Coffman (Lead Plaintiff's expert here), the *Schering* court further found that "[p]laintiffs have sufficiently demonstrated the existence of a causal relationship between the announcement of unexpected news and an immediate response in the price of Schering common stock.  This is evidenced by the drops in Schering stock in response to the events at issue, as discussed above, and is borne out by the 'event study' submitted as evidence by Plaintiffs.  Accordingly, the Court has no doubt that Schering stock traded on an efficient market, and that Plaintiffs are entitled to a presumption of reliance."  *Id.* at 10.

   *Schering-Plough* provides additional support for Lead Plaintiff's arguments (i) that the fact that Toyota ADRs traded on the New York Stock Exchange provides strong support for a finding of efficiency; (ii) the Court should consider all five *Cammer* factors and not dismiss the first four *Cammer* factors as "irrelevant," as Defendants' expert Professor Gompers advocates; and (iii) the expert report and opinions of Chad Coffman, which utilized the same Chi-square

test and daily event study methodology relied upon by the court in *Schering-Plough*, are reliable and admissible evidence of market efficiency.

3.)     *In re Merck & Co., Inc., Vytorin/Zetia Sec. Litig.*, Civil Action No. 08-2177 (DMC) (JAD), Opinion and Order Granting Class Certification (D.N.J. Sept. 25, 2012), attached as **Exhibit C**.  In *Merck*, a companion case to *Schering-Plough*, the court granted class certification noting, again, that "securities traded on the NYSE are routinely recognized as trading in an efficient market."  *Id*. at 9 (internal citations omitted).  The court further analyzed all five *Cammer* factors, including finding that plaintiffs sufficiently demonstrated "the existence of a causal relationship between the announcement of unexpected news and an immediate response in the price of Merck common stock" through evidence of drops in Merck stock in response to disclosures revealing the falsity of defendants' prior misstatements and as "borne out by the report of Plaintiffs' expert" who compared the "day-to-day" percentage change in the market price of Merck securities to the return predicted by a market model and "finding that new information causing an excess in stock returns" was impounded within one day.  *Id*. at 9-10.  Based on this evidence, the court had "no doubt that Merck stock traded on an efficient market, and that Plaintiffs are entitled to a presumption of reliance."  *Id*. at 10.

*Merck* provides additional support for Lead Plaintiff's arguments (i) that the fact that Toyota ADRs traded on the New York Stock Exchange provides strong support for a finding of efficiency; (ii) the Court should consider all five *Cammer* factors and not dismiss the first four *Cammer* factors as "irrelevant," as Defendants' expert Professor Gompers advocates; and (iii) contrary to Defendants' arguments and the opinions of Defendants' expert, Professor Gompers, a daily (not intraday) analysis is an appropriate event study methodology and a plaintiff need only show that new, material information is impounded within one day (not within seconds or minutes, as advocated by Defendants), and accordingly the expert report and opinions of Chad Coffman, which utilized the same daily event study

methodology relied upon by the court in *Merck*, are reliable and admissible evidence of market efficiency.

Dated:  September 27, 2012

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP


    */s/ Benjamin Galdston*
    BENJAMIN GALDSTON

BLAIR A. NICHOLAS
(blairn@blbglaw.com)
BENJAMIN GALDSTON
(beng@blbglaw.com)
DAVID KAPLAN
(davidk@blbglaw.com)
JOSEPH W. GOODMAN
(joseph.goodman@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
   -and-
GERALD H. SILK
(jerry@blbglaw.com)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Lead Plaintiff Maryland*
*State Retirement and Pension System and*
*Lead Counsel for the Class*

FAIRBANK & VINCENT
ROBERT H. FAIRBANK
(rfairbank@fairbankvincent.com)
DIRK L. VINCENT
(dvincent@fairbankvincent.com)
444 S. Flower Street. Suite 3860
Los Angeles. CA 90071
Tel:   (213) 891-9010
Fax:   (213) 891-9011

*Liaison Counsel for the Class*

MARYLAND OFFICE OF ATTORNEY
  GENERAL
DOUGLAS F. GANSLER
Attorney General of Maryland

JOHN J. KUCHNO
Assistant Attorney General
(jkuchno@oag.state.md.us)
200 St. Paul Place, 20th Floor
Baltimore, MD 21202
Tel:     (410) 576-7291
Fax:     (410) 576-6955

*Counsel for Lead Plaintiff Maryland*
*State Retirement and Pension System*

Notice of Recent Authority
Master File No. CV 10-922 DSF (AJWx)