# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx)<br><br>**PROOF OF CLAIM FORM AND RELEASE**<br><br>**EXHIBIT A-2**<br><br>Courtroom: 840<br>Judge:     Dale S. Fischer |

I.   **GENERAL INSTRUCTIONS**

    1.   To be eligible to recover as a member of the Class based on your claims in the action entitled *In re Toyota Motor Corporation Securities Litigation,* Case No. CV 10-922-DSF (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim Form. If you fail to timely file a properly addressed (as set forth in paragraph 3 below) Proof of Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

    2.   Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

    3.   **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE MAY 7, 2013:**

        In re Toyota Motor Corporation Securities Litigation
        Claims Administrator
        P.O. Box 5110
        Portland, OR 97208-5110

If you are NOT a member of the Class (as defined below and in the Notice Of Pendency Of Class Action And Proposed Settlement, Settlement Hearing, And Motion For Attorneys' Fees And Reimbursement Of Litigation Expenses ("Notice")), **DO NOT** submit a Proof of Claim Form.

    4.   If you are a member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

II.   **CLAIMANT IDENTIFICATION**

    If you purchased or otherwise acquired the American Depositary Shares of Toyota Motor Corporation ("Toyota ADS's") during the period from May 10, 2005, through and including February 2, 2010 (the "Class Period"), and held documents evidencing these transactions (*i.e.*, broker confirmation slip(s), etc.) in

your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or acquired Toyota ADS's and the transactional document(s) was/were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of the Proof of Claim Form – entitled "Claimant Identification" – to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Toyota ADS's which forms the basis of this claim. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE TOYOTA ADS'S UPON WHICH THIS CLAIM IS BASED.**

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III. CLAIM FORM

Use Part II of Proof of Claim and Release – entitled "Transactions in Toyota ADS's" – to supply all required details of your transaction(s) in Toyota ADS's. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales or dispositions of Toyota ADS's which took place at any time during the Class Period, whether such transactions resulted in a

profit or loss. Failure to report all requested information may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of a Toyota ADS. The date of a "short sale" is deemed to be the date of sale or disposition of a Toyota ADS.

Copies of broker confirmations or other documentation of your transactions in Toyota ADS's should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

*In re Toyota Motor Corporation Securities Litigation*
**PART I: CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)       / Joint Owner's Name

_____
Street Address

_____      _____
City                                                State                Zip Code

_____      _____
Foreign Province                                    Foreign Country
                                                    _____ (Daytime)
_____      _____
Area Code                                           Telephone Number
                                                    _____ (Evening)
_____      _____
Area Code                                           Telephone Number

_____      _____
Social Security Number  or  Taxpayer Identification Number

Email Address

Account Number (if filing for more than one account, please file separate claims)
_____
Record Owner's Name (if different from beneficial owner listed above)

_____
3

Check appropriate box (check only one box):

| | | |
|---|---|---|
| ☐ Individual/Sole Proprietor | ☐ Joint Owners | ☐ Pension Plan |
| ☐ Corporation | ☐ Partnership | ☐ Trust |
| ☐ IRA | ☐ Other (describe:_____) | |

NOTE: Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions, whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 868-0240, or visit their website at www.ToyotaADSLitigation.com, to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

# PART II: TRANSACTIONS IN TOYOTA ADS'S

**A.   INITIAL TOYOTA ADS HOLDINGS:** State the number of Toyota ADS's the Claimant owned at the close of trading on May 9, 2005: _____

If none, write "zero" or "0". If other than zero, be sure to attach the required documentation.

**B.   TOYOTA ADS PURCHASES:** List all purchases or acquisitions of Toyota ADS's made between May 10, 2005, and May 4, 2010, inclusive. Please note that ADS's purchased or acquired during the 90-day look-back period between February 3, 2010, and May 4, 2010, inclusive, will be used only to balance your claim, and will not calculate to a Recognized Loss. (NOTE: If you acquired your Toyota ADS's during this period other than by an open market purchase, please enter the transaction(s) in the table below with a transaction type of "R" for received ADS's and provide a complete description of the terms of the acquisition on a separate page). Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of ADS Purchased | Purchase Price Per ADS | Total Purchase Price* | Trans Type (P/R)** |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |

\* excluding commissions, transfer taxes or other fees

\*\* P=Purchase, R=Received (Transfer In)

**C.   TOYOTA ADS SALES:** List all sales of Toyota ADS's made between May 10, 2005, and May 4, 2010, inclusive. Sales includes all dispositions of Toyota ADS's, including disposition through conversion to Toyota common stock. Be sure to attach the required documentation. (NOTE: If you delivered your Toyota ADS's during this period other than by an open market sale, please enter the transaction(s) in the table below with a transaction type of "D" for delivered

ADS's and provide a complete description of the terms of the transfer on a separate page.)

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of ADS Sold | Sale Price Per ADS | Total Sale Price* | Trans Type (S/D)** |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |

*excluding commissions, transfer taxes or other fees. The "sale" price for conversions to Toyota stock shall be deemed the closing price of the ADS on the date of conversion.

