UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx)<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Courtroom:  840<br>Judge:       Dale S. Fischer |

WHEREAS, Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (the "Motion," ECF No. 313) came before the Court for hearing on March 11, 2013, pursuant to the Court's Order Preliminarily Approving Settlement, Certifying Class, Providing for Notice and Scheduling Settlement Hearing ("Preliminary Approval Order," ECF No. 311); and due and adequate notice having been given to the Class as required in the Preliminary Approval Order; and the Court, having read and considered the Motion and supporting declarations and exhibits and being fully informed of the related proceedings, now FINDS, CONCLUDES AND ORDERS as follows:

1.     This Order incorporates by reference the definitions in the Amended Stipulation of Settlement ("Stipulation," ECF No. 306-1), subject to Amendment No. 1 to the Amended Stipulation of Settlement (ECF No. 310), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.     Notice of the Motion for Attorneys' Fees and Reimbursement of Litigation Expenses was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

4.     Class Members and any party from whom payment is sought have been given the opportunity to object to the Motion in compliance with Fed. R. Civ. P. 23(h)(2).

5.     The Motion for Attorneys' Fees and Reimbursement of Litigation Expenses is hereby GRANTED.

6.     The Court hereby awards attorneys' fees of 12% of the Settlement Fund net of Plaintiffs' Counsel's Court-approved litigation expenses, in the amount of $2,897,530.31.  The Court finds that an award of attorneys' fees of 12% of the net Settlement Fund, which is consistent with the retention agreement entered in to

with Lead Plaintiff, is fair and reasonable in light of the following factors, among others:  the contingent nature of the case; the risks of this complex litigation; the quality of the legal services rendered; the benefits obtained for the Class; the institutional Lead Plaintiff's support of the fee and expense application; the fees awarded in similar actions; and the reaction of the Class.  Further, the requested award of attorneys' fees is also supported by a lodestar multiplier cross-check, which results in a negative multiplier.  The fee award is further justified by the risk Plaintiffs' Counsel undertook and the results they achieved for the Class through the quality of their representation of Lead Plaintiff and the Class in this complex litigation.

7.    The Court also grants Lead Counsel's request for reimbursement of Plaintiffs' Counsel's litigation expenses in the amount of $1,353,914.10.  The litigation expenses incurred by Plaintiffs' Counsel have been adequately documented and were reasonably incurred for the benefit of the Class, and the Court finds that reimbursement of those expenses is justified.

8.    The Court also grants Lead Plaintiff Maryland State Retirement and Pension System's request for reimbursement of $85,910.39 for costs incurred by Lead Plaintiff directly related to its representation of the Class.  The Court finds that Lead Plaintiff's contribution to the Litigation and settlement process, including but not limited to, attending Court hearings and being meaningfully involved at each and every stage of the proceedings, warrants reimbursement of costs incurred by Lead Plaintiff.

9.    Interest is awarded on the amounts awarded above in Paragraphs 6, 7, and 8, at the same rate and for the same periods as earned by the Settlement Fund.

10.    Pursuant to Paragraph 6.2 of the Stipulation, as amended by Amendment No. 1 to the Amended Stipulation of Settlement (ECF No. 310), the attorneys' fees and expenses, as awarded by the Court herein, shall be payable to Lead Counsel from the Settlement Fund, as ordered, only after (i) the Court's entry

of this Order, and (ii) the Court's entry of an order granting final approval of the Settlement, both of which orders must have become final and affirmed on appeal or *certiorari* or no longer be subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, must have expired before any payment of attorneys' fees and expenses may be made.

      11.    There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

      IT IS SO ORDERED.

DATED: _____

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE