JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | Master File No. CV 10-922 DSF (AJWx) <br><br> **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** <br><br><br> Courtroom: 840 <br> Judge:     Dale S. Fischer |

1 | This matter came before the Court for hearing pursuant to the Order of this Court, dated January 3, 2013 ("Preliminary Approval Order"), on the application of the Lead Plaintiff for approval of the Settlement set forth in the Amended Stipulation of Settlement (the "Stipulation"). Full and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Litigation as a class action for settlement purposes only. The Class consists of all Persons who purchased or otherwise acquired the American Depositary Shares of Toyota Motor Corporation during the period from May 10, 2005, through and including February 2, 2010, excluding Defendants and their Related Persons. Also excluded from the Class are any Persons who excluded themselves by submitting a request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order, a list of whom is attached hereto as Exhibit 1.

4. With respect to the Class, this Court finds, solely for the purposes of settlement, that:

    (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable;

    (b) there are questions of law and fact common to the Class;

    (c) the claims by Lead Plaintiff are typical of the claims of the Class;

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

(e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiff and the Class. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class. The Court further finds that the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

6.  Except as to any individual claim of those persons who have validly and requested exclusion from the Class (identified in Exhibit 1 hereto), the Litigation as it relates to all claims contained therein related to the purchase or acquisition of Toyota ADS's during the Class Period, including the Released Claims, are dismissed with prejudice as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Pursuant to this Judgment, upon the Effective Date, Lead Plaintiff and each and every Class Member shall be deemed to have – and by operation of this Judgment shall have – fully, finally, and forever released, relinquished, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release, and whether or not such Class Member shares in the Settlement Fund.

8. Pursuant to this Judgment, upon the Effective Date, each of the Released Persons shall be deemed to have – and by operation of this Judgment shall have – fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, Lead Counsel, Liaison Counsel and Plaintiffs' Counsel from all claims (including Unknown Claims) debts, demands, controversies, obligations, losses, rights, liabilities and/or causes of action of any kind or nature whatsoever—including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise) injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever—whether based on federal, state, local, foreign, statutory or common law or regulation, class or individual in nature, known or unknown, fixed or contingent, suspected or unsuspected, concealed or hidden, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, but claims based upon, relating to or arising out of the interpretation or enforcement of the terms of the Stipulation are not released.

9. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class

1  Members who could be identified through reasonable effort.  Said notice provided
2  the best notice practicable under the circumstances of those proceedings and of the
3  matters set forth therein, including the proposed Settlement set forth in the
4  Stipulation, to all persons entitled to such notice, and said notice fully satisfied the
5  requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the
6  Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the
7  Private Securities Litigation Reform Act of 1995, due process, and any other
8  applicable law.

9         10.    Any plan of allocation submitted by Lead Counsel or any order
10 entered regarding any attorneys' fee and/or expense application shall in no way
11 disturb or affect this Final Judgment and Order of Dismissal with Prejudice and
12 shall be considered separate from this Final Judgment and Order of Dismissal with
13 Prejudice.

14         11.    The settlement compromises claims that are contested and shall not be
15 deemed an admission by any Settling Party as to the merits of any claim or
16 defense.  Neither the Stipulation nor the settlement contained therein, nor any act
17 performed or document executed pursuant to or in furtherance of the Stipulation or
18 the settlement: (a) is or may be deemed to be or may be used as an admission of, or
19 evidence of, the validity or invalidity of any Released Claim or of any alleged
20 wrongdoing or alleged liability of the Defendants and the Released Persons; or (b)
21 is or may be deemed to be or may be used as an admission of, or evidence of, any
22 alleged fault or omission of any of the Defendants and the Released Persons in any
23 civil, criminal or administrative proceeding in any court, administrative agency or
24 other tribunal.  Defendants and the Released Persons may file the Stipulation
25 and/or the Judgment in any action that may be brought against them in order to
26 support a defense or counterclaim based on principles of res judicata, collateral
27 estoppel, release, good faith settlement, judgment bar or reduction, or any other
28 theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation and the settlement therein.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: March 15, 2013

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## Requests for Exclusion

1. Hans Mueller & Christa A. Mueller Jt. Ten.
2. Willard Hodson, TTEE & Lena Lee Hodson, & Hodson Family Trust B
3. Norma McDowell Shrock, trustee Shrock Family Trust
4. Elizabeth Schacht
5. Charles A. Nathan & Diana R. Nathan
6. Ingeborg Schuster
7. Ursula Schuster
8. John T. Travers Sr. & Carrie M. Travers
9. Cracker Barrel Old Country Store, Inc.
10. Mary E. Langdon and Edgar J. Langdon
11. Carol J. Goick
12. Joel Wayne Sullivan
13. Robert F. Mager
14. Pamela M. Lauesen, Trustee of the Pamela Lauesen Sep Prop Trust U/A Dtd 6/4/1999
15. Verna A. Miller
16. Michael S. Fleischer
17. Kenneth G. Bowman
18. Robert Nelson
19. Richard Krase
20. Leslie Calvin Veach and Sabra G. Veach
21. Paul J. Haas
22. Kenneth A. Woodkey
23. Julie M. Wagner
24. Jeff Kaetzel

25. Thoralf Brecht
26. Tova Marie Shergold
27. UI-Jan Farms Inc.
28. Virginia Goski
29. Jay Y. Cherner
30. Mary Anna Williams
31. Nora M. Kutz and Kenneth J. Kutz
32. Donald E. Cox
33. Betty Rowell
34. Ziping Li
35. Lois Taylor
36. Gerald C. Smith
37. Mary M. Nash
38. Chan Chee Wong Lo
39. Linda Laffin
40. Ley Thompson
41. Martin Quincey
42. Ronald Fay and Catherine Fay