Stuart J. Baskin (admitted *pro hac vice*)
sbaskin@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Patrick D. Robbins (State Bar No. 152288)
probbins@shearman.com
Emily V. Griffen (State Bar No. 209162)
egriffen@shearman.com
SHEARMAN & STERLING LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5994
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Kay E. Kochenderfer (State Bar No. 125847)
kkochenderfer@gibsondunn.com
Gareth Evans (State Bar No. 138992)
gevans@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendants Toyota Motor Corporation; Toyota Motor North America, Inc.; Toyota Motor Sales, U.S.A., Inc.; Katsuaki Watanabe; Fujio Cho; Yoshimi Inaba; James E. Lentz III; Irving A. Miller; Robert S. Carter; and Robert C. Daly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | CASE NO. CV-10-0922 DSF (AJWx)<br><br>**DECLARATION OF GARETH T. EVANS IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1782 AND TO INTERVENE FOR THE LIMITED PURPOSE OF MODIFYING THE PROTECTIVE ORDER**<br><br>Hearing: July 8, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 840<br>Judge: Hon. Dale S. Fischer |

Gibson, Dunn &
Crutcher LLP

# DECLARATION OF GARETH T. EVANS

I, Gareth T. Evans, declare as follows:

1. I am a member of the Bar of the State of California, and I am qualified and admitted to appear before this Court. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP, attorneys for Defendants Toyota Motor Corporation ("TMC"), Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc. (collectively, "Toyota"), Katsuaki Watanabe, Fujio Cho, Yoshimi Inaba, James E. Lentz III, Irving A. Miller, Robert S. Carter, and Robert C. Daly (collectively, "Defendants") in the above-captioned matter. I make this declaration in support of Defendants' Opposition to the "Motion for Relief Pursuant to 28 U.S.C. § 1782 and to Intervene for the Limited Purpose of Modifying the Protective Order." I am familiar with and have personal knowledge of the pleadings and proceedings in this case and the facts set forth in this declaration, and, if called to do so, could and would testify competently thereto.

2. Toyota Motor Corporation's head office is located in Toyota City, Aichi Prefecture, Japan. TMC does not maintain an office in the Central District of California. It is the parent corporation of Toyota Motor North America, Inc. ("TMA") and other entities. TMA is the holding company for Toyota's U.S. sales and manufacturing companies. TMA has its headquarters in New York and has offices in Washington, D.C. and Miami, Florida. Individual defendants Katsuaki Watanabe and Fujio Cho reside in Japan.

3. Movants seek access to the documents that Defendants produced in discovery in this case, as well as transcripts of depositions and responses to interrogatories and requests for admission (the "Discovery Materials"). The volume and breadth of these Discovery Materials is, by any measure, enormous. They include 6,763,381 pages (1,509,969 documents) produced from the files of 513 Toyota custodians in response to 55 categories of document requests propounded to each of the Defendants; 39,190 pages of deposition transcripts

(including exhibits); more than 3,000 responses to requests for admission; and more than 100 responses to interrogatories. The 55 document requests involve a wide variety of issues and, pursuant to the Special Master's ruling on Lead Plaintiff's motion to compel granting broad discovery, cover a six-year time period from January 1, 2004 to April 19, 2010. The documents produced in this case also include, with limited exceptions, the documents produced in the Toyota MDL litigation regarding claims for economic loss brought on behalf of purchasers of Toyota vehicles, *In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, Case No. 8:10ML02151 JVS (C.D. Cal.).

4. The documents include 88 attorney-client privileged documents that Defendants inadvertently produced and had requested that Lead Plaintiff return. Although the protective order in the case includes a Federal Rule of Evidence 503(d) "no fault" claw back provision, Lead Plaintiff contested whether the documents were actually privileged and refused to return them. The parties were in the process of meeting and conferring regarding this dispute when they agreed to settle the litigation, rendering the dispute moot. Due to the enormous volume of the document productions, the breadth of discovery, and the tight time deadlines involved, there may have been additional inadvertently produced privileged documents in Defendants' productions. If the case had continued to be litigated, Defendants would have investigated this issue further and would now need to consider doing so if Movants were permitted receipt of the documents produced.

5. Defendants produced the 6,763,381 pages (1,509,969 documents) as they were kept in the ordinary course of business and did not elect to "organize and label" the documents "to correspond to the categories in [each] request," as permitted under Federal Rule of Civil Procedure 34(b)(2)(E).

/ / /

/ / /

/ / /

Gibson, Dunn & Crutcher LLP

2

1      6.    Attached as Exhibit 1 is a true and correct copy of the slip opinion in *In re Ex Parte Application of Samsung Electronics Co.*, No. 5:12-cv-80275-LHK (N.D. Cal. Jan. 23, 2013).

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

    Executed on June 17, 2013, at Irvine, California.

                                                     Gareth T. Evans