# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Ex Parte Application of<br>SAMSUNG ELECTRONICS CO., LTD, a Korean corporation,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 | Case No.: 12-80275 LHK (PSG)<br><br>**ORDER DENYING SAMSUNG'S REQUEST FOR SUBPOENA PURSUANT TO 28 U.S.C. § 1782**<br><br>**(Re: Docket No. 1)** |

Samsung Electronics Co., Ltd. ("Samsung") moves the court for an order for targeted discovery from Apple, Inc. ("Apple") pursuant to 28 U.S.C. § 1782. Apple opposes the motion. In an effort to prevent entanglement in the foreign dispute between the parties and out of respect for the Japanese tribunal before which a parallel request is currently pending, the court DENIES Samsung's request for the discovery WITHOUT PREJUDICE to a renewed request after the Tokyo district court has had an opportunity to decide the exact same request before it.

**I. BACKGROUND**

It is no great revelation that Samsung and Apple have been engaged in extensive patent litigation in this district and around the world. The bases and extent of their disputes are well-

1

publicized, and so the court provides here only a brief relevant summary. Samsung and Apple essentially claim that the smart phones each produces infringe on one or more patents that the other owns. These claims have been the source of not one but two super-sized cases in this district in which Apple has brought myriad claims of patent and trademark violations against Samsung and in which Samsung has raised numerous counterclaims.[1]

What may be a revelation, at least to some, is that the case now before the court is not the one pending down the hall before Judge Koh but one pending over 5,000 miles away in Japan. Samsung seeks discovery from Apple in this parallel patent litigation before the Tokyo district court on four requests:

(1) All documents that evidence, reflect or refer to the sale, transfer, lease, or offer for sale of any iPhone to any person or entity prior to June 29, 2007;

(2) Physical exemplars of any iPhone that was made available for sale, transfer, lease, or offer for sale to any person or entity prior to June 29, 2007;

(3) A physical exemplar of the iPhone that was used in the presentation by Steve Jobs at MacWorld 2007 on January 9, 2007; and

(4) A physical exemplar of the iPhone that was used in the video "iPhone guided tour" posted to Apple's website on June 22, 2007.

Apple opposes the motion and argues for the court in its discretion to deny Samsung's request.

## II. LEGAL STANDARDS

A United States district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person.[2]

---

[1] *See Apple, Inc. v. Samsung Elecs.*, 877 F. Supp. 2d 838 (N.D. Cal. 2012) (describing issues in second case between these parties); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-1846, 2012 WL 2571719 (N.D. Cal. June 30, 2012) (describing issues in first case between these parties).

[2] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, Case No. 10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

Though the court has the authority under Section 1782 to permit discovery, it is not mandated to do so.[3] In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court identified several factors that a court should take into consideration in its exercise of discretion on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[4]

It is common for the process of presenting the request to a court to obtain the order authorizing discovery to be conducted ex parte.[5] Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.[6] Here, however, Apple has objected to Samsung's subpoena request and thus has its interests represented in this dispute.

### III. DISCUSSION

**A.  Authority to Issue Subpoena**

As noted above, for the court to have authority to grant Samsung's request, three factors must be met: (1) the party from whom discovery is sought must be within the court's district; (2) the discovery must for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or internal tribunal or any interested person.[7]

---

[3] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[4] *In re Republic of Ecuador*, 2010 WL 3702427 at *2 (citing *Intel*, 542 U.S. at 264-65).

[5] *See id.* at *2.

[6] *Id.*

[7] *See id.*; 28 U.S.C. § 1782(a).

3

Case No.: C 11-1846 LHK (PSG)
ORDER

Ex.1
000006

Each of the three threshold factors has been met here. Apple, the party from whom discovery is sought, is located in Cupertino, California, which is located within the court's district. Samsung is party to a patent dispute in Japan, which satisfies the second criterion.[8] Because it is one of the parties in the foreign proceeding, Samsung is an interested party that satisfies the third criterion.[9] Apple does not dispute that Samsung has shown the threshold factors are met.[10]

**B. Discretionary Factors**

Having concluded that it has the authority to issue the subpoena, the court now turns to the question of whether the *Intel* factors weigh in favor of issuance of the subpoena.

**1. Jurisdictional Reach**

Because a "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence," "the need for § 1782(a) aid generally is not as apparent as . . . when evidence is sought for a nonparticipant in the matter arising abroad."[11] Thus, discovery required from a non-party weighs in favor of granting the subpoena.

Here, Apple is a party to the dispute in Japan. Samsung responds that because Japan's civil procedure rules do not allow discovery of evidence in a foreign setting, Apple's status as a party in the Japanese case should not weigh against Samsung in its request.[12] Apple contends that Samsung has failed to use the discovery procedures in the Japanese litigation and cannot now circumvent that process through recourse to Section 1782.[13] Samsung replies that Apple added the patent

---

[8] Docket No. 8.

[9] *See Intel*, 542 U.S. at 256 (noting that an interested person "plainly reaches beyond the universe of persons designated 'litigant,'" although there is "[n]o doubt that [that] litigants are included among, and may be the most common example).

[10] *See* Docket No. 8.

[11] *Id.* at 264.

[12] *See* Docket No. 1.

[13] *See* Docket No. 8.

claims driving this discovery request late in the litigation and so Samsung's request is diligent in relation to Apple's request.[14]

Because Apple is a party to the dispute in Japan, this *Intel* factor weighs against Samsung's request, Samsung's explanations notwithstanding. As the Supreme Court observed, "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence."[15] Apple, as a party to the dispute in Japan, is subject to the Japanese court's jurisdiction. The court therefore finds this factor should and does weigh against Samsung's request.

### 2. Nature and Receptivity of Foreign Tribunals

The "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance" are relevant to the second criterion.[16] Here, Samsung claims that Japanese courts would be receptive to discovery taken in the United States.[17] Samsung also asserts that the discovery it seeks is relevant to its novelty and obviousness defenses in the Japanese proceeding.[18] Apple responds that Samsung has not shown that its discovery could be used in the Japanese proceeding to support its defenses and that Samsung in fact has not shown that the Japanese court would be receptive to the discovery.

Although case law supports that Japanese courts generally are receptive to discovery taken in the United States pursuant to Section 1782,[19] Samsung has not provided much in the way of

---

[14] *See* Docket No. 9.

[15] *Intel*, 542 U.S. at 264.

[16] *Id.*

[17] *See* Docket No. 1.

[18] *See id.*

evidence that the Japanese court would be receptive to the evidence requested for this case. Samsung points to its desire to show invalidity and obviousness from Apple's release of a version of the iPhone in 2007 and cites to Article 29, Sections 1 and 2 of Japanese Patent Law.[20] But Samsung has provided little else to support that the Japanese courts would be receptive to foreign discovery. At the same time, Apple has not provided evidence that the Japanese court would not be receptive to the discovery. The court therefore considers this factor as neutral.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

Apple claims that Samsung's request for discovery nearly a year and a half after the litigation in Japan reveals that Samsung's request is an attempt to circumvent or shortcut the Japanese courts' system of discovery.[21] Apple also points to Samsung's failure to make these requests in the Japanese court.[22] Samsung responds that it sought this information as soon as it became possible to take discovery on Apple's claims on the patents and at the hearing stated that out of an abundance of caution it had filed a request with the Tokyo court.[23]

Exhaustion of discovery procedures in the foreign tribunal may not be required before a party may assert a Section 1782 claim,[24] but the court notes that Samsung's failure to seek discovery earlier in the foreign tribunal suggests that Samsung may be trying to circumvent or shortcut the requirements of the Japanese court.[25]

---

[19] *See, e.g.*, *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office*, 16 F.3d 1016, 1019 (9th Cir. 1994); *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. App'x 95, 98 (2d Cir. 2009).

[20] *See* Docket No. 2 ¶ 8.

[21] *See* Docket No. 8.

[22] *See id.*

[23] *See* Docket No. 9.

[24] *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995).

Although Samsung purportedly filed a request in Japan prior to the hearing on this motion, the court is now left in the awkward position of potentially undermining the Tokyo court's management of its case. *Intel* advises that a foreign tribunal's decision not to permit discovery does not preclude a United States district court from allowing the same, but as *Intel* also makes clear, the reasons for the foreign tribunal's determination are relevant to a United States district court's determination.[26] Here, the court has no information regarding whether the Japanese court will permit discovery, and if it does not, on what grounds it finds denial appropriate.

The court finds the absence of this information particularly problematic given that it cannot at this point ascertain to what degree, if any, Samsung seeks to circumvent the Japanese court's authority and case management. The court thus finds that the third *Intel* factor weighs against discovery.

### 4. Undue Intrusion or Burden

Samsung asserts that its requests are narrowly tailored to limited discovery in furtherance of its novelty and obviousness defenses.[27] Apple responds that the requests are burdensome in part because Apple would have to go through old records to provide the information Samsung seeks.[28] Apple also points to the close of discovery in the case in this district before Judge Koh as further evidence that having to undertake further discovery would be burdensome.[29]

The court agrees with Samsung that its requests are narrowly tailored. It seeks only physical samples of the version of the iPhone featured in two specific demonstrations and

---

[25] *See, e.g., In re Application of Digitechnic*, Case No. C07-414-Jcc, 2007 WL 1367697, at * 4 (W.D. Wash. May 8, 2007) (finding that failure by party seeking discovery under § 1782 to attempt discovery in French proceeding supported denying discovery under *Intel* framework).

[26] *See* 542 U.S. at 260 (noting various reasons why permitting discovery in the United States would not undermine a foreign court's determination).

[27] *See* Docket No. 1.

[28] *See* Docket No. 8.

[29] *See id.*

7

Case No.: C 11-1846 LHK (PSG)
ORDER

Ex.1
000010

information regarding the sale, lease, or offer for sale of that version of the phone.[30] Given the substantial discovery taken by both parties in the cases before Judge Koh in this district, the court notes Samsung's limited request here, although perhaps still overbroad in asking for "all documents" in Request 1, is refreshingly concise. And the court does not find the close of discovery in the cases before Judge Koh to be particularly relevant to Apple's burden to produce documents in the international proceeding.

The court finds that the fourth *Intel* factor weighs in favor of permitting discovery. But the narrowness of Samsung's request does not overcome the two *Intel* factors the court determined above did not support providing discovery. The fourth factor in fact is the only factor supporting discovery, and the fact that this same request currently is pending before the Japanese court further counsels against granting discovery at this time. Once the Japanese court has issued its decision, Samsung may move for new consideration of its discovery requests. The court therefore DENIES WITHOUT PREJUDICE Samsung's request under 28 U.S.C. § 1782.

**IT IS SO ORDERED.**

Dated: January 23, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[30] *See* Docket No. 1.

8

Case No.: C 11-1846 LHK (PSG)
ORDER

Ex.1
000011