Stuart J. Baskin (admitted *pro hac vice*)
sbaskin@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Patrick D. Robbins (State Bar No. 152288)
probbins@shearman.com
Emily V. Griffen (State Bar No. 209162)
egriffen@shearman.com
SHEARMAN & STERLING LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5994
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Kay E. Kochenderfer (State Bar No. 125847)
kkochenderfer@gibsondunn.com
Gareth Evans (State Bar No. 138992)
gevans@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendants Toyota Motor Corporation; Toyota Motor North America, Inc.; Toyota Motor Sales, U.S.A., Inc.; Katsuaki Watanabe; Fujio Cho; Yoshimi Inaba; James E. Lentz III; Irving A. Miller; Robert S. Carter; and Robert C. Daly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE TOYOTA MOTOR CORPORATION SECURITIES LITIGATION | CASE NO. CV-10-0922 DSF (AJWx)<br><br>**DECLARATION OF KUNIO NAMEKATA IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1782 AND TO INTERVENE FOR THE LIMITED PURPOSE OF MODIFYING THE PROTECTIVE ORDER**<br><br>Hearing: July 8, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 840<br>Judge: Hon. Dale S. Fischer |

Gibson, Dunn & Crutcher LLP

# DECLARATION OF KUNIO NAMEKATA

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

## I. BACKGROUND AND QUALIFICATIONS

1. I am an attorney licensed to practice law in Japan and in New York. I offer this declaration in support of Defendants' Opposition to Movants' Motion for Relief Pursuant to 28 U.S.C.§ 1782 and to Intervene for the Limited Purpose of Modifying the Protective Order ("Motion"). The following is true of my own personal knowledge except where stated on information and belief, and as to those matters I am informed and believe they are true and, if called as a witness, I could and would testify competently thereto.

2. I graduated from the University of Tokyo in 1977 with an LL. B. degree. In 1976, I passed the Bar Examination of Japan. In 1979, I graduated from the Legal Training and Research Institute of the Supreme Court of Japan after completing a two-year program and was admitted into the Second Tokyo Bar Association. In 1994, I obtained an LL. M. degree from the University of Michigan Law School. In 1995, I was admitted to practice in the state of New York.

3. I was associated with the Tokyo Fuji Law Office from 1979 through 1991. From 1991 to the present, I have been a partner at the law firm of TMI Associates. My practice has been in the areas of corporate/M&A, securities and dispute resolution. In September 2009, I became a member of Financial Law Board ("FLB"), an advisory board established in June 1998 by Japanese attorneys and scholars who specialize in financial law to solve the legal uncertainties in Japan of issues relating to the financial industry (including issues regarding securities transactions), and administered by the Bank of Japan, which serves as the secretariat. This organization is regarded as one of the most prestigious and influential organizations in Japan on the financial and securities laws. The FLB aims to propose recommendations on specific legal issues, in respect of uncertainties that may cause practical difficulties in introducing new financial products and transactions. These

Gibson, Dunn &
Crutcher LLP

recommendations include identifying the legal issues, demonstrating the legal interpretations, and advocating necessary legislative actions. Its goal is to reduce the degree of legal uncertainty as much as possible, and to enhance transparency of legal rules of the Japanese financial industry.

4. I was a Visiting Professor at the University of Tokyo School of Law from 2007 to 2010 and have taught a course in advanced corporate law. I have also served as a statutory auditor of Excite Japan Co., Ltd. (from 2005 to the present) and of J-REP Co., Ltd. (from 2008 to 2012). A more complete list of my professional qualifications is attached as Exhibit A hereto.

5. I have been asked to discuss the various procedures available to a party seeking to collect evidence for use in a pending or potential lawsuit under the Japanese legal system.

## II. METHODS OF COLLECTING EVIDENCE UNDER JAPANESE LAW

6. Japanese law offers a variety of procedures that allow a party to collect evidence for use in a pending or potential lawsuit.

7. The Japanese Code of Civil Procedure ("JCCP") stipulates the rules and procedures regarding the collection and examination of evidence in civil lawsuits. Many of the collection and examination procedures stipulated in the JCCP are for the post-filing stage but they also provide for certain rules and procedures regarding collection and examination of evidence for the pre-filing stage. The paragraphs below set forth first, a summary of post-filing procedures, followed by a summary of pre-filing procedures.

8. Evidence under Japanese law may be classified into two categories: physical evidence and testimony. Physical evidence includes documentary evidence and tangible objects for inspection by the court. Testimony includes testimony given by the parties, third party witnesses and expert witnesses.

9. <u>Post-filing Procedures under the JCCP.</u> Under the JCCP, a party to a pending lawsuit may obtain access to evidence through the following procedures: (i)

requesting a court order for production of a document or tangible object for inspection by the court, to be issued to the holder of such document/object ("order for production of documents/objects"), (ii) applying for an issuance of a request by the court to the holder of certain documents or tangible objects that such document/object be delivered to the court for inspection ("request for delivery of documents/objects"), (iii) applying for the issuance of a request by the court to a public institution or other entities that an investigation be conducted, or expert opinion be provided, to the court ("request for investigation"), (iv) applying for examination of a witness or an expert witness by the court ("request for examination of witness").  In addition to the above, another procedure that is available to a party in pending litigation is (v) an out-of court procedure, whereby a party may deliver a written request to the other party to provide certain information ("inquiry to the counterparty").  Each of these procedures is described in more detail below.

(i) <u>Order for production of documents/objects</u>:  Pursuant to Articles 223 and 232 of the JCCP, a party may request that the court issue an order for production of a document or tangible object for inspection by the court, to be issued to the holder of such document/object.  Such order will be issued if (a) the court determines it is necessary to examine such document/object as evidence to determine the existence of an alleged fact (Article 181 of the JCCP), and (b) the holder of the document/object does not have a reason to reject such production.[1]  If the addressee of the order is a party to the lawsuit and the party fails to comply with the order to produce the document/object, the court may recognize that the (i) allegations of the party requesting the order are true, in respect of (a) the statements contained in the document or (b) object, or (ii) facts to be proven by the document/object.  If the addressee of the order is a third party and

---

[1] Confidentiality obligations of public officials and professionals, and rights of witnesses to remain silent, are among such reasons specified under the JCCP.

3

|   |       |                                                                                                                                                                              |
|---|-------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |       | he/she fails to comply with the order to produce a document/object, the court may impose a non-penal fine of not more than 200,000 yen.                                      |
|   | (ii)  | <u>Request for delivery of documents/objects</u>: Pursuant to Articles 226 and 232 of the JCCP, a party may apply for a request to be issued by the court to the holder of a document or tangible object that such holder deliver the document/object to the court for inspection.  Such request may be issued if the court determines it is necessary to examine such document/object as evidence to determine the existence of an alleged fact (Article 181 of the JCCP).  The court, upon receipt of the requested document/object, will provide the document/object to the applicant party.  There are no restrictions to the type of documents/objects that may be requested under this procedure.  Therefore, this procedure is often used to obtain documents held by third parties, as a more amicable and less complicated measure than the order for production of documents/objects. |
|   | (iii) | <u>Request for investigation</u>: Pursuant to Articles 186 and 218 of the JCCP, a party may apply for a request to be issued by the court to a government agency or public office, a foreign government agency or public office, or school, chamber of commerce, exchange or any other organization, to conduct an investigation.  Similarly, a party may apply for a request to be issued by the court to a government agency or public office, a foreign government agency or public office, or a legal entity that has adequate equipment, to give expert testimony.  Such request may be issued if the court determines it is necessary that such investigation or expert testimony is necessary to procure evidence to determine the existence of an alleged fact (Article 181 of the JCCP).  The results of such investigation or expert testimony will be submitted to the court and be introduced as documentary evidence. |
|   | (iv)  | <u>Request for examination of witness</u>: Pursuant to Articles 190, 207 and 212 of the JCCP, a party may apply for an examination by the court of a particular witness (including parties to the lawsuit) or expert witness.  The court will |

Gibson, Dunn &
Crutcher LLP

4

examine such witness or expert witness if the court determines such examination is necessary to determine the existence of an alleged fact (Article 181 of the JCCP). If a witness who is not a party to the lawsuit fails to appear before the court on the date of examination, monetary penalties may be imposed by the court. If a witness who is a party to the lawsuit fails to appear before the court on the date of examination, the court may determine that the allegations of the party that applied for examination are deemed to be true, in respect of the subject matter of the examination.

(v) <u>Inquiry to the counterparty</u>: Pursuant to Article 163 of the JCCP, a party to a pending lawsuit may provide a written inquiry to the counterparty and request a written response with regard to the matters necessary for preparing statements or evidence in the lawsuit. This is an out-of-court procedure aimed at facilitating efficient progress of the proceedings through cooperation of the parties.

      10. <u>Pre-filing Procedures under the JCCP.</u> The JCCP is a statute that governs civil lawsuits and its provisions center on post-filing procedures. Nevertheless, the JCCP does expand its scope to the pre-filing stage in the area of collecting evidence, providing for various pre-suit procedures for gathering evidence as follows: (i) applying to the court for implementation of a measure to preserve existing evidence ("preservation of evidence"), and (ii) applying to the court for an order allowing the applying party to access certain evidence ("pre-filing access to evidence"). In addition, also available is (iii) an out-of court procedure whereby a party may request the opposing party to provide certain information in writing ("pre-filing inquiry to the counterparty").

(i) <u>Preservation of evidence</u>: Pursuant to Article 234 of the JCCP, a party may apply to the court for immediate examination of certain evidence by means of any of the procedures described in Paragraph 9 (i) through (iv) above (i.e. including measures supported by potential sanctions, such as the order for production of documents/objects and request for examination of witness), if the

5

use of such evidence will become difficult if not examined at that time. Typically, a request for preservation of evidence is made in the pre-filing stage to examine documents and objects that may be destroyed by the holder after the complaint has been served (e.g. clinical records for use in a medical malpractice case), and to examine witnesses that may not be available at the time the lawsuit matures to the stage of witness examination (e.g. witnesses that are gravely ill or are planning to move overseas).

(ii) <u>Pre-filing access to evidence</u>: Pursuant to Article 132-4 of the JCCP, where a party intending to file a lawsuit ("Notifying Party") provides a written notice of its intent to file the lawsuit ("Advance Notice") to the party to be the defendant ("Notified Party"), the Notifying Party may apply to the court for access to certain evidence that is apparently necessary for substantiating the intended claim, provided that it is difficult for the Notifying Party to collect such evidence on its own. Such request must be made within four months of the date of the Advance Notice. The Notifying Party may be granted access to evidence through delivery of documents or objects, a request for investigation, a request to an expert to provide opinion on matters within his/her expertise, and an investigation by court execution officer on the shape, possession or other current status of an object. The Notified Party may also make this request if it provides a written response to the Advance Notice to the Notifying Party.

(iii) <u>Pre-filing inquiry to the counterparty</u>: Pursuant to Article 132-2 of the JCCP, a Notifying Party may provide a written inquiry to the Notified Party and request a written response with regard to the matters that are apparently necessary for preparing its statements or evidence in the potential lawsuit. Such inquiry must be made within four months of the date of the Advance Notice. This is an out-of-court procedure aimed at facilitating efficient progress of the proceedings through cooperation of the parties. The Notified Party may also make this

request if it provides a written response to the Advance Notice to the Notifying Party.

11. <u>Procedure under the Attorney Act.</u> In addition to the above procedures available under the JCCP, the Attorney Act provides for an out-of-court procedure that is available both pre-filing and post-filing. An attorney may request the bar association to which he/she belongs to make inquiries to public offices or public or private organizations for information necessary for a case in which the attorney has been retained, including any pending and potential lawsuits. Response will be provided to the bar association, which shall forward it to the requesting attorney. The information obtained may be used as evidence in a lawsuit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 17, 2013, in Tokyo, Japan.

_____
Kunio Namekata

Gibson, Dunn & Crutcher LLP

7