** S=Sale, D=Delivery (Transfer Out)

**D. UNSOLD TOYOTA ADS HOLDINGS AT THE CLOSE OF TRADING ON MAY 4, 2010:** State the number of Toyota ADS's the Claimant owned at the close of trading on May 4, 2010. _____ Be sure to attach the required documentation.

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:** ☐

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY <u>NOT</u> BE REVIEWED.**

## PART III: RELEASE OF CLAIMS AND SIGNATURE

**Definitions**

"Released Persons" means each and all of the Defendants and their Related Persons.

"Defendants" means Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., ("Toyota"), Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter and Robert C. Daly (the "Individual Defendants").

"Related Persons" means each of a Defendant's past or present directors, officers, managers, employees, partners, members, principals, agents, underwriters, insurers and co-insurers and their reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors (including by way of merger, consolidation, or other acquisition of controlling interest), parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's Immediate Family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family, in their respective capacities as such.

"Released Claims" means any and all claims (including "Unknown Claims" as defined below), debts, demands, controversies, obligations, losses, rights, liabilities and/or causes of action of any kind or nature whatsoever—including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise) injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever—whether based on federal, state, local, foreign, statutory or common law or regulation, class or individual in nature, known or unknown, fixed or

contingent, suspected or unsuspected, concealed or hidden, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, and that either were asserted or could have been asserted, that relate to the purchase or acquisition of the American Depository Shares of Toyota Motor Corporation by the respective Class Member during the Class Period and (i) have been asserted in this Litigation by the Class Members or any of them against any of the Released Persons (as defined below), or (ii) could have been asserted in the Litigation or any other forum by the Class Members or any of them against any of the Released Persons, which arise out of or are based upon or related in any way to the allegations, transactions, facts, matters or occurrences, representations or alleged omissions involved, set forth, or referred to in the Litigation, including, but not limited to, statements or alleged omissions relating to unintended acceleration in Toyota vehicles (including Toyota, Lexus and Scion brand vehicles), recalls of Toyota vehicles (including Toyota, Lexus and Scion brand vehicles), the quality of Toyota vehicles (including Toyota, Lexus and Scion brand vehicles) and/or Toyota's financial results.  For clarification, Released Claims do not include claims that relate to the purchase or acquisition of Toyota common stock (except to the extent that Toyota American Depository Shares represent underlying Toyota common stock, in which case claims relating to the purchase of Toyota American Depository Shares are included in the Released Claims), or claims based upon, relating to or arising out of the interpretation or enforcement of the terms of the Settlement.

"Class" means all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased or otherwise acquired the American Depository Shares of Toyota Motor Corporation during the period from May 10, 2005, through and including February 2, 2010, excluding the Defendants, and their Related Persons.

"Unknown Claims" means any Released Claims that any Lead Plaintiff or any Class Member does not know or does not suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the settlement. With respect to any and all Released Claims, upon the effective date of the Settlement, Lead Plaintiff shall have expressly waived and relinquished, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any law of any state or territory of the United States, or any foreign state or territory, or any principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Lead Plaintiff upon the Effective Date shall expressly, fully, finally and forever settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown,

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver of "Unknown Claims" (and inclusion of "Unknown Claims" in the definition of "Released Claims") was separately bargained for and is a key element of the settlement of which this release is a part.

**The Release**

I (We) understand and acknowledge that without further action by anyone, on and after the effective date of the Settlement, each Class Member, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not a Proof of Claim Form is executed and delivered by, or on behalf of, such Class Member, and whether or not I (we) share in the Settlement Fund.

## SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Proof of Claim Form under the terms of the Amended Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Class Member and for purposes of

enforcing the release set forth herein. I (We) further acknowledge that I (We) am (are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of Toyota ADS during the Class Period and know of no other person having done so on my (our) behalf.

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge and dismiss each and every one of the Released Claims against each and every one of the Released Persons as defined above,

1. that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Notice;

2. that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in Toyota ADS's;

3. that I (we) own(ed) the Toyota ADS's identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

5. that I (we) agree to furnish such additional information with respect to this Proof of Claim as the parties, the Claims Administrator or the Court may require;

6. that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim;

7. that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

11

    release or any other part or portion thereof;

        8. that I (we) have included information about all of my (our) transactions in Toyota ADS's which occurred during the Class Period; and

        9. that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

    I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

_____
Signature of Claimant

_____      _____
Print Name of Claimant                                         Date

_____
Signature of Joint Claimant, if any

_____      _____
Print Name of Joint Claimant                              Date

                ***If Claimant is other than an individual, or is not the person***
                ***completing this form, the following also must be provided:***

_____
Signature of Person Completing Form

_____      _____
Print Name of Person Completing Form                   Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

## REMINDER CHECKLIST

* Please sign the Certification Section of the Proof of Claim and Release form.

* If this Claim is being made on behalf of Joint Claimants, then both must sign.

* Please remember to attach supporting documents.

* **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

* Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

* The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (877) 868-0240.

* If you move, please send your new address to:

In re Toyota Motor Corporation Securities Litigation
Claims Administrator

P.O. Box 5110

Portland, OR 97208-5110

**Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN MAY 7, 2013, AND MUST BE MAILED TO:**

In re Toyota Motor Corporation Securities Litigation
Claims Administrator
P.O. Box 5110
Portland, OR 97208-5110

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE**